

IN THE 10th CIRCUIT OF THE DISTRICT OF KANSAS

Lewis Michael George #81547 Plaintiff

Vs.

Vanessa Payne-Delano, Katherine K. Firman,

Anthony R. Luna, Janelle L. Buchanan,

C. Gordon Harrod, Breanna Johnston,

Tommy Williams, Et Al.

PG 1

24-3123-JWL

CASE #

Jury Trial Demanded!

Civil Rights Complaint Pursuant to 42 USC 1983

## I. Complaint

Plaintiff, Lewis Michael George, pro se, states the following complaint & makes the following claim. It is the Plaintiff's desire to make a short, plain, statement of claim for relief & provided the grounds upon which it rests. See F.R.C.P. 8(a)(2).

## II Parties, Jurisdiction, & Venue

1.) Plaintiff, Lewis Michael George was confined in the El Dorado Correctional Facility, located at 1737 US. Hwy 54, El Dorado Kansas, 67042. From April 2013 to August 17, 2023. Plaintiff is currently confined at EDCF.

2.) Plaintiff, Lewis Michael George is, & was at all times mentioned herein, an adult citizen of the United States & a resident of the State of Kansas.

3.) Plaintiff, Lewis Michael George, was incarcerated at

to the incident, stated herein.

Counts & Supporting Facts. Further supporting facts labeled

4.) Defendant: Vanessa Payne-Delano, was at all relivent times employed as a Registered Nurse, for Centurion. She was employeed at E.D.C.F. She was acting under the color of State law. She did on 7-7-23 violate my 8th & 14th Ammendment Rights by commiting the violations set out in the attached document titled, "Counts & Supporting Facts". She is a citizen of the State of Kansas. She is responsible in both her official & individual capacities.

5.) Defendant: Katherine K. Firman, was at all relivent times a Corections Seargent 1, Kansas Department of Corections E.D.C.F. She was acting under the color of State law. She did on 7-7-23 violate my 8th & 14th Ammendment Rights by commiting the violations set out in the attached document titled, "Counts & Supporting Facts". She is a citizen of the State of Kansas. She's responsible in both her offical & individual capacities.

6.) Defendant: Anthony R. Luna, was at all relivent times a Corrections Officer 1, Kansas Department of Corrections, E.D.C.F. She was acting under the color of State law. He did on 7-7-23 violate my 8th & 14th Ammendment Rights by commiting the violations set out

in the attached document titled "Counts & Supporting Facts". He is a citizen of the State of Kansas. He is responsible in both his official & individual capacities.

7.) Defendant: Janelle L. Buchanan, was at all relevant times a Unit Team Manager, Kansas Department of Corrections employed at E.D.C.F. She was acting under the color of State law. She did on 7-7-23 violate my 8th & 14th Ammendment rights by commiting the violations set out in the attached document titled "Counts & Supporting Facts". She is a citizen of the State of Kansas. She is responsible in both her Official & Individual capacities.

8.) Defendant: C. Gordon Harod, was at all relevant times a Medical Doctor for Centurion at E.D.C.F. He was acting under the color of State law. He did on 7-7-23 violate my 8th & 14th Ammendment rights by commiting the violations set out in the attached document titled "Counts & Supporting Facts". He is a citizen of the State of Kansas. He is responsible in both his Offical & Individual capacitres.

9.) Defendant: Breanna Johnston, was at all relivent times employed as Nurse Practitioner for Centurion at E.D.C.F. She was acting under the color of State law. She

did on 7-7-23 violate my 8th & 14th Ammendment rights by commiting the violations set out in the attached document titled, "Counts & Supporting Facts". She is a citizen of the State of Kansas. She is responsible in both her Offical & Individual capacities.

10.) Defendent: Tommy Williams, was at all relivant times employed as Warden for Kansas Department of Corrections, E.D.C.F. He was acting under the color of State law. He died on 7-7-23 violate my 8th & 14th Ammendment Rights by commiting the violations set out in the attached document titled, "Counts & Supporting Facts". He is a citizen of the State of Kansas. He is responsible in both his Offical & Individual capacities.

11.) This action arises under & is brought pursuant to 42. U.S.C Section 1983 to remedy the deprivation under the color of State law, of rights guaranteed by the 8th & 14th Ammendments to the United States Constitution. Pursuant to KS.C.C.P. 60-19a02 the Plaintiff seeks to persue a "personal injury action".

12.) Plaintiff's claims for injunctive releif are authorized by Rule 65 of the Federal Rules of Civil Procedure. Plaintiff seeks compensation & pain & suffering damages.

## III. Previous Lawsuits by Plaintiff

13.) Plaintiff has filed no other lawsuits with the same facts involved in this action or otherwise relating to his imprisonment. Plaintiff has filed 1 other unrelated civil action.

