IN THE 10th Circuit OF THE DISTRICT OF KANSAS

Lewis Michael George #81547 Plaintiff

Vs.

Vanessa Payne-Deloro, Katherine K. Firman,

Anthony R. Luna, Janelle L. Buchanan,

C. Gordon Harrod, Breanna Johnston,

Tommy Williams, Et Al.

Pg 1

CASE #

Jury Trial Demanded!

Civil Rights Complaint Pursuant to 42 USC 1983

## I. Complaint

Plaintiff, Lewis Michael George, pro se, states the following complaint & makes the following claim. It is the Plaintiff's desire to make a short, plain, statement of claim for relief & provided the grounds upon which it rests. See F.R.C.P. 8(a)(2).

## II Parties, Jurisdiction, & Venue

1.) Plaintiff, Lewis Michael George was confined in the El Dorado Correctional Facility, located at 1737 US. Hwy 54, El Dorado Kansas, 67042. From April 2013 to August 17, 2023. Plaintiff is currently confined at EDCF.

2.) Plaintiff, Lewis Michael George is, & was at all times mentioned herein, an adult citizen of the United States & a resident of the State of Kansas.

3.) Plaintiff, Lewis Michael George, was incarcerated at EDCF on 7-7-23 & all times referred to before & in

to the incident stated herein.

Counts & Supporting Facts Further supporting facts labeled

4.) Defendant: Vanessa Payne-Delano, was at all relivent times employed as a Registered Nurse, for Centurion. She was employed at E.D.C.F. She was acting under the color of State law. She did on 7-7-23 violate my 8th & 14th Ammendment Rights by commiting the violations set out in the attached document titled, "Counts & Supporting Facts". She is a citizen of the State of Kansas. She is responsible in both her official & individual capacitires.

5.) Defendant: Katherine K. Firman, was at all relivent times a Coretions Seargent 1, Kansas Department of Corrections E.D.C.F. She was acting under the color of State law. She did on 7-7-23 violate my 8th & 14th Ammendment Rights by commiting the violations set out in the attached document titled, "Counts & Supporting Facts". She is a citizen of the State of Kansas. She is responsible in both her offical & individual capacitires.

6.) Defendant: Anthony R. Luna, was at all relivent times a Corrections Officer 1, Kansas Department of Corrections, E.D.C.F. He was acting under the color of State law. He did on 7-7-23 violate my 8th & 14th Ammendment Rights by commiting the violations set out

in the attached document titled "Counts & Supporting Facts". He is a citizen of the State of Kansas. He is responsible in both his official & individual capacities.

7.) Defendant; Janelle L. Buchanan, was at all relivant times a Unit Team Manager, Kansas Department of Corrections employed at E.D.C.F. She was acting under the color of State law. She did on 7-7-23 violate my 8th & 14th Ammendment rights by commiting the violations set out in the attached document titled "Counts & Supporting Facts". She is a citizen of the State of Kansas & She is responsible in both her Official & Individual capacities.

8.) Defendant; C. Gordon Harod, was at all relivant times a Medical Doctor for Centurion at E.D.C.F. He was acting under the color of State law. He did on 7-7-23 violate my 8th & 14th Ammendment rights by commiting the violations set out in the attached document titled "Counts & Supporting Facts". He is a citizen of the State of Kansas. He is responsible in both his Offical & Individual capacities.

9.) Defendant; Breanna Johnston, was at all relivant times employed as Nurse Practitioner for Centurion at E.D.C.F She was acting under the color of State law. She

did on 7-7-23 violate my 8th & 14th Ammendment rights by commiting the violations set out in the attached document titled, "Counts & Supporting Facts". She is a citizen of the State of Kansas. She is responsible in both her Offical & Individual capacities.

10.) Defendent: Tommy Williams, was at all relivant times employed as Warden for Kansas Department of Corrections, E.D.C.F. He was acting under the color of State law. He did on 7-7-23 violate my 8th & 14th Ammendment Rights by commiting the violations set out in the attached document titled, "Counts & Supporting Facts". He is a citizen of the State of Kansas. He is responsible in both his Offical & Individual capacities.

11.) This action arises under & is brought pursuant to 42. U.S.C Section 1983 to remedy the deprivation under the color of State law, of rights guaranteed by the 8th & 14th Ammendments to the United States Constitution. Pursuant to KS.C.C.P. 60-19a02 the Plaintiff seeks to persuee a "personal injury action".

