United States District Court District of Kansas

Lewis Michael George
   Plaintiff
      v.
Vanessa Payne Delano, et al
   Defendants

CASE NO 24-3123 JWL

Judicial Notice to Show Cause

In Judge Lungstrum's Memorandum + Order of 8-14-2024, in §III. Discussion, Part 2., Judge Lungstrum dresses my Count 5 (v) claims down by claiming that they are merely "bald alligation[s]". First Judge Lungstrum couches my my Conspiracy claim as "insufficient" because they are basically "conclusory" — essencially, a conclusion without any supporting evidence; Second, my "dissatisfaction with the grievance process"...; Third, my Inadiquate "Acess to the law Library"...; Judge Lungstrum's "Order" concerning count 5 is "Clearly Erraneous" — Not supported by logic, fact/ evidence applied to the Governing Laws to the Issues, + No Reasonable Fact-Finder/Jurist would Agree with Judge Lungstrum's own "Conclusory" conclusions, as I demonstrate below:

## Application of F.R.C.P. §8(a)(2)

Judge Lungstrum's "order" concerning my claims in "Count 5" run afoul of the U.S. Sup. Ct's Interpertation + Application of Fed R. Civ. Proc. (FRCP) 8(a)(2), especially how "a judge must accept as true all of the factual allegations contained

-1-

in my complaint." FRCP §8(a)(2) "requires ONLY" a short + plain statement of the claims showing [how I am] entitled to relief. "Specific facts are not necessary [at this stage of the case proceedings]", the statements need ONLY "give the Defendant[s] fair notice of what the... claim[s][are] + the grounds upon which [each claim individually] rests." See: Erickson v. Pardus, 551 U.S. 89 (2007). Like petitioner Erickson, as the court held, I have carried my legal burden Beyond the Requirements in F.R.C.P. §8(a)(2) - i.e., I have preemptively provided this court with evidence in support of my grounds for relief. As the Supreme Court said: "Petitioner in addition, bolstered his claim[s] by making more specific allegations in [the primary complaint + in] documents attached to the complaint..." I.d..

As such Judge Lungstrum's order concerning Count 5 is "clearly erroneous". But, I will not stop here. I will provide a literal anatomic breakdown of my complaints in Count 5, proving that I have satisfied all that is required. But before I do, I will provide more specific nuance to give full notice to this court what is required of it, according to FRCP §8(a)(2) + Erickson (Supra):

"It was error for the court of appeals to conclude that the allegations... were ["Bald assertions"] were too conclusory to established [a colorable claim]..."

-2-

"A document filed pro se is "to be liberally construed [i.e., "Freely understood" without strict scrutiny]"... [F.R.C.P. 8(f)] "All pleadings shall be so construed so as to do substantial justice". - As such, this court would deny & deprive me of "Substantial Justice", in violation of Federal law & SCOTUS commands, & contrary to Judicial oath of office, if it dismisses Count 5 - or any of my claims in Count 5.

Conley v. Gibson, 355 U.S. 41 (1957) says in part: "The purpose of pleading is to facilitate a proper discussion on the merits." It goes on to state: "Such simplified 'notice pleading' is made possible by the liberal opportunity for discovery & the other pretrial procedures established by the rules to disclose more precisely the basis of both claim & defense & to define more ~~precisely~~ narrowly the disputed facts & issues. [see F.R.C.P. § 12(e)]"

"Following the simple guide of rule 8(f) that 'all pleadings shall be so construed as to do substantial justice,' we have no doubt that petitioners' complaint adequately <u>set forth a claim</u> & gave the Respondents <u>fair notice</u> of [the petitioners']. 'The Federal Rules reject the approach that pleadings is a game of skill in which one misstep by counsel [or most

-3-

especially a pro se petitioner] may be decisive to the outcome & accept the principal that the purpose of pleading is to facilitate a proper decision on the merits." Id... See also ESP., U.S. 197; 58 S. Ct. 507 (1938)

### Assertion of a "Colorable Claim"

All I need to do to Assert proper "Colorable Claims" to survive 28 USC §1915 "screening" is:

1. That I have Constitutional +/or statutory rights that have been violated;

2. That the rights I claim were violated by named/identified defendants;

3. That my claims of right violation(s) are "justifiable" - that the court is required to provide me with relief; as a matter of Law, that Relief is available to me, & that I am entitled to said relief.

Color (Bouvier Law Dictionary - 2012): What is apperant is Prime Facie correct or justified. Color, in law, is a metaphor for the apperance of presumptive legality & truth in an Action or Argument. Thus a colorable claim is one that has Bona Fide [In Good Faith] apperance of legaility, whether it ultimately proves to be correct or not.... [A] colorable claim is a claim that is apperantly valid under the facts & the law.... Presumptably true... (see Bergeson

-4-

185 Or. App 649 (2003)) "The agency commited an error of law. Abused it's discretion, or found facts not supported by substantial evidence."

