IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**LEWIS MICHAEL GEORGE,**

    **Plaintiff,**

    v.                                                                                          CASE NO. 24-3123-JWL

**VANESSA PAYNE-DELANO,**
**et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF"). The Court granted Plaintiff leave to proceed in forma pauperis. On August 14, 2024, the Court entered a Memorandum and Order (Doc. 12) ("M&O") finding that the proper processing of Plaintiff's Eighth Amendment claims could not be achieved without additional information from appropriate KDOC officials and ordering KDOC officials to submit a *Martinez* Report. The Court also directed Plaintiff to show good cause why his claims in Count V should not be dismissed for the reasons stated in the M&O. Plaintiff has filed a response (Doc. 16), a Motion to Amend Complaint (Doc. 17), and a Motion for Subpoena Duces Tecum (Doc. 18).

The Court found in the M&O that Plaintiff's claims in Count V are subject to dismissal. Plaintiff's claims in Counts I through IV allege that Defendants were deliberately indifferent by failing to render aid, by failing to provide access to medical personnel, by failing to escalate the situation to a medical emergency, and by failing to provide adequate medical care. In Count V, Plaintiff claims that the Defendants conspired to deprive Plaintiff of his constitutional rights, and interfered with his attempts to pursue administrative remedies. Plaintiff claims that he has no

1

access to the law library and has to submit a Form 9 to request case law and statutes. Plaintiff alleges that this is a violation of his due process rights. The Court ordered Plaintiff to show good cause why his claims in Count V should not be dismissed for failure to state a claim.

The Court found in the M&O that Plaintiff's bald allegation of a conspiracy is insufficient to state a claim. Plaintiff fails to assert factual allegations in support of these claims. To state a claim for conspiracy, Plaintiff must include in his complaint enough factual allegations to suggest that an agreement was made. *Gee v. Pacheco*, 627 F.3d 1178, 1183 (10th Cir. 2010). A bare assertion of conspiracy, absent context implying a meeting of the minds, fails to raise a right to relief above the speculative level. *Id.* Here, Plaintiff provides no factual information whatsoever to demonstrate any type of agreement was made between anyone. Such conclusory allegations fail to state a plausible claim for relief.

In his response, Plaintiff cites to Fed. R. Civ. P. 8, and argues that specific facts are not required at this stage of the proceedings. (Doc. 16, at 2.) Plaintiff suggests that depositions and further discovery will "flesh-out" his conspiracy claim. *Id*. at 5. However, the Court found in the M&O that Plaintiff must include in his complaint enough factual allegations to suggest that an agreement was made and must raise a right to relief above the speculative level. Plaintiff has failed to do so and has failed to show good cause why his conspiracy claim in Count V should not be dismissed.

The Court found in the M&O that Plaintiff's claims in Count V are also based on Plaintiff's dissatisfaction with the grievance process. Plaintiff acknowledges that a grievance procedure is in place and that he used it. *See* Doc. 8–3 through 8–10. Plaintiff's claims relate to his dissatisfaction with responses to his grievances. The Tenth Circuit has held several times that there is no constitutional right to an administrative grievance system. *Gray v. GEO Group, Inc.*,

No. 17–6135, 2018 WL 1181098, at *6 (10th Cir. March 6, 2018) (citations omitted); *Von Hallcy v. Clements*, 519 F. App'x 521, 523–24 (10th Cir. 2013); *Boyd v. Werholtz*, 443 F. App'x 331, 332 (10th Cir. 2011); *see also Watson v. Evans*, Case No. 13–cv–3035–EFM, 2014 WL 7246800, at *7 (D. Kan. Dec. 17, 2014) (failure to answer grievances does not violate constitutional rights or prove injury necessary to claim denial of access to courts); *Strope v. Pettis*, No. 03–3383–JAR, 2004 WL 2713084, at *7 (D. Kan. Nov. 23, 2004) (alleged failure to investigate grievances does not amount to a constitutional violation); *Baltoski v. Pretorius*, 291 F. Supp. 2d 807, 811 (N.D. Ind. 2003) (finding that "[t]he right to petition the government for redress of grievances . . . does not guarantee a favorable response, or indeed any response, from state officials").

Regarding his claims based on the grievance process, Plaintiff argues in his response that the cases cited by the Court in the M&O are "void by their inherent unreasonableness." (Doc. 16, at 6.) He argues that if the PLRA requires exhaustion, then the grievance procedures must be available. *Id*. Although availability of remedies may be relevant if the issue of exhaustion is raised as an affirmative defense, that is not the case at this stage of the proceedings. The Court found in the M&O that Plaintiff does not have a claim based on his dissatisfaction with the grievance process. Whether or not Plaintiff believes the cited caselaw is unreasonable, this Court is bound by Tenth Circuit precedent. Plaintiff has failed to show good cause why his claims based on the grievance process should not be dismissed.

