IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LEWIS MICHAEL GEORGE,

    **Plaintiff,**

v.                                                    CASE NO. 24-3123-JWL

VANESSA PAYNE-DELANO,
et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF"). The Court granted Plaintiff leave to proceed in forma pauperis. On August 14, 2024, the Court entered a Memorandum and Order (Doc. 12) ("M&O") finding that the proper processing of Plaintiff's Eighth Amendment claims could not be achieved without additional information from appropriate KDOC officials and ordering KDOC officials to submit a *Martinez* Report. The Court also directed Plaintiff to show good cause why his claims in Count V should not be dismissed for the reasons stated in the M&O. On September 9, 2024, the Court entered a Memorandum and Order (Doc. 19) ("M&O II") dismissing Plaintiff's claims in Count V. This matter is before the Court on Plaintiff's Motion for Reconsideration (Doc. 26) seeking reconsideration of the Court's dismissal of his claims in Count V.

The Court found in the M&O that Plaintiff's claims in Count V were subject to dismissal. Plaintiff's claims in Counts I through IV allege that Defendants were deliberately indifferent by failing to render aid, by failing to provide access to medical personnel, by failing to escalate the situation to a medical emergency, and by failing to provide adequate medical care. In Count V,

1

Plaintiff claims that the Defendants conspired to deprive Plaintiff of his constitutional rights, and interfered with his attempts to pursue administrative remedies. Plaintiff claims that he has no access to the law library and has to submit a Form 9 to request case law and statutes. Plaintiff alleges that this is a violation of his due process rights. The Court ordered Plaintiff to show good cause why his claims in Count V should not be dismissed for failure to state a claim. The Court found that Plaintiff failed to show good cause in his response, and dismissed the claims in Count V.

**1. Motion to Reconsider (Doc. 26)**

Plaintiff has filed a motion to reconsider this Court's September 9, 2024 M&O II at Doc. 19. Because Plaintiff's motion was filed within 28 days after the entry of the order, the Court will treat it as a motion under Rule 59. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

A motion to alter or amend under Fed. R. Civ. P. 59(e) may be granted when "the court has misapprehended the facts, a party's position, or the controlling law." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Motions to alter and amend are "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Nelson*, 921 F.3d at 929 (quoting *Servants of the Paraclete*, 204 F.3d at 1012). "[O]nce the district court enters judgment, the public gains a strong

interest in protecting the finality of judgments." *Id*. at 929 (citation omitted).  Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.  *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006); *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016) (relief under R. 59(e) is rare).

In his motion to reconsider, Plaintiff notes that the Court addressed his claims regarding a conspiracy, the grievance process, and law library access.  (Doc. 26, at 1.)  Plaintiff argues that he is also raising a claim that the Court failed to address:  "each of the individual's action that were in violation of his constitutional rights were also thereby in violation of his due process rights contained there in the language of each Right/Amendment."  *Id*. at 1–2.  Plaintiff alleges that "outside of any conspiracy between any of the Defendants to violate Due Process rights, their individual actions which violated [his] rights in any form, also violated the Due Process afforded by that right."  *Id*. at 2.  Plaintiff argues that by phrasing Count V to include actions by Defendants both collectively and individually, he raised an issue as to whether their individual actions violated due process, and "the Court chose to only address the conspiracy angle of the Count V."  *Id*.  Plaintiff also argues that his claims in Count I through IV set forth the actions of all the Defendants and support the due process and conspiracy claims stated in Count V.  *Id*. at 6–7.[1]

The Court not only addressed Plaintiff's conspiracy claim, but also addressed the individual claims in Count V and found that Plaintiff failed to state a claim in Count V.  *See* M&O, Doc. 12, at 9–11.  Plaintiff was given an opportunity to show cause why these claims in Count V should not be dismissed, and his response failed to show good cause.  In dismissing the

---

[1] Plaintiff alleges that recently he was moved to segregation on "pre-hearing detention status," even though no disciplinary report was issued.  (Doc. 26, at 8.)  Plaintiff alleges that his is a due process violation.  *Id*.  Because this happened recently and is not part of the claims in this case, the Court will not address it.

claim, the Court set forth in detail why the allegations in Count V failed to state a claim. *See* M&O II, Doc. 19, at 1–5.

Plaintiff also argues in his motion to reconsider that the Court should not have denied his motion to amend to add Centurion and the KDOC as defendants. Plaintiff takes issue with the Court referencing that his proposed amended complaint was not on a Court-approved form. (Doc. 26, at 9.)

The Court did not merely state that an amended complaint must be on a court-approved form, the Court held that "the proposed amended complaint—which must be on a Court-approved form—must be attached to the motion. M&O, Doc. 19, at 5 (citing Fed. R. Civ. P. 15(a)(1) (Amending as a Matter of Course); D. Kan. Rule 9.1(a)(3) ("civil rights complaints by prisoners under 42 U.S.C. § 1983 . . . must be on forms approved by the court"); D. Kan. Rule 15.1(a)(2) ("[a] party filing a motion to amend . . . must: . . . (2) attach the proposed pleading or other document. . .")). Plaintiff did not attach a proposed amended complaint to his motion.

Next, the Court found that Plaintiff also failed to show that Centurion or the KDOC are proper defendants. *Id*. at 6. Plaintiff argues in his motion to reconsider that supervisory liability should apply because the supervisors failed to prevent the acts and failed to ensure that policies were understood and followed and failed to train employees. (Doc. 26, at 10.) Plaintiff argues that Centurion and the KDOC should be considered "persons" subject to suit. *Id*. at 11–12.