### IV. Exhaustion of Administrative Remedies

14.) Plaintiff has exausted all Administrative Remedies available to him through K.D.O.C. informal resolution & Grievance Procedure.

Plaintiff has persevered despite his progress being hampered at every turn.

Plaintiff filed his attempt (First) on informal resolution on 7-15-23. It was escilated to a grievance on 7-20-23. On 3-2-24 the final answer from the Secretary of Corrections. (Please note this is almost 4 months later than the time limits set out in K.D.O.C.'s own Internal Management Policy & Procedure.)

Plaintiff filed a personal injury claim on 7-14-23. This claim was never answered to this date.

Throughout the exaustion of all these available remedies the Plaintiff hasn't recieved a single prudent

pg 6

the answers given do not even hint at a remedy.
Nor do they address the serious issue which can
cost someone their life. The behavior which was
exibited that day (7-7-23), is still exibited here
every day.

## V. Statement of Claim

17.) At all relivant times herein, defendants were "persons"
for the purpose of 42 U.S.C. Section 1983 + acted
under color of law to deprive the Plaintiff of his
constitutional rights, as set forth more fully below.

## VI. Statement of Facts

18. In compliance with F. R. C. P. 8 (a)(2) the Plaintiff
will make a short + plain statement to state a claim
and provide the grounds upon which it rests.
       Please find attached a document titled
"Supporting Facts". It's labled 3A-1-6. It will outline
the events of 7-7-23. Each Defendants role in the events
of that day, + the actions which violated the Plaintiffs
civil rights. All Defendants named herein (excluding C. Gordon
Harold), were notified either directly by the Plaintiff or
other inmates of his urgent need for medical help, or by

## VII Prayer for Relief

19.) Plaintiff requests an order declaring that the defendants have acted in violation of the United States Constitution.

20.) Plaintiff requests an injunction compelling the defendants to provide important training on the dangers of appendacitice. Training on the active signs of active appendacitice. Training on the nessicity of escilating a situation to a medical emergency when symptoms are visible & not only exist but worsen over the course of hours.

    Plaintiff requests an injunction compelling the defendants to provide important training on responding to calls for help & pleas for aide.

21. Plaintiff requests $3,000,000 as compensatory damages.

22. Plaintiff asks & requests for $1,000,000 for pain & suffering.

Signed this ___ , day of _____ , 20 ___

I declare under penalty of perjury that the foregoing

is true & correct?

_____          _____
DATE                             Lewis Michael George

Supporting Facts
Continued..

P9

2.) For 2 weeks (approx) I had been to sick call for pain in my upper right quadrant of my abdomen. 2 of the 4 sick calls were not seen or triaged. Which resulted in me submitting sick calls begging to be seen & treated.

3.) On July 7th 2023, I awoke at AM Ice Pass (7:30)AM After recieving ice I went to set my cooler down & felt an extremely sharp increase in the pain in my the same area.

4.) The pain hurt so badly that morning I began vomiting. Both myself & my cell mate notified CS1 Firman that I was in extreme distress. Around 8:30-9:00AM a nurse comes to my door, (Payne-Delan), (A1-216, EDCF), & spoke with me about what symptoms I was experencing. She did not perform a physical examination. She told me she "would make some calls". She returned 20 min (approx) later & informed me that the Segregation Nurse Practitioner for Segregation Population was off for 3 days. so she had to call Johnston who was Nurse Practitioner for General Population. Johnston told her that she wasn't going to interfere with a Segregation Case. That based on my medical history of Kidney Stone recomended for Payne-Delano to give me was some Tylenol & let me pass them. Still no examination was provided. Nor did Payne-Delano pull me out to the sick call room & perform the manditory abdominal protocol for abdominal pain.

5.) Vomiting & excrutiating pain continued until 11:30AM to 12 PM

1. When I placed a call to my Mother. from the phramacy cell **B10**
2. cell. After explaining my situation to her & requesting her
3. assistance. She began calling the facility trying to speak with
4. Administration & Unit Team requesting they get me help & treatment.
5. At around (1:30-2:00PM) CS1 Firman came to my door & informed
6. me that Unit Team Manager. Buchanan has contacted medical
7. & they said they were sending a nurse with some pain meds.
8. Around 2:30-3PM. I requested help from CS1 Firman during count.
9. I was told that if I interrupted count again I would be written
10. up for interfering with count. Around 3:15 ish PM CS1 Firman
11. & COT Luna pulled me out to the Seg clinic where the nurse
12. administered a shot of Toridol & Finnergan. She listened to
13. my abdomen with a stethascope & pressed a few times in the
14. area. This was not Payne-Delano. She did inform me that
15. & its a Kidney stone it will have to pass on it's own.
16.