12.) Plaintiff's claims for injunctive releif are authorized by Rule 65 of the Federal Rules of Civil Procedure. Plaintiff seeks compensatory & pan & suffering damages.

III. Previous Lawsuits by Plaintiff

13.) Plaintiff has filed no other lawsuits with the same facts involved in this action or otherwise relating to his ~~other~~ imprisonment. Plaintiff has filed 1 other unrelated civil action.

IV. Exhaustion of Administrative Remedies

14.) Plaintiff has exausted all Administrative Remedies available to him through K.D.O.C. informal resolution & Grievance Procedure.

Plaintiff has perservered despite his progress being hampered at every turn.

Plaintiff filed his attempt (First) at informal resolution ~~at~~ on 7-15-23. It was escilated to a grievence on 7-20-23. On 3-2-24 the final answer from the Secretary of Corrections. (Please note this is almost 4 months later than the time limits set out in K.D.O.C.'s own Internal Management Policy & Procedure.)

Plaintiff filed a personal injury claim on 7-14-23. This claim was never answered to this date.

Throughout the exaustion of all these available remedies the Plaintiff hasn't recieved a single prudent or acceptable answer. At every turn the majority of

the answers given do not even hint at a remedy. Nor do they address the serious issue which can cost someone their life. The behavior which was exibted that day (7-7-23), is still exibted here every day.

## V. Statement of Claim

17.) At all relivant times herein, defendants were "persons" for the purpouse of 42 U.S.C. Section 1983 + acted under color of law to deprive the Plaintiff of his constitutional rights, as set forth more fully below.

## VI. Statement of Facts

18. In compliance with F.R.C.P. 8 (a)(2) the Plaintiff will make a short + plain statement to state a claim and prouvde the grounds upon which it rests.

   Please find attached a document titled "Supporting Facts". It's labled 3A-1-6. It will outline the events of 7-7-23. Each Defendants role in the events of that day, + the actions which violated the Plaintiff's civil rights. All Defendants named herein (excluding C. Gordon Harold), were notified either directly by the Plaintiff or other inmates of his urgent need for medical help, or by their coworkers. Evey one of them was aware + failed to act

## VII Prayer for Relief

19.) Plaintiff requests on order declaring that the defendants have acted in violation of the United States Constitution.

20.) Plaintiff requests an injunction compelling the defendants to provide important training on the dangers of appendacitice. Training on the active signs of active appendacitice. Training on the nessicity of escilating a situation to a meelical emergency when symptoms are visible & not only exist but worsen over the course of hours.

     Plaintiff requests an injunction compelling the defendants to provide important training on responding to calls for help & pleas for aide.

21. Plaintiff requests $3,000,000 as compensatory damages.

22. Plaintiff asks & requests for $1,000,000 for pain & suffering.

Signed this ——, day of ——————, 20 ——

I declare under penalty of perjury that the foregoing

is true + correct?

_____    _____
DATE                Lewis Michael George

2.) For 2 weeks (approx) I had been to sick call for pain in my upper right quadrant of my abdomen. 2 of the 4 sick calls were not seen or triaged. Which resulted in me submitting sick calls begging to be seen & treated.

3.) On July 7th 2023, I awoke at AM Ice Pass (7:30)AM After recieving ice I went to set my cooler down & felt an extremely sharp increase in the pain in my the same area.

4.) The pain hurt so badly that morning I began vomiting. Both myself & my cell mate notified CS1 Firman that I was in extreme distress. Around 8:30-9:00AM a nurse comes to my door, (Payne-Delan), (A1-216, EDCF), & spoke with me about what symptoms I was experiencing. She did not perform a physical examination. She told me she "would make some calls". She returned 20 min (approx) later & informed me that the Segrigation Nurse Practitioner for Segrigation Poputation was off for 3 days so she had to call Johnston who was Nurse Practitioner for General Population. Johnston told her that she wasn't going to interfere with a Segrigation case. That based on my medical history of Kidney Stone recomended for Payne-Delano to give me was some Tylenol & let me pass them. Still no examination was provided. Nor did Payne-Delano pull me out to the sick call room & perform the mandetory abdominal protocol for abdominal pain.