The purpose of these Laws, Rules, + Precedents is to properly facilitate justice, which cannot be accomplished if they are ignored + by-passed by the whimiside + arbitrary caprice of a judge, who is required to uphold the law, + effectively administer justice - as they contracted + sworn via oath of office to do.

The "Colorable" merits of Count 5's claims.

1) "Conspiracy" + "Meeting-of-the-minds" (and "Acted")!

First I respectfully submit to this court that my claim of "Conspiracy" (which is an "incompleted"/"Anticipatory"/"Inchoate" offense) was not the only part of that claim. I said "Acted + Conspired". As such, I claim "Acts," as well as "Conspiracies" both existed in order to deprive me of the claimed rights.

Second, the "meeting of the minds" principal has already been established in my prior claims - + I have provided some evidentiary documents that more than merely "infer" a "Conspiracy"/"Meeting of the minds". However, depositions + further discovery + pre-trial proceedings will reveal + flesh-out more preponderate, clear + convincing, + beyond a reasonable doubt evidentiary standards in total support of "proof" of this claim.

2) Inadequate / Ineffective Grievance Process:

<u>First</u>, the cases cited by this Court are void by their inherent unreasonableness - A Fortiori (From the highest reasoning): if the PLRA requires prisoners to "Exhaust administrative remedies", then "A Fortiori" those "administrative remedies" <u>MUST</u> be "Available" (see: <u>Ross v Blake 578 U.S. 632, 136 S. Ct. 1850 [2016]</u>), & the "Availability" of a "Grievance Process" implicates State & Federal Constitutional "Due Process of Law" "Liberty intrests".

<u>Second</u>, the <u>Kansas Constitutional Bill of Rights</u> (KCBOR) § 18 - "<u>Justice without delay</u>" - also guarantees the "right to remedy"; & § 18 is a "Fundamental right" (See; <u>Hilburn v Enerpipe Ltd</u>, 442 P. 3d 509 (Kan. 2019); <u>Burkett v Cunningham, 826 F.2d 1208 (1997)</u>: "Due process further protects not only <u>the right</u> "to obtain a favorable decision," but also the right "to obtain a decision at all... on the merits of the case." "(Abrogated in-part for other reasons in <u>Betterman v. Montana</u>, 136 S. Ct. 1609 [2016]). In short, I <u>do</u> have a "Constitutional Due Process Liberty Intrest" in an existing & effective remedy via grievance/administrative procedure" - & KDOC has denied me that right/ "liberty intrest".

3.) <u>The right to access the courts via adequate & effective law library access</u>:

<u>First</u>, The denial/deperivation of any right/immunity/privilege is <u>ALWAYS</u> a prejudice - it is a legally recognized/cognizable "injury": "To be deprived of them [(Privileges or

-6-

immunities)] is to suffer the infliction of an injury..." See: Boyed v Mills, 53 Kan. 594, 37 P. 16 (Kan. 1894). Prejudice is defined in Merriam-Webster's Dictionary (©2004) as "injury or damage resulting from some judgement or action of another in disregard of one's rights; especially: Detriment to one's legal rights or claims." Thus, deprivation of my right to access a law library IS A PREJUDICE BY DEFINITION! This should be sufficient to satisfy the "prejudice" prong.

    Second, As this court is required to "give ordinary words their ordinary meanings." See: McGuire V America, No. 10-3226 (10th Cir., Sep 09, 2011). This court has conceded that "It is well established that a prison inmate has a Constitutional right of access to the courts ... [& that] an inmate must allege + prove prejudice arising from the defendents actions," citing 149 F.3d 1140," + also citing Lewis v Casey, 518 U.S. 343, 394 (1996): "The requirement that an inmate... show actual injury derives ultimately from the doctrine of standing." IF courts were to "give ordinary words their ordinary meaning" as related to "prejudice" + "injury", then I have standing (for "Justiciable" purposes) because I have established a claim that - if proven during the course of proceedings in this case, establishes "injury in fact," with that "injury/prejudice caused by conduct traceable to K.D.O.C. agents. The "Ripeness" prong is also satisfied.

-7-

### Due Process + Equal protection of the Law

Third, It is not disputable that State/Prison officials - especially their attorneys - have more time + "legal" resources with which to answer pro se legal complaints, or even to execute legal proceedings against incarcerated persons, such as civil commitment actions. As such, the State esp. the KDOC has more "effective access to the courts than do the persons they incarcerate, + it is clear the KDOC + Centurion have a "Preponderance" + unfair legal advantage over myself + all other inmates most especially inmates such as myself + all other inmates, most especially inmates such as myself who have absolutely no way to access a law library to conduct meaningful legal research.

These indisputable facts clearly show the "Protection of the law" is NOT "equal", as the US Constitution XIV[4th] Amendment guarentees to me. See e.g. Tillery v Owens, 719 F.Supp. 1256 (U.S. Dist., W.D. Penn 1989) - In Tillery, the Federal Pennsylvania Court concidered a myriad of "conditions of confinement", but central to this case, access to the courts via access to law library + legal resources. More specifically, the Tillery court said: "We conclude that the denial of realistic access to the law library + denial of access to legally trained persons to restrictive housing inmates has resulted in a Constitutionally inadequate system to ensure meaningful access to the courts." The court also noted:

-8-

"Due to the enormus population of clinic inmate may have, at most, 4 hours a month of law library time. Even experienced legal researchers would have difficulty conducting useful [legal] research with such limited availability." Id.