The Court also found that Plaintiff's claim in Count V regarding access to the law library is subject to dismissal. It is well-established that a prison inmate has a constitutional right of access to the courts. However, it is equally well-settled that in order "[t]o present a viable claim for denial of access to courts, . . . an inmate must allege and prove prejudice arising from the

defendants' actions." *Peterson v. Shanks,* 149 F.3d 1140, 1145 (10th Cir. 1998) (citations omitted); *Lewis v. Casey*, 518 U.S. 343, 349 (1996) ("The requirement that an inmate . . . show actual injury derives ultimately from the doctrine of standing.").

The Court found in the M&O that any claim regarding access to a law library would require an actual injury. The right to access the courts does not guarantee inmates the right to a law library or to legal assistance, but merely to "the means for ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" *Lewis*, 518 U.S. at 350–51 (quoting *Bounds v. Smith,* 430 U.S. 817, 825 (1977)). The right to access the courts is "only [the right] to present . . . grievances to the courts," and does not require prison administrators to supply resources guaranteeing inmates' ability "to litigate effectively once in court" or to "conduct generalized research." *Id*. at 354, 360.

In his response, Plaintiff argues the deprivation of a right or privilege—in this case access to a law library—is always a prejudice and an injury. (Doc. 16, at 6–7.) Plaintiff argues that if the Court were to give the words "prejudice" and "injury" their ordinary meanings, he has established both. *Id*. at 7. However, the "actual injury" requirement is not satisfied by a mere claim of prejudice or injury.

An inmate may satisfy the actual-injury requirement by demonstrating that the alleged acts or shortcomings of defendants "hindered his efforts to pursue" a non-frivolous legal claim. *Lewis*, 518 U.S. at 351-53; *see also Burnett v. Jones*, 437 F. App'x 736, 744 (10th Cir. 2011) ("To state a claim for violation of the constitutional right to access the courts, a prisoner 'must demonstrate actual injury . . .—that is, that the prisoner was frustrated or impeded in his efforts to pursue a nonfrivolous legal claim concerning his conviction or his conditions of confinement.'") (quoting *Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010)).

4

The Supreme Court plainly held in *Lewis* that "the injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 at 354.  Rather, the injury occurs only when prisoners are prevented from attacking "their sentences, directly or collaterally" or challenging "the conditions of their confinement." *Id.* at 355.  "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* (emphasis in original); *see also Carper v. DeLand*, 54 F.3d 613, 617 (10th Cir. 1995) ("[A]n inmate's right of access does not require the state to supply legal assistance beyond the preparation of initial pleadings in a civil rights action regarding current confinement or a petition for a writ of habeas corpus.") (citations omitted).  Plaintiff has failed to show good cause why his claim based on access to the law library should not be dismissed for failure to state a claim.

Plaintiff filed a Motion to Amend Complaint seeking to add Centurion Health Services and the KDOC as defendants. (Doc. 17, at 2.)  Plaintiff argues that Centurion and the KDOC are responsible for the actions of their employees based on a theory of respondeat superior. *Id*.  Plaintiff argues that the "proposed defendants' liability insurance/medical malpractice insurance [is] necessary to the full recovery of any financial damages award." *Id*. at 4.

The Court denies Plaintiff's motion to amend for several reasons.  First, although a plaintiff is entitled to amend a complaint once as a matter of right under Fed. R. Civ. P. 15, the proposed amended complaint—which must be on a Court-approved form—must be attached to the motion.  *See* Fed. R. Civ. P. 15(a)(1) (Amending as a Matter of Course); D. Kan. Rule 9.1(a)(3) ("civil rights complaints by prisoners under 42 U.S.C. § 1983 . . . must be on forms approved by the court"); D. Kan. Rule 15.1(a)(2) ("[a] party filing a motion to amend . . . must: . . . (2) attach the proposed pleading or other document. . ."). Next, the Court's M&O

provides that "[n]o motion addressed to the Complaint shall be filed until the *Martinez* Report required herein has been prepared." (Doc. 12, at 15.)