The Court set forth in the M&O II why mere supervisory status is insufficient to create personal liability. The Court also set forth why the KDOC is not a proper defendant under Kansas law and why the KDOC has absolute immunity under the Eleventh Amendment to a suit for money damages. M&O II, Doc. 19, at 6–7.

Plaintiff argues that Centurion should be held liable based on its custom. (Doc. 26, at 13–14.) Plaintiff alleges that Defendant Payne-Delano stated that she did not provide Plaintiff with a proper diagnostic exam on July 7, 2023, because "it's not consistent with our custom to pull everyone with every little complaint." *Id*. at 13. Plaintiff claims that further proof of Centurion's customs, policies and procedures, could only be found by review of any material they provide on the subject or by interviewing current employees. *Id*. at 14.

In the Tenth Circuit, "to hold a corporation liable under § 1983 for employee misconduct, a plaintiff must demonstrate the existence of the same sort of custom or policy that permits imposition of liability against municipalities under *Monell v. Department of Social Services*, 436 U.S. 658, 694 . . . (1978)." *Wishneski v. Andrade*, 572 F. App'x 563, 567 (10th Cir. 2014) (unpublished) (citations omitted). A corporation may not be held liable based upon respondeat superior because "vicarious liability is inapplicable to . . . § 1983 suits." *Rascón v. Douglas*, 718 F. App'x 587, 589–90 (10th Cir. 2017) (unpublished) (quoting *Iqbal*, 556 U.S. at 676); *see also Spurlock v. Townes*, 661 F. App'x 536, 545 (10th Cir. 2016) (unpublished); *Green v. Denning*, 465 F. App'x 804, 806 (10th Cir. 2012) (unpublished) ("An entity 'cannot be held liable *solely* because it employs a tortfeasor—or, in other words, [it] cannot be held liable under § 1983 on a respondeat superior theory.'") (citation omitted); *Williams v. Correct Care Sols.*, No. 19-3075-SAC, 2019 WL 2005920, at *2 (D. Kan. May 7, 2019); *Jefferson v. Aramark Corr. Servs.*, Case No. 17-3161-SAC, 2017 WL 6557419, at *2 (D. Kan. Dec. 22, 2017).

Plaintiff has failed to allege a requisite custom or policy or to name a policymaker. "[T]he Supreme Court has held that in 'limited circumstances,' a failure to train can be the basis for liability under § 1983." *Horocofsky v. City of Lawrence*, 2022 WL 1421554, at *29 (D. Kan. May 5, 2022) (citing *City of Canton v. Harris*, 489 U.S. 378, 387 (1989)). Only when a

5

municipality's failure to train employees evidences a " 'deliberate indifference' to the rights of inhabitants" can a failure to train be considered "a city 'policy or custom' that is actionable under § 1983." *Id.* (quoting *Canton*, 489 U.S. at 389).  To show deliberate indifference, a plaintiff must show that the municipality had "actual or constructive notice that its action or failure to act is substantially certain to result in a constitutional violation," and a conscious or deliberate choice to disregard the harm.  *Id.*  (citation omitted).

Plaintiff fails to allege the existence of a well-settled practice of unconstitutional misconduct that is known and approved by Centurion.  *See Livingston v. Correct Care Sols.*, Case No. 07-3256-SAC, 2008 WL 1808340, at *1–2 (D. Kan. Apr. 17, 2008) (stating that "[a] policy is a formal statement by the private corporation" and "[a] custom is a persistent, well-settled practice of unconstitutional misconduct by employees that is known and approved by the corporation."); *see also Miller v. Corizon*, 2022 WL 4743393, at *2 (D. Kan. Oct. 3, 2022) ("To proceed under this theory, plaintiff must show that a Corizon official who created the challenged policy or custom acted with deliberate indifference with respect to plaintiff or persons in his position or that the policy or custom was deliberately indifferent to a risk of serious harm to plaintiff or persons in his position.") (citing *Khan v. Barela*, 808 F. App'x 602, 619 (10th Cir. 2020); *see also Spurlock*, 661 F. App'x at 546 (dismissing claim against prison corporation for lack of evidence that the corporation was on notice that its policy was substantially certain to result in a constitutional violation and consciously or deliberately chose to disregard it)). Plaintiff has not alleged the existence of such a policy or custom.

Plaintiff does not meet the exacting standard for relief under Fed. R. Civ. P. 59(e).  In sum, Plaintiff has failed to meet the standard required for this Court to alter or amend its September 9, 2024 M&O II at Doc. 19, and that ruling stands.

**2. Motion for Extension of Time (Doc. 28)**

The KDOC, as Interested Party, has filed a motion seeking an extension of time to submit the *Martinez* Report.  (Doc. 28.)  This is the KDOC's first request for an extension of time.  The KDOC seeks a 30-day extension of time and indicates that Plaintiff has no objection to the requested extension.  The motion seeks an extension of time to November 12, 2024.  The motion is granted.[2]

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Reconsideration (Doc. 26) is **denied.**

**IT IS FURTHER ORDERED** that the KDOC's Motion for Extension of Time (Doc. 28) is **granted** to the extent that the Court clarifies that the deadline to submit the *Martinez* Report ordered at Doc. 12 is **November 12, 2024**.

**IT IS SO ORDERED**.

**Dated October 11, 2024, in Kansas City, Kansas.**

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE

---

[2] The Memorandum and Order at Doc. 12 provides that the report shall be due 60 days following the electronic filing of the Waiver of Service Executed.  (Doc. 12, at 14; *see also* Doc. 13, at 1.)  The Waiver of Service Executed was filed on September 13, 2024 (Doc. 29).  Therefore, it appears that the deadline was already set for November 12, 2024.  However, the Court will grant the motion to clarify the deadline.