17. 6.) After returning me to my cell. I was able to lay down until
18. around 5:30 6:00PM. Upon waking & immediatly vomiting from
19. the still excrutiating pain. I began shivering violently & teeth
20. chattering uncontrolably. Shortly thereafter the pain increased
21. exponetitaly along with the nausia. My ability to stand & walk
22. stabily was also comprimised! Around 7:00PM I was experiencing
23. a severe wave of nausia. Upon standing I experienced a super
24. strong burst of pain which caused me to yell loudly & pass
25. out. Hitting my head on the wall. When I came to again my
26. cell mate was Kicking the door & screaming for help for me. I
27. began to notice a severe burning sensation in my lower right
28. abdominal area.
29.

7.) CS1 Reichart heard my cellmates continued calls for help P511
& my vomiting from the desk. He came to my cell & asked of I
was going to be ok? After hearing both my cell mate & I
tell him that I needed help badly & taking one look at
me. He departed my cell & went to the desk. Immediatly
he began calling higher up his chain of command & medical
staff to attempt to get me the desperately needed help. Around
9:00PM CS1 Reichart came & told me that SST, (Special
Security Team), was being called in to transport me to
the hospital for treatment. At this point I was pulled
again to the Seg clinic & given another shot of Toridol
& Fimergan then allowed to sit in a plastic chair in
~~a plastic chair~~ the strip out room, restrained behind my
back. After receiving the shots a detailed abdominal
exam checklist was still not preformed.

8.) Around 9:45-10:00PM, I was finally walked to the
prison infirmary to await transport. 2 SST Officers &
I were enroute to Susan B. Allen hospital in El Dorado
by 11:00 & 11:30 PM.

9.) Upon arrival & after being medically stabalized &
my blood pressure was normalized in the E.R. I was placed
in a CAT scan & examined abdominally. Dr McKessy in
short order diagnosed that I had an appendacitus. He
explained to me the urgent need for me to undergo surgery.
To which I radially agreed. It was scheduled for 7:00AM
on July 8th, 2023. Upon waking from surgery Dr Mckessy
informed me that he was glad that they did the surgery when

they did because my ruptured appendix would have PSID
killed me if I had gotten to the hospital 2 hours later!

10.) Dr. Mckessy also showed me how to do a rebound pain test to check for active appendacitice. I asked him if this was something that a RN or Nurse Practioner would be taught in Nursing School? He said that absolutely that it is something they should have been taught in school & that there is no medical reason it should not have been administered by the prison medical staff.

11.) Waiting approximately 6 hours to pull me out & administer pain meds without completing an abdominal pain checklist demonstrates deliberate indiffrence. Any medical student, let alone employee knows of how deadly an appendacitice can be. They understand that it's extremely important to diagnose it early to prevent a person from languishing in excruciating pain & or potentially dying.

12.) At no point was the decision made by any of the Defendants to escalate the situation to a medical emergency. This would have gotten me to a hospital & nessicary treatment, that much sooner. At the very least it would have gotten me examined. Pain relief would have been administered. The Toridol that was given was barely effective at best. It did almost nothing to ease my suffering & took over 6 hours of excruciating pain & torment to recieve.

13.) The fact that Johnston refused to interfere on her part

1. in a seg/segregation case. Even though she knew the potential
2. seriousness   of the abdominal pain shows deliberate indifference
3. on her part. If for no other reason than not directing the Seg
4. nurse to pull me out & go through the abdominal pain
5. checklist in the Centurion  computer system. Shows deliberate
6. indifference on any Centurion nursing staff. who was aware of
7. my situation & failed to do so.
8.
9. 14.)  Failing to pull me from my cell to the Seg clinic/exam
10. room to administer the aforementioned tests, checks, & checklists
11. shows deliberate indifference on both K.D.O.C & Centurion staff.
12.
13. 15.)  Being made to suffer for 16 hours in excrutiating pain
14. without effective pain meds or medical treatment. show
15. deliberate indifference on Both  K.D.O.C. & Centurion Medical
16. staff.
17.
18. 16.)  Failure to escilate the situation until my skin became
19. yellow & discolored. Shows deliberate indifference on the part
20. of Centurion & K.D.O.C staff. The described discoloration of
21. my skin & eyes was a sign that I was in extreme distress
22. medically, I was in fact suffering the effects of septisemia
23. So much so that the Doctor told me I would have died had
24. treatment been delayed 2 more hours!
25.
26. 17.)  All the K.D.O.C officers & Unit Teams named as
27. Defendants in this action were begged multiple times throughout
28. the day to do so. Even after visually observing my symptoms
29. they still failed to render aide making them deliberately

Pg 14

18.) Since this incident has occurred I have had multiple incidents of being overcome by anxiety any time that I am experiencing a health problem. These problems with anxiety have only manifested as a direct result of the mistreatment by the aforementioned defendants. I am now experiencing all the classic signs of P.T.S.D. Every time I think about submitting a sick call for my ongoing abdominal pain I am overwhelmed by an unreasonable fear that my health & safety is at risk. Both of ~~many~~ malicious actions in a retalitory fashion. Or as a case of pure & simple negligence/incompitance that results in the missing of a glaringly obvious set of symptoms that point to a potentially fatal underlying condition.