5.) Vomiting & excrutiating pain continued until 11:30AM to 12PM

1. When I spoke I called my mother + requested my cell P10
2. cell. After explaining my situation to her + requesting her
3. assistance. She began calling the facility trying to speak with
4. Administration + Unit Team requesting they get me help + treatment.
5. At around (1:30-2:00 PM) CS1 Firman came to my door + informed
6. me that Unit Team Manager. Buchanan has contacted medical
7. + they said they were sending a nurse with some pain meds.
8. Around 2:30-3 PM. I requested help from CS1 Firman during count.
9. I was told that if I interrupted count again I would be written
10. up for interfering with count. Around 3:15 ish PM CS1 Firman
11. + COT Luna pulled me out to the Seg clinic where the nurse
12. administered a shot of Toridol + Finnergan. She listened to
13. my abdomen with a stethascope + pressed a few times in the
14. area. This was not Payne-Delano. She did inform me that
15. if its a kidney stone it will have to pass on it's own.
16.
17. 6.) After returning me to my cell. I was able to lay down until
18. around 5:30-6:00 PM. Upon waking + immediatly vomiting from
19. the still excrutiating pain. I began shivering violently + teeth
20. chattering uncontrolably. Shortly thereafter the pain increased
21. exponetially along with the nausia. My ability to stand + walk
22. stabily was also comprimised! Around 7:00 PM I was experiencing
23. a severe wave of nausia. Upon standing I experienced a super
24. strong burst of pain which caused me to yell loudly + pass
25. out. Hitting my head on the wall. When I came to again my
26. cell mate was kicking the door + screaming for help for me. I
27. began to notice a severe burning sensation in my lower right
28. abdominal area.
29.

my vomiting from the desk. He came to my cell & asked if I was going to be ok? After hearing both my cell mate & I tell him that I needed help badly & taking one look at me. He departed my cell & went to the desk. Immediatly he began calling higher up his chain of command & medical staff to attempt to get me the desperately needed help. Around 9:00PM CS1 Reichart came & told me that SST, (Special Security Team), was being called in to transport me to the hospital for treatment. At this point I was pulled again to the Seg clinic & given another shot of Toridol & Fimmergen then allowed to sit in a plastic chair in ~~a plastic chair~~ the strip out room, restrained behind my back. After receiving the shots a detailed abdominal exam checklist was still not preformed.

8.) Around 9:45-10:00PM, I was finally walked to the prison infirmary to await transport. 2 SST Officers & I were enroute to Susan B. Allen hospital in El Dorado by 11:00 & 11:30 PM.

9.) Upon arrival & after being medically stabalized & my blood pressure was normalized in the E.R. I was placed in a CAT scan & examined abdominally. Dr McKessy in short order diagnosed that I had an appendacitus. He explained to me the urgent need for me to undergo surgery. To which I radially agreed. ~~It~~ was scheduled for 7:00AM on July 8th, 2023. Upon waking from surgery Dr Mckessy informed me that he was glad that they ~~did~~ the surgery when

They did because my appendix could have

killed me if I had gotten to the hospital 2 hours later! PSI2

10.) Dr. Mckessy also showed me how to do a rebound pain test to check for active appendacitice. I asked him if this was something that a RN or Nurse Practioner would be taught in Nursing School? He said that absolutely that it is something they should have been taught in school & that there is no medical reason it should not have been administered by the prison medical staff.

11.) Waiting approximately 6 hours to pull me out & administer pain meds without completing an abdominal pain checklist demonstrates deliberate indifference. Any medical student, let alone employee knows of how deadly an appendacitice can be. They understand that its extremely important to diagnose it early to prevent a person from languishing in excrutiating pain & or potentially dying.

12.) At no point was the decision made by any of the Defendants to escalate the situation to a medical emergency. This would have gotten me to a hospital & nessicary treatment, that much sooner. At the very least it would have gotten me exammed. Pain relief would have been administered. The Toridol that was given was barely effective at best. It did almost nothing to ease my suffering & took over 6 hours of excrutiating pain & torment to recieve.

13.) The fact that Johnston refused to interfere on her part

1. the seriousness... wait... Even though she knew the possible

2. seriousness of the abdominal pain shows deliberate indifference

3. on her part. If for no other reason than not directing the Seg

4. nurse to pull me out & go through the abdominal pain

5. checklist in the Centurion computer system. Shows deliberate

6. indifference on any Centurion nursing staff. who was aware of

7. my situation & failed to do so.

8.

9. 14.) Failing to pull me from my cell to the Seg clinic/exam

10. room to administer the aforementioned tests, checks, & checklists

11. shows deliberate indifference on both K.D.O.C. & Centurion staff.

12.

13. 15.) Being made to suffer for 16 hours in excrutiating pain

14. without effective pain meds or medical treatment. show

15. deliberate indifference on Both K.D.O.C. & Centurion Medical

16. staff.

17.