In contrast, restrictive housing residents, as myself, have absolutely no access to the law library what so ever. KDOC/EDCF has the ability to provide me + all residents with "reasonable alternitive means" to conduct "useful legal research" KDOC/EDCF has the ability to assign many GTL/Tell-mate tablets with access to Lexis Nexus, + can enable us to access to a free word processor on these same tablets, to save + perfect legal petitions. There are other very cheap/cost effective means to achieve these ends, like use of smaller computers (Raspberry Pi) that can connect with T.V.'s but KDOC/EDCF has thus far refused to provide us with such "reasonable alternative means". As such, I rely on persons who have these arguments + others with their legal research.

In Robertson v Biby, 647 Fed. Appx. 893 (2016), the 10th Circut overruled this courts dismissal of Robertson's claim "for failure to state a claim" because this court beleived in error that there were sufficient existing alternatives concerning Robertson's religious need to hear the Bible read aloud.

-9-

I assert respectfully that the 10th circuit will also/ likewise overrule this courts dismissal of my Count 5 claims, esp. concerning the grievance process + law library access issues.

Furthermore, I am attaching a petition by resident Mr. Justice, which will prove how KDOC + EDCF have opted to make + promulgate rules allowing us law library access, + addresses the constitutional inadequacies of the law library. The existance of KDOC/EDCF policies reveals a "state created liberty intrest", which, if deprived without Due Process, violates Due Process of law via U.S.C.A.14.

<u>NOTE</u>: My "conspiracy" allegations reach into the issues of denying my grievances and law library access needs, the "conspiracy" existing as a "meeting of the minds" between EDCF employees/agents who have "agreed" collectively to deny + deprive myself + other residents of the claimed rights I've well addressed the "agreement" is to deny access to legal research + deny/prevent successful grievance + property/ personal injury claims. Multiple Unit Teams + other staff keep stating that we will not be given such access. This evidence will be discovered via open court testimony + depositions, as well as investigations into e-mails + other corrispondence proving the "agreements" to deprive such rights exist.

<u>Breaking down Count 5 to find Full Compliance with</u>
<u>FRCP § 8(a)(2)</u>

-10-

Case 5:24-cv-03123-JWL   Document 16   Filed 09/03/24   Page 11 of 12

1.) "All of the above named Defendants have acted & conspired, both individually & collectively, to deprive the Plaintiff of this 1st, 5th, 8th, & 14th Amendment rights to Due Process..."

2.) "...as evidenced by all [of] the above stated claims against the defendants."

Both sections 1.) & 2) are "short & plain statements", & section 2) is "the grounds upon which [my] claim in [Count 5] rests". However, I did not stop there, I continued to provide supporting "grounds":

3.) "This can be proven not only by the factual statements above[,] but also by review of [KDOC] IMPP's & [Facility] General Orders, [&] also legislation that governs [the formation & institution of IMPP's & G.O.'s]."

Again, in Section 3), I provide supporting "grounds" upon which" my Count 5 claims rest.

• "Conspiracy" & "Meeting-of-the-minds"
• Ineffective Grievance Process
• Ineffective/Inadequate access to law library

Even of the above 3 substantive sub claims in Count 5 survive "initial screening" via F.R.C.P. 8(a)(G) "Following the simple guide of Rule 8(f) that 'all pleadings shall be so construed as to do substantial justice', we have no doubt that the petitioners' complaint adequately set forth a claim & gave the [defendants]

fair notice of [the petitioner's] basis.... such simplified "notice pleading" is made possible by the liberal opportunity for discovery + other pretrial procedures... <u>to disclose more precisely the basis</u> of both claim + defense + to define more narrowly the disputed facts + issues [see: F.R.C.P. §12(e)]."

See: <u>Conley v. Gibson, 355 U.S. 41 (1957)</u> Supra

So, in this case, more evidentiary basis will be forthcoming when KDOC/defendants/Corizon produced their discovery, or pretrial testimony + depositions reveal "more precisely the basis" for my claims.

The U.S. Sup. Court in both <u>Conley</u> + <u>Erickson</u> also involved lower courts dismissing civil rights claims because these courts belived the petitioners' claims in both cases were too "conclusory" just as Judge Lungstrum belives in this case for Count 5. The SCOTUS REVERSED those lower courts dismissals on that basis, + remanded with directions.

## Conclusion

This court must take "Judicial notice of facts from accessible sources of my claims under F.R.C.P. § 8(a)(2). See: <u>Gannon v State</u>, 305 Kan. 850; 390 P.3d 461 (2017)

The above reasons clearly show cause why this court must not dismiss any of my claims in Count 5.

Respectfully Submitted

*[signature]*