Furthermore, Plaintiff has not shown that Centurion or the KDOC are proper defendants. Vicarious liability does not apply in an action under § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Mere supervisory status is insufficient to create personal liability. *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008) (supervisor status is not sufficient to create § 1983 liability). An official's liability may not be predicated solely upon a theory of respondeat superior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Gagan v. Norton*, 35 F.3d 1473, 1476 FN4 (10th Cir. 1994), *cert. denied*, 513 U.S. 1183 (1995).

Plaintiff has not shown that the KDOC is a proper defendant. "A party's capacity to sue or be sued in federal court is determined by state law." *Sims v. Kansas Dep't of Corr.*, 2019 WL 4450671, at *4 (D. Kan. Sept. 17, 2019) (citation omitted). "Under Kansas law, absent express statutory authority, legislatively-created government agencies lack the capacity to sue or be sued." *Id*. (citation omitted). "The KDOC is a legislatively-created government agency, and Kansas law does not permit it to sue or be sued." *Id*. (citing K.S.A. § 75-5203). Furthermore, as an agency of the State, the KDOC has absolute immunity under the Eleventh Amendment to a suit for money damages. *See McGee v. Corizon,* 831 F. App'x 381, (10th Cir. Oct. 14, 2020) (unpublished) ("As to the Kansas Department of Corrections, the Eleventh Amendment bars McGee's claim. It is well-recognized that an action cannot be brought in federal court against a state or its agencies.") (citation omitted); *see also Will v. Mich. Dep't of State Police*, 491 U.S.

58, 71 (1989) (holding that "neither a State, nor its officials acting in their official capacities are 'persons' under § 1983").

Plaintiff has also failed to show that Centurion is a proper defendant. In the Tenth Circuit, "to hold a corporation liable under § 1983 for employee misconduct, a plaintiff must demonstrate the existence of the same sort of custom or policy that permits imposition of liability against municipalities under *Monell v. Department of Social Services*, 436 U.S. 658, 694 . . . (1978)." *Wishneski v. Andrade*, 572 F. App'x 563, 567 (10th Cir. 2014) (unpublished) (citations omitted). A corporation may not be held liable based upon respondeat superior because "vicarious liability is inapplicable to . . . § 1983 suits." *Rascón v. Douglas*, 718 F. App'x 587, 589–90 (10th Cir. 2017) (unpublished) (quoting *Iqbal*, 556 U.S. at 676); *see also Spurlock v. Townes*, 661 F. App'x 536, 545 (10th Cir. 2016) (unpublished); *Green v. Denning*, 465 F. App'x 804, 806 (10th Cir. 2012) (unpublished) ("An entity 'cannot be held liable *solely* because it employs a tortfeasor—or, in other words, [it] cannot be held liable under § 1983 on a respondeat superior theory.'") (citation omitted); *Williams v. Correct Care Sols.*, No. 19-3075-SAC, 2019 WL 2005920, at *2 (D. Kan. May 7, 2019); *Jefferson v. Aramark Corr. Servs.*, Case No. 17-3161-SAC, 2017 WL 6557419, at *2 (D. Kan. Dec. 22, 2017); *Livingston v. Correct Care Sols.*, Case No. 07-3256-SAC, 2008 WL 1808340, at *1–2 (D. Kan. Apr. 17, 2008) (stating that "[a] policy is a formal statement by the private corporation" and "[a] custom is a persistent, well-settled practice of unconstitutional misconduct by employees that is known and approved by the corporation.").

Plaintiff has also filed a Moton for Subpoena Duces Tecum, seeking to compel the KDOC to produce video evidence, various logs, and medical records, and seeking depositions of various staff members. (Doc. 18, at 1–2.) The Court's M&O directs KDOC officials to prepare

a *Martinez* Report, including statements of witnesses, and provides that "[c]opies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report. Any recordings related to Plaintiff's claims shall also be included." (Doc. 12, at 15.) The M&O also provides that "[n]o motion addressed to the Complaint shall be filed until the *Martinez* Report required herein has been prepared" and "[d]iscovery by Plaintiff shall not commence until Plaintiff has received and reviewed any Court-ordered answer or response to the Complaint." *Id*. Plaintiff's claims have not survived screening, and any request for discovery at this time is premature. The *Martinez* Report may include much of the information Plaintiff is seeking. Plaintiff's motion is denied without prejudice. Plaintiff should refrain from filing any further motions until the *Martinez* Report has been filed and reviewed by the Court.

**IT IS THEREFORE ORDERED BY THE COURT** Plaintiff's Motion to Amend (Doc. 17) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Subpoena Duces Tecum (Doc. 18) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's claims in Count V are **dismissed.**

**IT IS SO ORDERED**.

**Dated September 9, 2024, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**