19.) These anxiety attacks /P.T.S.D moments have adversly affected my health by causing weight loss due to loss of appitite. Stress has aggrivated this. Loss of sleep has caused an increase in my irratability & anger levels. This has directly caused an impact on my personal relationships. The lack of sleep comes from not just ongoing pain but also horrible nightmares. Which have only manifested as a direct result of this incident.

Counts & Supporting Facts

Count 1

1.) Defendant Vanessa Payne-Delano, did on 7-7-23 at 8:30 AM (approx) & multiple other times throughout the day did violate my 8th & 14th Ammendment rights by failing to render aicle. After being informed of the severity of & increase in the Plaintiff's abdominal pain level. While at the Plaintiff's door (cell 216, A1 cellhouse, E.D.C.F.), Defendant Payne-Delano refused to pull the Plaintiff out to the sick call room to perform any check of vitals or any of the tests listed in the Centurion computer system relating to a complaint of abdominal pain. Allowing the Plaintiff to languish for 15 hours in excruciating pain. Even after the Plaintiff informed the Defendant that he had in fact urinated multiple times since the pain level had increased. Had Defendant Payne-Delano performed the exams & rendered aicle. Diagnosis of the potentially fatal condition may have happened sooner. Administration of effective pain releif would have happened sooner & the Plaintiffs period of suffering would have been much shorter.

2.) Defendant Katherine K. Firman did on 7-7-23 at 8:30 AM (approx) & multiple other times throughout the day violated my 8th & 14th Ammendment rights by failing to render aicle. Defendant was called to the Plaintiffs cell (216, A1 cellhouse, E.D.C.F.). The Defendant was informed of the severe abdominal pain level the Plaintiff was experiencing. After being informed by Defendant Payne-Delano of

1 said Defendants misdiagnosis. Defendant Firman   B 16

2 refused any & ALL the Plaintiff's requests & pleas for

3 assistance. Defendant Firman refused to elevate the

4 situation to a medical emergency. Doing so would have

5 allowed the Plaintiff to get the desperately needed

6 abdominal exams that were nessicary to diagnose the

7 appendaertice. that in fact was the issue placing the Plaintiff

8 in excrutiating pain & at risk of death.

9

10 3.) Defendant Anthony R. Luna, did on 7-7-23 at 8:30

11 AM & multiple times throughout the day violated my 8th &

12 14th Ammendment rights by failing to render aide. Defendant

13 was called to the Plaintiff's door, (216, A1 cellhouse, E.D.C.F.)

14 He was informed of the severe increase in abdominal pain level

15 the Plaintiff was experiencing. After being informed of Defendant

16 Payne-Delano's misdiagnosis. Refused any & ALL of Plaintiffs

17 requests & pleas to escilate the situation to a medical emergency.

18 Doing so would have allowed the Plaintiff to get the desperately

19 needed abdominal exams that were nessicary to diagnose the

20 appendaertice that was in fact the issue causing the Plaintiff's

21 severe pain. Had the Plaintiff recieved these tests they may

22 have detected the cause sooner.

23

24 4.) Defendant Janelle L. Buchanan on 7-7-23 violate my

25 8th & 14th Ammendment rights by failing to render aide on

26 multiple occasions. After having been informed on multiple

27 occasions of the Plaintiffs severe & ongoing abdominal pain

28 & distress. The Defendant observed the symptoms &

29 distress personally on multiple occasions. Defendant

1  Buchanan failed to escilate the situation to a
B17

2  medical emergeny. Having had done so would have

3  given the Plaintiff not only a much shorter time of

4  suffering but also the chance of having the underlying

5  issue properly detected. It also would have provided

6  the much needed effective pain releif.

7

8  5.) Defendant Breanna Johnston did on 7-7-23 violated

9  my 8th & 14th Ammendment rights, by after having been

10  informed by Defendant Payne-Delano refused to interfere

11  in a segrigation case. Defendent did however review the

12  Plaintiff's medical chart & give her opinion that the

13  Plaintiff was suffering a kidney stone. This unfounded

14  misdiagnosis could not even be potentially accurately

15  given without the appropriate tests & exams preformed.