18. 16.) Failure to escilate the situation until my skin became

19. yellow & discolored. Shows deliberate indifference on the part

20. of Centurion & K.D.O.C. staff. The described discoloration of

21. my skin & eyes was a sign that I was in extreme distress

22. medically, I was in fact suffering the effects of septisemia

23. So much so that the Doctor told me I would have dired had

24. treatment been delayed 2 more hours!

25.

26. 17.) All the K.D.O.C. officers & Unit Teams named as

27. Defendants in this action were begged multiple times throughout

28. the day to do so. Even after visually observing my symptoms

29. they still failed to render aide making them deliberately

18.) Since this incident has occured I have had multiple incidents of being overcome by anxiety any time that I am experencing a health problem. These problems with anxiety have only manifested as a direct result of the mistreatment by the aforementioned defendants. I am now experiencing all the classic signs of P.T.S.D. Everytime I think about submitting a sick call for my ongoing abdominal pain I am overwhelmed by an unreasonable fear that my health & safety is at risk. Both of ~~many actions~~ malicious actions in a retalitory fashion. Or as a case of pure & simple negligence/incompitance that results in the missing of a glaringly obvious set of symptoms that point to a potentially fatal underlying condition.

19.) These anxiety attacks /P.T.S.D moments have adversly affected my health by causing weight loss due to loss of appitite. Stress has aggrivated this. Loss of sleep has caused an increase in my irratability & anger levels. This has directly caused an impact on my personal relationships. The lack of sleep comes from not just ongoing pain but also horrible nightmares. Which have only manifested as a direct result of this incident.

Counts & Supporting Facts

### Count 1

1.) Defendant Vanessa Payne-Delano, did on 7-7-23 at 8:30 AM (approx) & multiple other times throughout the day did violate my 8th & 14th Ammendment rights by failing to render aide. After being informed of the severity of & increase in the Plaintiff's abdominal pain level. While at the Plaintiff's door (cell 216, A1 cellhouse, E.D.C.F.), Defendant Payne-Delano refused to pull the Plaintiff out to the sick call room to perform any check of vitals or any of the tests listed in the Centurion computer system relating to a complaint of abdominal pain. Allowing the Plaintiff to languish for 15 hours in excruciating pain. Even after the Plaintiff informed the Defendant that he had in fact urinated multiple times since the pain level had increased. Had Defendant Payne-Delano performed the exams & rendered aide. Diagnosis of the potentially fatal condition may have happened sooner. Administration of effective pain releif would have happened sooner & the Plaintiff's period of suffering would have been much shorter.

2.) Defendant Katherine K. Firman did on 7-7-23 at 8:30 AM (approx) & multiple other times throughout the day violated my 8th & 14th Ammendment rights by failing to render aide. Defendant was called to the Plaintiff's cell (216, A1 cellhouse, E.D.C.F.). The Defendant was informed of the severe abdominal pain level the Plaintiff was experiencing. After being informed by Defendant Payne-Delano of

said defendants misdiagnosis. Defendant Firman
refused any & ALL the Plaintiffs requests & pleas for
assistance. Defendant Firman refused to elevate the
situation to a medical emergency. Doing so would have
allowed the Plaintiff to get the desperately needed
abdominal exams that were nessicary to diagnose the
appendacrtice that in fact was the issue placing the Plaintiff
in excrutiating pain & at risk of death.

3.) Defendant Anthony R. Luna, did on 7-7-23 at 8:30
AM & multiple times throughout the day violated my 8th &
14th Ammendment rights by failing to render aide. Defendant
was called to the Plaintiff's door, (216, A1 cellhouse, E.D.C.F.)
He was informed of the severe increase in abdominal pain level
the Plaintiff was experiencing. After being informed of Defendant
Payne-Delano's misdiagnosis. Refused any & ALL of Plaintiffs
requests & pleas to escilate the situation to a medical emergency.
Doing so would have allowed the Plaintiff to get the desperately
needed abdominal exams that were nessicary to diagnose the
appendacrtice that was in fact the issue causing the Plaintiff's
severe pain. Had the Plaintiff recieved these tests they may
have deteceted the cause sooner.

4.) Defendant Janelle L. Buchanan on 7-7-23 violate my
8th & 14th Ammendment rights by failing to render aide on
multiple occasions. After having been informed on multiple
occasions of the Plaintiffs severe & ongoing abdominal pain
& distress. The Defendant observed the symptoms &
distress personally on multiple occasions. Defendant

B17

Buchanan failed to escalate the situation as a medical emergeny. Having had done so would have given the Plaintiff not only a much shorter time of suffering but also the chance of having the underlying issue properly detected. It also would have provided the much needed effective pain releif.