16  Defendant Johnston failed to instruct Defendant

17  Payne-Delano on the prudence of providing the

18  aforementioned exams before Defendant Payne-Delano

19  made her diagnosis. By Defendant Johnston

20  weighing in on the cause of the Plaintiffs possible

21  condition she assumed responsibility to give prudent

22  medical advicee. Her failure to give said, sound

23  led directly to the Plaintiff suffering 10 plus more

24  hours of tortorous & excrutiating pain & suffering.

25

26  6.) Defendant C. Gordon Harod did on 7-7-23 violate my

27  8th & 14th Ammendments rights by failing to render aide.

28  By failing to give an order to his subordinates to

29  perform the abdominal tests & exams required to

Pg 18

1. diagnose the cause of the pain. Instead by
2. not doing so, allowed the Defendants Payne-Delano
3. & Johnston to continue on a course which
4. treated, ineffectually at best, the Plaintiffs symptons
5. not his illness.
6. 
7. 7.) Defendant Tommy Williams did on 7-7-23
8. violate my 8th & 14th Ammendment rights by failing to
9. render aide. Defendant Williams is Warden of
10. EDCF. on 7-7-23 & so being was directly
11. responsible for the training & actions of the Officers &
12. Administrators of his Facility. By failing to ensure
13. that his staff were properly trained on the nessicity
14. of rendering aide to residents who are in secure medical
15. distress. Training on the importance of escilation of a
16. situation to a medical emergency when visibly
17. observable conditions are observed. Lastly training
18. on the necessity to provide access to emergency
19. medical aide to individuals who's condition places
20. them not only in severe pain that persists for hours.
21. Coupled with observable visible symptoms. This
22. failure to train his staff or ensure that said training
23. was completed makes Defendant Williams directly
24. responsible in both his Official & Individual. capacities.
25. 
26. Count 2 Supporting Facts.
27. 
28. 8.) Defendant Payne-Delano did on 7-7-23 violate
29. my 8th & 14th Ammendments rights by being Deliberately

Pg 19

1  Indifferent to Plaintiffs urgent medical needs. Defendant

2  Payne-Delano was requested & begged by the Plaintiff on

3  multiple occasions to pull the Plaintiff out of his cell to an

4  appropriate exam room, in hopes of Defendant preforming

5  the prudent abdominal exams & tests to diagnose or eliminate

6  an appendacitice. Basic triage medicine says you eliminate

7  the worst possible cause of symptoms working your way to

8  the least possible cause. In so doing you save a patients life.

9  Defendant was further deliberately indifferent by ignoring what

10  the Plaintiff told the Defendant about the symptoms he was

11  experiencing & how they were manifesting themselves. Instead

12  of listening to what the Plaintiff was telling the Defendant &

13  using the information to make a more informed accurate

14  determination. She ignored this & became defensive. Accusing

15  the Plaintiff of belittling her medical accumen. This led to

16  her refusing the Plaintiff any & all further treatment or

17  diagnostic exams or tests, of which the Defendant had rendered

18  none!

19

20  9.) Defendant Katherine K. Firman, did on 7-7-23 at 8:30AM

21  & multiple other times throughout the day violated the Plaintiffs

22  8th & 14th Ammendment rights by being deliberately indifferent

23  to the Plaintiffs serious medical needs & his severe pain level.

24  After hearing Defendant Payne-Delano misdiagnosis of kidney

25  stones. Defendant Firman refused any & All the Plaintiffs

26  request for aide & medical intervention. This despite seeing a

27  severe, obeservable decline in the Plaintiffs medical condition.

28  On multiple occasions Defendant Firman observed the Plaintiff

29  vomiting, violently all the while having severe sweating,

1  Uncontrolable shaking, teeth chattering & pale/yellow skin. Pg 20

2  The ignoring of all these factors on multiple occasions

3  & refused to help or get help. Leads to the multiple instances

4  where Defendant displayed Deliberate Indifference.

5

6  10.) Defendant Anthony R Luna, did on 7-7-23 at 8:30

7  AM & multiple times throughout the day violated my 8th &

8  14th Ammendment rights by being deliberately indifferent

9  to the Plantiffs serious medical needs & his severe pain

10  level. After hearing Defendant Payne Delanos misdiagnosis

11  of Kidney Stones. This despite seeing a severe decline in the

12  Plantiffs condition throughout the span of his 12 hour

13  shift. Disregarding all the Plantiffs visible symptoms

14  which were brought to his attention on multiple occasions.

15  His failure to escalate the situation to a medical emergency

16  when requested, is a blatant deliberate indifference.