5.) Defendant Breanna Johnston did on 7-7-23 violated my 8th & 14th Ammendment rights, by after having been informed by Defendant Payne-Delano refused to interfere in a segrigation case. Defendant did however review the Plaintiff's medical chart & give her opinion that the Plaintiff was suffering a kidney stone. This unfounded misdiagnosis could not even be potentially accurately given without the appropriate tests & exams preformed. Defendant Johnston failed to instruct Defendant Payne-Delano on the prudence of providing the aforementsoned exams before Defendant Payne-Delano made her diagnosis. By Defendant Johnston weighing in on the cause of the Plaintiffs possible condition she assumed responsibility to give prudent medical advicee. Her failure to give said, sound led directly to the Plaintiff suffering 10 plus more hours of tortorous & excrutiating pain & suffering.

6.) Defendant C. Gordan Harod did on 7-7-23 violate my 8th & 14th Ammendments rights by failing to render aide. By failing to give an order to his subordinates to perform the abdominal tests & exams required to

or ignore the cause & the problem & by not doing so, allowed the Defendants Payne-Delano & Johnston to continue on a course which treated, ineffectually at best, the Plantiffs symptons not his illness.

7.) Defendant Tommy Williams did on 7-7-23 violate my 8th & 14th Ammendment rights by failing to render aide. Defendant Williams is Warden of EDCF on 7-7-23 & so being was directly responsible for the training & actions of the Officers & Administrators of his facility. By failing to ensure that his staff were properly trained on the nessiety of rendering aide to residents who are in severe medical distress. Training on the importance of escilation of a situation to a medical emergency when visibly observable conditions are observeed. Lastly training on the necessity to provide access to emergency medical aide to individuals who's condition places them not only in severe pain that persists for hours. Coupled with observable visible symptoms. This failure to train his staff or ensure that said training was completed makes Defendant Williams directly responsible in both his Official & Individual. capacities.

## Count 2 Supporting Facts.

8.) Defendant Payne-Delano did on 7-7-23 violate my 8th & 14th Ammendments rights by being Deliberatlly

Indifferent to Plaintiffs urgent medical needs. Defendant
Payne-Delano was requested & begged by the Plaintiff on
multiple occasions to pull the Plaintiff out of his cell to an
appropriate exam room, in hopes of Defendant preforming
the prudent abdominal exams & tests to diagnose or eliminate
an appendicitis. Basic triage medicine says you eliminate
the worst possible cause of symptoms working your way to
the least possible cause. In so doing you save a patients life.
Defendant was further deliberately indifferent by ignoring what
the Plaintiff told the Defendant about the symptoms he was
experiencing & how they were manifesting themselves. Instead
of listening to what the Plaintiff was telling the Defendant &
using the information to make a more informed accurate
determination. She ignored this & became defensive. Accusing
the Plaintiff of belittling her medical acumen. This led to
her refusing the Plaintiff any & all further treatment or
diagnostic exams or tests, of which the Defendant had rendered
none!

9.) Defendant Katherine K. Firman, did on 7-7-23 at 8:30 AM
& multiple other times throughout the day violated the Plaintiffs my
8th & 14th Ammendment rights by being deliberately indifferent
to the Plaintiffs serious medical needs & his severe pain level.
After hearing Defendant Payne-Delano misdiagnosis of kidney
stones. Defendant Firman refused any & All the Plaintiffs
request for aide & medical intervention. This despite seeing a
severe, observable decline in the Plaintiffs medical condition.
On multiple occasions Defendant Firman observed the Plaintiff
vomiting violently all the while having severe sweating.

1  Uncontrolable shaking, teeth chattering & pale / yellow skin.  Pg 20

2  The ignoring of all these factors on multiple occasions

3  & refusal to help or get help. Leads to the multiple instances

4  where Defendant displayed Deliberate Indiffrence.

5

6  10.) Defendant Anthony R Luna, did on 7-7-23 at 8:30

7  AM & multiple times throughout the day violated my 8th &

8  14th Ammendment rights by being deliberately indiffrent

9  to the Plaintiffs serious medical needs & his severe pain

10 level. After hearing Defendant Payne Delano's misdiagnosis

11 of Kidney Stones. This despite seeing a severe decline in the

12 Plaintiffs condition throughout the span of his 12 hour

13 shift. Disregarding all the Plaintiffs visible symptoms

14 which were brought to his attention on multiple occasions.