17

18  11.) Defendant Janell L Buchanan, did on 7-7-23 violate

19  my 8th & 14th Ammendment rights by being deliberately

20  indifferent to the Plaintiff's severe pain & serious medical

21  needs. On multiple occasions throughout the day in

22  question the Plaintiff's pleas & requests to the defendant

23  were blatantly ignored & denied. Refusing to declair

24  the situation a medical emergency even after observing

25  the Plaintiffs screams from the excrutiating pain. Still

26  the defendant was deliberately indifferent. This is

27  tantamount to Cruel & Unusual punnishment.

28

29  12.) Defendant Breeanna Johnston, did on 7-7-23

1  Violate my 8th & 14th Ammendment rights by after PG 21
2  having been asked to consult on the situation by
3  Defendant Payne Delano, refused to interfere in a
4  Segregation case. This shows a clear case of
5  Deliberate Indifference on the defendants part.
6
7  13.) Defendant L.Gordon Harod, did on 7-7-23 violate
8  my 8th & 14th Ammendment rights by being deliberately
9  indifferent to the Plaintiffs serious medical needs. After
10 being informed of the Plaintiffs serious medical
11 needs & conditions the defendant failed to order the
12 diagnostic test & exams that would have diagnosed
13 the Plaintiffs potentialy deadly condition. Couple that
14 with the defendants failure to ensure that the
15 training of his subordinates was to such a degree or
16 standard that those subordinates would know &
17 understand the importance of the aforementioned
18 diagnostic test. Also not ensuring that said tests were
19 administered. These individually & collectively constitute deliberate indifference.
20
21 14. Defendant Tommy Williams, did on 7-7-23 violate
22 my 8th & 14th Ammendment rights by being deliberately
23 indifferent to my serious medical needs & condition. By
24 failing to ensure that the training his officers &
25 administrators had recieved was sufficient to recognize the
26 importance of Failing to Render aide. By holding this
27 important position the Defendants ensuring of lacke of ensuring
28 the training of his employees can not just effect those
29 entrusted to his care, but can also cause them harm. Not

1  ensuring that this training was in place is direct

2  deliberate indifference.

P522

3

4  Count 3

5

6  15.) Defendant Vanessa Payne-Delano, did on 7-7-23 violate

7  my 8th & 14th Amendment rights by at 8:30 AM & multiple

8  other times throughout the day denying the Plaintiff access

9  to medical care. Defendant Payne-Delano did come to the

10  Plaintiffs door & ask a few questions. After recieving the

11  Plaintiffs medical chart & consulting Defendant Johnston.

12  Defendant Delano made a flawed diagnosis of the Plaintiff

13  having kidney stones. Even after the Plaintiff gave the

14  defendant listed symptoms that were in direct opposition

15  to this. Defendant Payne-Delano still refused the Plaintiff

16  multiple requests for abdominal exams or check of vital

17  signs. Due to the Defendants position as an RN, she was

18  not qualified to make any diagnosis without the supervision

19  or intervention of a Liscened Practicing Nurse. With said

20  intervention being nessicary & the defendants refusal to

21  perform the nessicary diagnostic exams. Defendants Payne-

22  Delano denied the Plaintiff access to medical care. This

23  action resulted in the Plaintiff's suffering unwanton pain

24  & suffering for the next 15 hours.

25

26  16.) Defendant Katherine K. Firman, did on 7-7-23 violate my

27  8th & 14th Amendment rights by denying the Plaintiff medical

28  care. Because Defendant Payne-Delano made a determination

29  she was not qualified to make & gave said unqualified

diagnosis to the other defendants (Firman + Luna) by again by doing so ensured that the Plaintiff wouldn't recieve Pg23 any care. Having recieved this diagnosis defendant Firman refused any of the Plaintiffs requests for medical care opperating under the impression that Defendant Payne-Delano's diagnosis was correct. Even though the Defendant observed multiple times throughout the day that the Plaintiff was in ever worsening condition each time she seen the Plaintiff.

17.) Defendant Anthony R. Luna, did on 7-7-23 + at multiple times throughout the day violate the Plaintiff's 8th + 14th Ammendment rights by denying the Plaintiff medical care. Because defendant Payne-Delano made a determination she was not qualified to make + gave said unqualified diagnosis to the other defendants Luna + Firman. By doing so ensured that the Plaintiff wouldn't recieve any care. Having recieved this diagnosis the defendant refused any medical care the Plaintiff asked for under the impression that Defendant Payne-Delano's diagnosis was correct. Even though the defendant observed multiple times throughout the day that the Plaintiff was in ever worsening condition each time the defendant seen the Plaintiff.