15 His failure to escalate the situation to a medical emergency

16 when requested, is a blatant deliberate indiffrence.

17

18 11.) Defendant Janell L. Buchanan, did on 7-7-23 violate

19 my 8th & 14th Ammendment rights by being deliberately

20 indiffrent to the Plaintiff's severe pain & serious medical

21 needs. On multiple occasions throughout the day in

22 question the Plaintiff's pleas & requests to the defendant

23 were blatantly ignored & denied. Refusing to declair

24 the situation a medical emergency even after observing

25 the Plaintiffs screams from the excrutiating pain. Still

26 the defendant was deliberately indiffrent. This is

27 tantamount to Cruel & Unusual Punnishment.

28

29 12.) Defendant Breanna Johnston, did on 7-7-23

violated my 8th + 14th Ammendment rights by after having been asked to consult on the situation by Defendant Payne-Delano, refused to interfere in a Segregation case. This shows a clear case of Deliberate Indifference on the defendants part.

13.) Defendant L. Gordon Harod, did on 7-7-23 violate my 8th + 14th Ammendment rights by being deliberately indifferent to the Plaintiffs serious medical needs. After being informed of the Plaintiffs serious medical needs + conditions the defendant failed to order the diagnostic test + exams that would have diagnosed the Plaintiffs potentially deadly condition. Couple that with the defendants failure to ensure that the training of his subordinates was to such a degree or standard that those subordinates could know + understand the importance of the aforementioned diagnostic test. Also not ensuring that said tests were administered. These individually + collectively constitute deliberate indifference.

14. Defendant Tommy Williams, did on 7-7-23 violate my 8th + 14th Ammendment rights by being deliberately indifferent to my serious medical needs + conditions. By failing to ensure that the training his officers + administrators had received was sufficient to recognize the importance of Failing to Render aide. By holding this important position the Defendants ensuring of lack of ensuring the training of his employees can not just effect those entrusted to his care, but can also cause them harm. Not

ensuring that this training was in place is a act of deliberate indifference.

P.22

## Count 3

15.) Defendant Vanessa Payne-Delano, did on 7-7-23 violate my 8th & 14th Ammendment rights by at 8:30 AM & multiple other times throughout the day denying the Plaintiff access to medical care. Defendant Payne-Delano did come to the Plaintiffs door & ask a few questions. After recieving the Plaintiffs medical chart & consulting Defendant Johnston. Defendant Delano made a flawed diagnosis of the Plaintiff having kidney stones. Even after the Plaintiff gave the defendant listed symptoms that were in direct opposition to this. Defendant Payne-Delano still refused the Plaintiffs multiple requests for abdominal exams or check of vital signs. Due to the Defendants position as an RN, she was not qualified to make any diagnosis without the supervision or intervention of a Liscened Practicing Nurse. With said intervention being nessercary & the defendants refusal to perform the nessercary diagnostic exams. Defendants Payne-Delano denied the Plaintiff access to medical care. This action resulted in the Plaintiff's suffering unwanton pain & suffering for the next 15 hours.

16.) Defendant Katherine K. Firman, did on 7-7-23 violate my 8th & 14th Ammendment rights by denying the Plaintiff medical care. Because Defendant Payne-Delano made a determination she was not qualified to make & gave said unqualified

diagnosis to the other defendants Luna & Firman by
doing so ensured that the Plaintiff wouldn't recieve
any care. Having recieved this diagnosis defendant
Firman refused any of the Plaintiffs requests for
medical care opperating under the impression that
Defendant Payne-Delano's diagnosis was correct.
Even though the Defendant observed multiple times
throughout the day that the Plaintiff was in ever
worsening condition each time she seen the Plaintiff.

17.) Defendant Anthony R. Luna, did on 7-7-23 & at multiple
times throughout the day. violate the Plaintiff's 8th & 14th
Ammendment rights by denying the Plaintiff medical care.
Because defendant Payne-Delano made a determination
she was not qualified to make & gave said unqualified
diagnosis to the other defendants Luna & Firman. By doing
so ensured that the Plaintiff wouldn't recieve any care.
Having recieved this diagnosis the defendant refused any
medical care the Plaintiff asked for under the impression
that Defendant Payne-Delano's diagnosis was correct.
Even though the defendant observed multiple times
throughout the day that the Plaintiff was in ever
worsening condition each time the defendant seen the
Plaintiff.