18.) Defendant Janelle L. Buchanan, did on 7-7-23 violate my 8th + 14th Ammendment rights by denying medical care to the Plaintiff. After having been informed on multiple occasions by the Plaintiff of the Plaintiff's severe + onoing

1 abdominal pain & distress. Even after the Plaintiff Pg 24
2 requested the defendants assistance on multiple
3 occasions. The defendant observed the Plaintiffs
4 deteriorating condition on multiple occasions & still
5 refused to call the medical emergency signal that would
6 get the Plaintiff the desperately needed medical attention.
7 Having done so would have shortened the time to the
8 defendants diagnosis & an end to the Plaintiffs suffering.
9

10 19.) Defendant Breanna Johnston did on 7-7-23 violate
11 my 8th & 14th Ammendment rights by denying the Plaintiff
12 medical care. After being informed by the Defendant Payne-
13 Delano of the Plaintiffs severe abdominal pain & distress.
14 Even after the Plaintiff requested the Defendant Payne-
15 Delano's assistance & said defendant (Payne-Delano) was
16 compelled to request the assistance of Defendant Johnston
17 to make an analysis / diagnosis of the Plaintiffs symptoms.
18 Defendant Johnston then refused to come to segregation,
19 (she was Nurse Practitioner for General Population) or to
20 interfere in a segregation case. Defendant Johnston
21 also failed to instruct her subordinate to pull the
22 Plaintiff out of his cell to perform the life saving
23 abdominal pain checklist / rebound pain tests that would
24 have eliminated the most serious possibility of the conditions
25 that were the cause of the Plaintiffs abdominal pain. Being
26 that Defendant Johnston was the only medical personell on
27 site at the facility who could legally render a diagnosis.
28 Defendants refusal to come to segregation & afford the
29 Plaintiff a face to face eveeluation to gather the Relivant

1, information necessary to diagnose the cause of said
2| said abdominal pain. By her refusal to interfere this
3| Defendant in concert with Defendant Payne-Delano worked
4| together to deny the Plaintiff access to medical care.

5|

6| 20) C Gordon Harod did on 7-7-23 violate my
7| 8th & 14th Ammendment rights by denying the Plaintiff
8| access to medical care. By not instructing his subordinates
9| in the importance of the proper medical procedure to
10| diagnose abdominal pain. Failing to do so led directly
11| to an unqualified individual rendering an unqualified
12| diagnosis that was in fact so inaccurate it led
13| directly to the suffering & languishing of the Plaintiff
14| in a potentially fatal condition in excrutiating pain for
15| 15 hours.

16|

17| 21) Defendant Tommy Williams did on 7-7-23 violate my
18| 8th & 14th Ammendment rights by denying the Plaintiff
19| medical care. The defendant was Warden at E.D.C.F. at
20| the time of the incident. So being, the defendant was
21| directly responsible for the training his staff received.
22| He is also responsible for their action/inaction. Because
23| such is the case his officers & staff's failure to afford
24| the Plaintiff medical care has directly resulted in the
25| Plaintiff's suffering in excrutiating pain & in a almost
26| fatal condition for 15 hours.

27|

28|                    Count 4
29|

Count 4

P26

22.) Defendant Payne-Delano did on 7-7-23 violate my 8th + 14th Ammendment rights by subjecting the Plaintiff to cruel + unusual punishment. By rendering the Plaintiff an unqualified diagnosis + informing the KDOC officers + administrators of said diagnosis. The defendants subsequent refusal of any + all the Plaintiffs request for treatment. Refusing to provide / administer any diagnostic abdominal exams. that should have been the basis for the defendants unqualified diagnosis. Any + all of the refused treatment would have shortened the time the Plaintiff suffered over the next 14 hours

23.) Defendant Katherine K. Firman did on 7-7-23 violate my 8th + 14th Ammendment rights by subjecting the Plaintiff to cruel + unusual punishment. The defendant did at 8:30 AM + multiple times throughout the day, refuse to help the Plaintiff, even through the defendant observed on at least 5 occasions the Plaintiff's distress + visible worsening of symptoms. Still the Defendant refused any + all the Plaintiff's requests + pleas for help. Through the defendants refusal to help allowed the Plaintiff to, knowingly suffer through excrutiating pain + torment for the next 14 hours.