18.) Defendant Janelle L. Buchanan, did on 7-7-23 violate
my 8th & 14th Ammendment rights by denying medical
care to the Plaintiff. After having been informed on multiple
occasions by the Plaintiff of the Plaintiff's severe & ongoing

abdominal pain & distress. Even after the Plaintiff requested the defendants assistance on multiple occasions. The defendant observed the Plaintiffs deteriorating condition on multiple occasions & still refused to call the medical emergency signal that would get the Plaintiff the desperately needed medical attention. Having done so would have shortened the time to the defendants diagnosis & an end to the Plaintiffs suffering.

19.) Defendant Breonna Johnston did on 7-7-23 violate my 8th & 14th Ammendment rights by denying the Plaintiff medical care. After being informed by the Defendant Payne-Delano of the Plaintiffs severe abdominal pain & distress. Even after the Plaintiff requested the Defendant Payne-Delano's assistance & said defendant (Payne-Delano) was compelled to request the assistance of Defendant Johnston to make an analysis/diagnosis of the Plaintiffs symptons. Defendant Johnston then refused to come to segregation, (she was Nurse Practitioner for General Population) or to interfere in a segregation case. Defendant Johnston also failed to instruct her subordinate to pull the Plaintiff out of his cell to perform the life saving abdominal pain checklist/rebound pain tests that would have eliminated the most serious possibility of the conditions that were the cause of the Plaintiffs abdominal pain. Being that Defendant Johnston was the only medical personell on site at the facility who could legally render a diagnosis. Defendants refusal to come to segregation & afford the Plaintiff a face to face eveeluation to gather the relivant

1. Information necessary to diagnose the cause of the
2. said abdominal pain. By her refusal to interfere this
3. Defendant in concert with Defendant Payne-Delano worked
4. together to deny the Plaintiff access to medical care.
5.
6. 20) C Gordon Harrod did on 7-7-23 violate my
7. 8th & 14th Ammendment rights by denying the Plaintiff
8. access to medical care. By not instructing his subordinates
9. in the importance of the proper medical procedure to
10. diagnose abdominal pain. Failing to do so led directly
11. to an unqualified individual rendering an unqualified
12. diagnosis that was in fact so inaccurate it led
13. directly to the suffering & languishing of the Plaintiff
14. in a potentially fatal condition in excrutiating pain for
15. 15 hours
16.
17. 21) Defendant Tommy Williams did on 7-7-23 violate my
18. 8th & 14th Ammendment rights by denying the Plaintiff
19. medical care. The defendant was Warden at E.D.C.F. at
20. the time of the incident. So being, the defendant was
21. directly responsible for the training his staff received.
22. He is also responsible for their action/inaction. Because
23. such is the case his officers & staff's failure to afford
24. the Plaintiff medical care has directly resulted in the
25. Plaintiffs suffering in excrutiating pain & in a almost
26. fatal condition for 15 hours.
27.
28. Count 4
29.

22.) Defendant Payne-Delano did on 7-7-23 violate my 8th & 14th Ammendment rights by subjecting the Plaintiff to cruel & unusual punishment. By rendering the Plaintiff an unqualified diagnosis & informing the KDOC officers & administrators of said diagnosis. The defendants subsequent refusal of any & all the Plaintiffs request for treatment. Refusing to provide (administer all) diagnostic abdominal exams. that should have been the basis for the defendants unqualified diagnosis. Any & all of the refused treatment would have shortened the time the Plaintiff suffered over the next 14 hours

23.) Defendant Katherine K. Firman did on 7-7-23 violate my 8th & 14th Ammendment rights by subjecting the Plaintiff to Cruel & Unusual punishment. The defendant did at 8:30 AM & multiple times throughout the day, refuse to help the Plaintiff, even though the defendant observed on at least 5 occasions the Plaintiff's distress & visible worsening of symptoms. Still the Defendant refused any & all the Plaintiff's requests & pleas for help. Through the defendants refusal to help allowed the Plaintiff to, knowingly suffer through excruciating pain & torment for the next 14 hours.

24.) Defendant Anthony R Luna, did on 7-7-23

Violate my 8th & 14th Ammendment rights by subjecting the Plaintiff to cruel & unusual punishment. The defendant observed at 8:30 AM & multiple times throughout the day the Plaintiff's severe pain & visible observable symptoms. Defendant observed the Plaintiff's distress on at least 5 occasions The defendant observed a visible worsening of symptoms. Still the defendant refused any & All the Plaintiffs requests & pleas for help. Through the defendants refusal to help allowed the Plaintiff to, Knowingly suffer through -excrutiating pain & torment for the next 14 hours.