24.) Defendant Anthony R Luna, did on 7-7-23

1  Violate my 8th + 14th Ammendment rights by
2  subjecting the Plaintiff to cruel + unusual punishment.
3  The defendant observed at 8:30 AM + multiple times throughout
4  the day the Plaintiff's severe pain + visible observable
5  symptoms. Defendant observed the Plaintiff's distress on
6  at least 5 occasions The defendant observed a visible
7  worsening of symptoms. Still the defendant refused any
8  + All the Plaintiffs requests + pleas for help. Through
9  the defendants refusal to help allowed the Plaintiff
10 to, Knowingly suffer through -excrutiating pain + torment
11 for the next 14 hours.
12
13 25.) Defendant Janelle L. Buchanan did on 7-7-23 +
14 violate my 8th + 14th Ammendment rights by subjecting
15 the Plaintiff to Cruel + Unusual punishment. The
16 defendant observed multiple times throughout the day
17 the Plaintiff's  severe pain + visible observable
18 symptoms. By refusing to escilate the situation to
19 the level of a medical emergency, despite the Plaintiffs
20 pleas, the defendant allowed the Plaintiff to suffer
21 for 14 hours in excrutiating pain + a near Fatal condition.
22
23 26.) Defendant Breanna Johnston did on 7-7-23
24 violate my 8th + 14th Ammendment rights by subjecting
25 the Plaintiff to cruel + Unusual punishment. The
26 Defendant was asked by defendant Payne-Delano to
27 come to A1 segregation cell house to consult on the
28 Plaintiff's case. After refusing to interfere in a "seg case".
29 The defendant did agree to look at the Plaintiff's

medical file. After which the defendant suggested P. 28
to defendant Payne-Delano the Plaintiff may be suffering
from Kidney Stones. Being that the defendant (Johnston)
was the only qualified Centurion staff available to
make an emergency diagnosis & she (defendant Johnston)
refused to do so. This coupled with the defendants
failure to instruct defendant Payne-Delano to preform
the abdominal exams that would have diagnosed the cause
of the Plaintiffs severe pain & there by shortened the
~~defendants~~ Plaintiff's period of suffering from 14 hours
significantly. Shows subjection of Plaintiff to Cruel & Unusual
Punishment.

27.) Defendant C. Gordon Harod died on 7-7-23 violate
my 8th & 14th Ammendment rights by subjecting the
Plaintiff to cruel & uneusal punishment. The defendant
was told by Defendant Payne-Delano that the Plaintiff
was in distress with severe abdominal pain & multiple
other visible symptoms had manifested themselves. The
defendant failed to instruct his subordinates to perform
the proper diagnostic exams or provide some form of
effective pain releif to the Plaintiff. Failing to do so
allowed the Plaintiff to suffer in excrutiating pain for
14 hours.

28.) Defendant Tommy Williams died on 7-7-23 violate
my 8th & 14th Ammendment rights by subjecting the
Plaintiff to cruel & unusual punishment. Due to the
deficient training of his officers & staff. The defendants
is directly responsible for the training & actions of his

1  Officers + Administrators. This deficient/lacking
2  training + actions lead directly to the Plaintiffs suffering
3  cruel + unusual punnishment due to his staffs
4  inaction + allowing the Plaintiff to suffer in excrutiating
5  pain + a near fatal condition for 14 hours. On multiple
6  occasions when asked by the Plaintiff + other inmates
7  to escilate the situation to a medical emergency the
8  officers + administrators all refused to do so. Some said
9  "There is nothing I can do, my hands are tied.", +
10 "I'm sorry, I wish I could help.". These statement
11 coupled with their inaction show the complete lack
12 of prudent + nessarry training in numerous areas, not
13 withstanding when to escilate a situation that has
14 developed/worsened over the course of hours into a
15 medical emergency.
16
17              Count 5
18
19 29.) All of the above named Defendants have acted
20 + conspired, both individually + collectively to deprive
21 the Plaintiff of his 1st, 5th, 8th, + 14th Ammendment rights
22 to Due Process. As evidenced by all the above
23 stated claims against each defendant. This can be
24 proven not only by the factual statements above but also
25 by review of not just facility IMPP's + General Orders.
26 But also legislation that governs their, (IMPP + G.O.),
27 formation + institution.
28        Also of note, not only besides the substantial
29 due Processes violations set forth above. Because of

1   the deliberate actions that have hence forth taken

2   to prevent, distract, mislead, ignore, & genuinely 30

3   harass the Plaintiffs attempts to persue the administrative

4   remedies & informal resolutions, & grievance procedures

5   that afford the Plaintiff recourse & remedy through the

6   K.D.O.C's, own policies & procedures ensuring the

7   Plaintiff's due process rights. The Plaintiff has

8   very limited & insufficient access to the courts for

9   the reasons listed below.

10   (1) Because of the Plaintiff being housed in a

11   "Managed Movement" pod at E.D.C.F. he can only

12   access legal research materials by submitting a

13   Form 9, (prison communication form), to the law library

14   requesting the case law, K.S.A., State, or Federal

15   Statute he needs. This is saying that he knows what

16   material he needs, or that the Form 9 is answered at all.

17   Plaintiff has no access to the law library tablets that are

18   afforded to other segregation units. No ability to perfect

19   meaningful document. All of these things collectivly work

20   together to prevent the Plaintiffs ability to litigate.

21   These things/Facts as a whole substantiate the Plaintiffs

22   claim of Due Process violation.

23

24

25

26

27

28

29