25.) Defendant Janelle L. Buchanan did on 7-7-23 & violate my 8th & 14th Ammendment rights by subjecting the Plaintiff to Cruel & Unusual punishment. The defendant observed multiple times throughout the day the Plaintiff's severe pain & visible observable symptoms. By refusing to escilate the situation to the level of a medical emergency, despite the Plaintiffs pleas, the defendant allowed the Plaintiff to suffer for 14 hours in excrutiating pain & a near Fatal condition.

26.) Defendant Breanna Johnston did on 7-7-23 violate my 8th & 14th Ammendment rights by subjecting the Plaintiff to cruel & unuscual punishment. The Defendant was asked by defendant Payne-Delano to come to A1 segregation cell house to consult on the Plaintiff's case. After refusing to interfere in a "seg case". The defendant did agree to look at the Plaintiff's

medical file. After which the defendant suspected
to defendant Payne-Delano the Plaintiff may be suffering
from Kidney Stones. Being that the defendant (Johnston)
was the only qualified Centurion staff available to
make an emergency diagnosis & she (defendant Johnston)
refused to do so. This coupled with the defendant's
failure to instruct defendant Payne-Delano to preform
the abdominal exams that would have diagnosed the cause
of the Plaintiff's severe pain & there by shortened the
~~defendants~~ Plaintiff's period of suffering from 14 hours
significantly. Shows subjection of Plaintiff to Cruel & Unusual
Punishment.

27.) Defendant C. Gordon Harod did on 7-7-23 violate
my 8th & 14th Ammendment rights by subjecting the
Plaintiff to cruel & unusual punishment. The defendant
was told by Defendant Payne-Delano that the Plaintiff
was in distress with severe abdominal pain & multiple
other visible symptoms had manifested themselves. The
defendant failed to instruct his subordinates to perform
the proper diagnostic exams or provide some form of
effective pain relief to the Plaintiff. Failing to do so
allowed the Plaintiff to suffer in excrutiating pain for
14 hours.

28.) Defendant Tommy Williams did on 7-7-23 violate
my 8th & 14th Ammendment rights by subjecting the
Plaintiff to cruel & unusual punishment. Due to the
deficient training of his officers & staff. The defendant
is directly responsible for the training & actions of his

officers + administrators. This deficient/lacking
training + actions lead directly to the Plaintiffs suffering
cruel + unusual punnishment due to his staffs
inaction + allowing the Plaintiff to suffer in excrutiating
pain + a near fatal condition for 14 hours. On multiple
occasions when asked by the Plaintiff + other inmates
to escilate the situation to a medical emergency the
officers + administrators all refused to do so. Some said
"There is nothing I can do, my hands are tied.", +
"I'm sorry, I wish I could help." These statement
coupled with their inaction show the complete lack
of prudent + nessecary training in numerous areas, not
withstanding when to escilate a situation that has
developed/worsened over the course of hours into a
medical emergency.

## Count 5

29.) All of the above named Defendants have acted
+ conspired, both individually + collectively to deprive
the Plaintiff of his 1st, 5th, 8th, + 14th Ammendment rights
to Due Process. As evidenced by all the above
stated claims against each defendant. This can be
proven not only by the factual statements above but also
by review of not just facility IMPP's + General Orders.
But also legislation that governs their, (IMPP + G.O.),
formation + institution.

Also of note, not only besides the substantial
due processes violations set forth above. Because of

The deliberate actions that have been taken
to prevent, distract, mislead, ignore, & genuinely
harass the Plaintiffs attempts to persue the administrative
remedies + informal resolutions; & grievance procedures
that afford the Plaintiff recourse & remedy through the
K.D.O.C's, own policies + procedures ensuring the
Plaintiff's due process rights. The Plaintiff has
very limited + insufficient access to the courts for
the reasons listed below.

(1.) Because of the Plaintiff being housed in a
"Managed Movement" pod at E.D.C.F. he can only
access legal research materials by submitting a
Form 9, (prison communication form), to the law library
requesting the case law, K.S.A., State, or Federal
Statute he needs. This is saying that he knows what
material he needs, or that the Form 9 is answered at all.
Plaintiff has no access to the law library tablets that are
afforded to other segregation units. No ability to perfect
meaningful document. All of these things collectively work
together to prevent the Plaintiffs ability to litigate.
These things / Facts as a whole substantiate the Plaintiffs
claim of Due Process violation.