Jon D. Graves, Legal Counsel, SC #10554
Hutchinson Correctional Facility
P.O. Box 1568
Hutchinson, KS 67504-1568
Telephone: (620) 625-7253
Jon.Graves@ks.gov

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LEWIS MICHAEL GEORGE #81547 )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>VANNESSA PAYNE-DELANO , et al., )<br>)<br>Defendants. )<br>_____) | Case No. 24-3123-JWL |

### REPORT IN "MARTINEZ v. AARON" INVESTIGATION

### CIVIL RIGHTS COMPLAINT

On July 19, 2024, plaintiff Lewis Michael George filed a civil rights action pursuant to 42 USC §1983 in the United States District Court for the District of Kansas. (Doc. 1) At all relevant times plaintiff, Lewis Michael George, inmate number 81547, was an inmate incarcerated in the custody of the Secretary of Corrections of the State of Kansas. Pursuant to a Notice of Deficiency issued by the Court the same day, plaintiff filed a complaint on the court approved form on July 30, 2024. (Docs. 7 & 8) On August 14, 2024, the Court issued an order directing the preparation of a Martinez Report regarding the medical care received by plaintiff

1

responses plaintiff received regarding his need for healthcare from Centurion defendants Dr. Gordon Harrod, Vanessa Payne-Delano and Breanna Johnston. Plaintiff also named Kansas Department of Corrections defendants Katherine K. Firman, Anthony R. Luna, Janelle L. Buchanan and Tommy Williams. (Doc. 1 pp. 2-4) All events occurred while he was housed at the El Dorado Correctional Facility (EDCF). Count V of plaintiff's complaint was dismissed by order of the Court September 9. 2024. (Doc 19)

## SUMMARY OF ALLEGATIONS IN PLAINTIFF'S PETITION

### Factual Allegations

Plaintiff indicates during the two weeks prior to July 7, 2023, he had pain in the upper right quadrant of his abdomen and submitted four sick call slips. Two times he was seen and the other not. (Doc. 8-1 p.9)

Then plaintiff focuses on events occurring on July 7 and 8, 2023, at the El Dorado Correctional Facility and raises similar claims in four different counts. All claims against all defendants raise violations of the 8th and 14th amendments. Essentially plaintiff complains that he was made to suffer pain unnecessarily before his appendicitis was diagnosed and treated.

Count I complains that all defendants failed to render aid to him. (Doc. 8-1 pp. 15-18) Count II generally alleges that all defendants were deliberately indifferent to plaintiff's serious medical needs. (Doc. 8-1 pp. 18-22) Count III alleges all defendants denied plaintiff access to medical care. (Doc. 8-1 pp. 22-25) Count IV alleges all defendants' actions subjected plaintiff to cruel and unusual punishment. (Doc. 8-1 pp. 25-29) Count V, dismissed by the Court, generally alleged a conspiracy by all defendants to deny plaintiff under the 1st, 5th, 8th and 14th Amendments. (Doc. 8-1 pp. 29-30)

**Exhaustion of Administrative Remedies**

Plaintiff alleges he has exhausted all available administrative remedies through the Kansas Department of Corrections and also references him filing a claim with the Joint Committee on Special Claims Against the State. (Doc. 8 p. 5 and Doc. 8-1 p. 5)

**Requested Relief**

Plaintiff seeks declaratory relief that the above acts of the above defendants violated his constitutional rights. (Doc. 8 pp. 5 and Doc. 8-1 7)

Plaintiff seeks an injunction to compel additional training to prevent this type of situation from occurring again. (Doc.8  pp.5 and Doc. 8-1 7)

Plaintiff also seeks in excess of $75,000 for both compensatory and punitive damages, attorney fees and other relief the Court sees to be just and equitable. He later requests $3,000,000 in compensatory damages and $1,000,000 for pain and suffering. (Doc.8 p. 5 and Doc. 8-1 p.7)

Plaintiff is suing all defendants in their official and individual duties. (Doc. 8 pp. 1, 2, and Doc. 8-1 pp. 2-4)

## UNCONTROVERTED STATEMENT OF FACTS

### I.     PLAINTIFF HOUSING INFORMATION

Plaintiff, Lewis George, is an inmate legally incarcerated in the custody of the Secretary of Corrections, State of Kansas, serving sentences for Aggravated Battery and aggravated escape from custody.  Plaintiff has an earliest release date of September 14, 2026.  Plaintiff has a current custody level of special management and is presently housed at the El Dorado Correctional

Facility (EDCF) to where he was transferred on January 12, 2024. Prior to that he was housed at the Hutchinson Correctional Facility (LSCF) from August 18, 2023, until he transferred to EDCF. Prior to that he was housed at the EDCF from February 26, 2021 until February 1, 2017. (See Kasper Sheet Exhibit 1 pp. 1-2)

## II.     STATEMENT'S OF PARTIES REGARDING EVENTS COMPLAINED OF IN PLAINTIFF'S COMPLAINT.

Plaintiff wrote this counsel in a letter received November 22, 2024, to request a variety of things be added to the Martinez report. Counsel investigated the requests and responded to those requests by letter. All requests in the letter were ultimately approved. (Exhibits 2 and 29)

Plaintiff's mother also indicated she was going to submit an affidavit in support of her son, but nothing was received. After Counsel called her, a non-sworn letter containing statements made to her by plaintiff was received and is included herein. (Exhibit 3)

Defendant Vanessa Payne-Delano (Payne-Delano) is a registered nurse employed by Centurion of Kansas, LLC (Centurion). Centurion provides medical and dental care for inmates in the Kansas Department of Corrections.

On July 7, 2023, at 9:54, Payne-Delano went to plaintiff's cell because unnamed correctional staff indicated plaintiff was requesting medical care. Plaintiff did not appear to be in intense or extreme pain and instead seemed annoyed and agitated. Plaintiff reported that in prior weeks he had seen the medical care providers for pain associated with kidney stones. He asked for morphine and valium to address his pain. Instead Payne-Delano encouraged him to drink water and use a warm compress to be more comfortable. She also encouraged him to take Tylenol. Plaintiff argued he wanted the same drugs he received for his kidney stones during a

4

time he was in Mexico, but did agree to take Tylenol.

On July 7, 2023, at 10:51, plaintiff was brought to the sick-call room to be assessed. Defendant Dr. Harrod called Payne-Delano asking about plaintiff's status. She reported to Dr. Harrod that plaintiff was experiencing pain of an apparent kidney stone and was asking for Morphine and Valium for pain. Dr. Harrod reviewed plaintiff's chart and ordered injections of Toradol, an anti-inflammatory and Phenergan, an anti-emetic. Plaintiff was to be frequently re-evaluated as his clinical course dictated.

Payne-Delano administered the Toradol and Phenergan by injection. She heard no complaints from plaintiff for the rest of her shift and no signal was called on plaintiff's behalf. (Exhibit 6, para. 3-4, 8-10)

Defendant Breanna Johnston (Johnston) indicates she is no longer an employee of Centurion and believes she was incorrectly named as a defendant. Johnston states she is not a nurse practitioner, that she has never provided any medical care to plaintiff nor was she involved with any of the events alleged by plaintiff to have occurred on July 7, 2023. Johnston further states she did not discuss plaintiff's symptoms diagnoses or course of care with Payne-Delano. Johnston indicates she did not provide any recommendations or suggestions of medical care for plaintiff with any other Centurion employee. (Exhibit 5, para. 7-9)

Defendant Gordon Harrod (Dr. Harrod) is a physician employed by Centurion to provide medical care to inmates and reports the following.

On June 25, 2023, Plaintiff was seen by a nurse at sick call. He reported he had developed an ache in the upper right quadrant of his stomach since starting a heartburn medication, which medication he was now out of. His stomach was not sensitive to the touch and

5

he had consistent bowel movements. Plaintiff said he had a history of kidney stones. He was advised to drink plenty of fluids. Plaintiff was referred to the medical care provider.

On June 29, 2023, plaintiff was seen by a nurse practitioner. Plaintiff indicated the pain in his upper right quadrant of his stomach began two weeks prior and that it now radiated into his back. No pain or tenderness was noted upon palpitation. Plaintiff was encouraged to follow up if the pain continued or became worse. Plaintiff said he understood.

On July 7, 2023, at 9:54 a.m., Nurse Payne-Delano visited plaintiff regarding his request for medical care regarding pain he believed was associated with kidney stones. For pain plaintiff asked for morphine and valium, but settled for Tylenol. He was also encouraged to drink water and use a warm compress.

At 10:51 a.m., correctional staff called and indicated plaintiff was experiencing pain associated with a kidney stone. Nurse Payne-Delano told Dr. Harrod of Plaintiff's request for morphine and valium. Dr. Harrod reviewed Plaintiff's chart and saw his history of kidney stones. Dr. Harrod believed plaintiff was passing a kidney stone and ordered he be given Toradol and Phenergan and to be frequently re-evaluated as his clinical course dictated.

Plaintiff's symptoms subsided until 6:56 p.m. when plaintiff experienced an intense pain in the upper right quadrant of his stomach. The nurse contacted the on-call physician and received orders to give plaintiff the same medications as was done earlier.

Around 10:30 p.m. plaintiff reported again that his pain had worsened, that he was feeling pressure in his abdomen and complained of chills. The on-call doctor was again contacted and directed plaintiff be taken to the local emergency room for evaluation since the facility count not perform an ultrasound, which could be used to rule out appendicitis. Plaintiff

was taken to the emergency room at 11:15 p.m. July 7, 2023.

On July 12, 2023, plaintiff was returned to the facility from the hospital after undergoing a laparoscopic appendectomy on July 8, 2023.

Dr. Harrod notes that plaintiff had a history of kidney stones and that the complaints made by plaintiff were those associated with kidney stones. When Dr. Harrod evaluated plaintiff, plaintiff complained of pain localized to the right upper quadrant of his abdomen. Appendicitis is associated with pain in the lower right quadrant of the abdomen, which pain plaintiff did not develop until the evening of July 7, 2023, at which time plaintiff was transported to the emergency room for further evaluation and treatment. (Exhibit 4, para. 8-16)

Defendants Harrod and Payne-Delano indicate that plaintiff's medical condition was frequently addressed, diligently monitored and treatment was promptly provided. (Exhibit 4, Para. 17, and Exhibit 6, Para. 11. )

Defendant Tommy Williams is the warden at the El Dorado Correctional Facility. He is the senior administrator for the El Dorado Correctional Facility, but does not directly supervise line staff or directly conduct their training regarding medical care of inmates. In most cases the contract medical staff makes the decisions for treatment, as in this case involving Inmate Lewis George KDOC #81547. Warden Williams did not know anything about the health issues until after Mr. George was hospitalized. (Exhibit 7)

Defendant Jennelle Buchanan was a Unit Team Manager at the Eldorado Correctional Facility (EDCF), located in El Dorado, Kansas at all times relevant hereto. She was working on July 7, 2023 and does remember talking with plaintiff at his cell door. He was complaining that Tylenol was not strong enough regarding the pain he was experiencing due to his kidney stones

7

he believed was causing his pain. Before leaving work that day she did call the healthcare provider and pass along Mr. George's request for stronger pain medication. Plaintiff later told her that he was seen again by the healthcare provider. She also told plaintiff that she was glad he was later transported to the hospital after she left work for the day. At the direction of the Warden, Tommy Williams, on July 21, 2023, Ms. Buchanan did investigate an Emergency Grievance from plaintiff dated July 20, 2023, after it was determined the grievance did not state an emergency. She also determined that no further action would be taken on that grievance, which would be the final order unless Mr. George appealed that finding to the warden and then to the secretary of corrections if he did not like the Warden's response. A copy of her response to that grievance is attached to her affidavit and is labeled "Exhibit A". Ms. Buchanan also commented that she did not have control over the medical staff nor over their policies or procedures. Further, that she could only pass along to the healthcare provider what the inmates request or what she observed. (Exhibit 12)

     Defendant Katherine Firman is a Corrections Supervisor I at Eldorado Correctional Facility (EDCF), located in Eldorado, Kansas. She states she worked a twelve hour shift July 7, 2023, from 6 a.m. to 6 p.m. and remembers that he complained about a pain in his stomach or abdomen early in the shift. She notified the healthcare provider of that complaint and believes a nurse responded to that complaint. She does not remember telling Mr. George in the early afternoon that Unit Team Manager Buchanan had contacted the healthcare provider and that a nurse with pain medication was being sent to him. She did not, between 2:30 and 3:00 p.m. on July 7, 2023, tell Mr. George that if he interrupted her count again that she would write him a disciplinary report for doing so. She also notes that the official count begins at 3:30 each day, so if Mr. George was speaking to her between 2:30 and 3:00 p.m. that would be long before count

8

time. Ms. Firman does confirm that sometime that afternoon she and Corporal Anthony Luna did escort plaintiff to the clinic to receive pain medication, but does not remember if that was before or after the 3:30 count. She does remember that the healthcare provider did respond to Mr. George's cell multiple times on July 7, 2023, during her shift. She finally comments that she was off work on July 8, 2023. (Exhibit 13)

Defendant Anthony Luna was a Corrections Officer I at Eldorado Correctional Facility (EDCF), located in Eldorado, Kansas, at all times relevant to plaintiff's complaints. Mr. Luna does not remember anything about the circumstances plaintiff describes. Mr. Luna does remember that after plaintiff returned from the hospital to the El Dorado Correctional Facility that plaintiff called out to him and showed him a surgical scar plaintiff said was from an operation regarding his appendix. Mr. Luna remembers he was working 12 hour shifts at that time and would have been present from 6 a.m. to 6 p.m. on July 7, 2023. (Exhibit 11)

Plaintiff did also request a statement be obtained from Matthew Richert, who is a Corrections Supervisor I at El Dorado Correctional Facility (EDCF). Mr. Richert knows plaintiff and was working on his living unit the evening of July 7, 2023. Mr. Richert worked a twelve hour shift from 6:00 p.m. July 7, 2023 until 6 a.m. July 8, 2023. Mr. Richert was aware that plaintiff was complaining about pain in his abdomen. Mr. Richert did make calls on plaintiff's behalf to the healthcare provider to encourage them to see Mr. George to further consider what was causing his pain and what might be done to address such pain. (Exhibit 16)

Plaintiff did also request a statement be obtained from Curtis Hutsell, who is a Corrections Officer I at the El Dorado Correctional Facility. Mr. Hutsell knows plaintiff and was working in the control station which included coverage of plaintiff's living unit. Mr. Hutsell worked a twelve hour shift from 6:00 a.m. July 7, 2023, until 6 p.m. July 7, 2023. Working in the

9

control center meant that he had no face to face direct contact with inmates, but he did have an intercom through which inmates in their cells could reach out to him. Plaintiff did call Mr. Hutsell and ask him to have officers on the floor come to his cell because he wanted them to contact the healthcare provider on his behalf. (Exhibit 29)

Plaintiff did also request a statement be obtained from Matthew Dunagan, who is a Corrections Officer II at the El Dorado Correctional Facility. On July 7, 2023 he was a Corrections Officer I. Mr. Dunagan knows plaintiff and was working a 12 hour shift the evening of July 7, 2023 from 6 p.m. until 6 a.m. on July 8, 2023. Mr. Dunagan was aware that Mr. George was complaining about pain in his abdomen and that he did not look good. He did report this to his supervising officers and was told that a signal medical had been called for Mr. George earlier. Mr. Dunagan understood that Mr. George had an issue with kidney stones and was being treated as appropriate. Mr. Dunagan was relatively new to the job and followed his training. Mr. Dunagan believed there was nothing else for him to do. (Exhibit 30)

### III.  EXHAUSTION OF ADMINISTRATIVE REMEDIES/GRIEVANCE DOCUMENTS.

Darcie Holthaus is a Corrections Manager II for the Kansas Department of Corrections. As a part of her duties she acts as the designee for the Secretary of Corrections for the purpose of reviewing property claim appeals, inmate grievance appeals from the correctional facilities around the state and also for receiving emergency grievances filed by inmates to decide if an emergency exists which was of the magnitude sufficient to justify not going through the facility investigation first. She searched her records for grievance appeals by resident Lewis George, Kansas Department of Corrections number 81547 (George), regarding any medical issues and treatments he was experiencing on or around July 7, 2023. She found one Grievance, number

CA00023040, which was appealed to the secretary of corrections. She reviewed that grievance on April 2, 2024, and upheld the responses previously given. A copy of the grievance is attached to her affidavit and labeled "Exhibit A". She also searched her records for any property or personal injury claims filed by George regarding any medical issues and treatments he was experiencing on or around July 7, 2023, and found no such property claims had been appealed to the secretary of corrections. (Exhibit 8)

Janie Powell is an Administrative Specialist, at the Eldorado Correctional Facility (EDCF), is a duly authorized custodian of records and is the keeper of grievances filed at The Eldorado Correctional Facility ("EDCF"), among other records. She searched the record for any grievances filed by Lewis Michael George, resident number 81547, and found two grievances from Mr. George relating to his medical issues arising on July 7, 2023. The first document was an emergency grievance dated July 14, 2023, which was sent to Warden Williams. Warden Williams responded by letter dated June 20, 2023. This date was likely a mistake and should have been dated July 20, 2023. This letter determined the grievance did not state an emergency and referred it to Jennelle Buchanan for a response. This document is attached to her affidavit and is labeled "Exhibit A". The second document is Grievance CA00023040 dated March 6, 2024. Attached to that grievance are a series of documents. First, an undated Form 9 communication noting it to be an attempt at an informal resolution. Second is the grievance itself. The unit team responded the next day and attached the written response noting the grievance had been previously answered and was now out of time. The original response from Jennelle Buchanan dated July 21, 2023, was also attached. Warden Williams responded to the grievance appeal on March 22, 2024, indicating the original response from Jennelle Buchanan was appropriate. Mr. George appealed the response to the secretary of

11

corrections, whose designee Darcie Holthaus indicated on April 2, 2024, that the previous response to the original emergency grievance was appropriate and that this current grievance was submitted out of time. A copy of this grievance and attachments is attached to this affidavit and is labeled "Exhibit B". She also searched the Warden's correspondence for any sent by resident George and find no correspondence between resident George and the Warden. (Exhibit 9)

Jarris Perkins is a unit team manager and compliance and public information officer at the El Dorado Correctional Facility (EDCF)and is the keeper of the records of property claims and grievances for EDCF.  She searched the record for any property claims filed by Lewis Michael George, resident number 81547, regarding his claim for medical issues arising on July 7, 2023, and found one property claim from plaintiff relating to these facts. It referenced the July 7, 2023, date of loss, and was submitted by Mr. George on May 20, 2024.  The claim was not assigned a number and contained a recommendation that the claim be denied.  It does not appear that Mr. George took any further action on this claim denial and it does not appear that the claim was appealed to Darci Holthaus in Topeka as would be the procedure if an appeal was requested. the document above described is attached to this affidavit and is labeled "Exhibit A". (Exhibit 10)

Chelsea Paxton is an administrative specialist at the Hutchinson Correctional Facility (HCF) and is the custodian of grievances filed at HCF. She searched for any grievances filed by petitioner between 2023 and 2024 regarding his medical issues and found none. She also checked for any correspondence between the warden's office and plaintiff and found nothing. (Exhibit 14)

Carrie Worth is a senior administrative assistant at the Hutchinson Correctional Facility (HCF) and is the custodian of property claims filed at HCF.  She found no record of plaintiff

12

filing a property claim regarding his medical issues. (Exhibit 15)

## IV. ADDITIONAL DOCUMENTS -POLICIES

The Kansas Department of Corrections has department wide policies regarding medical care, including:

Internal Management Policy and Procedure 01-114D provides for Procedures in the event of death or hospitalization of inmate. (Exhibit 17)

Internal Management Policy and Procedure 03-101D provides for Staff development and professionalism.  (Exhibit 18)

Internal Management Policy and Procedure 03-104D provides for minimum training standards. (Exhibit 19)

Internal Management Policy and Procedure 10-101D provides for gender responsive programs and services.  (Exhibit 20)

Internal Management Policy and Procedure 10-107D provides for library facilities, holdings and services. (Exhibit 21)

Internal Management Policy and Procedure 10-111D provides for inmate telephone services.  (Exhibit 22)

Internal Management Policy and Procedure 10-117D provides for healthcare screenings, assessments and evaluations – Notices of revocation and referral to IMPP 16-109D. (Exhibit 23)

Internal Management Policy and Procedure 10-121D provides for the availability to inmates of medical, dental and behavioral health services.  (Exhibit 24)

Internal Management Policy and Procedure 16-107D provides for Access to and availability of health care services. (Exhibit 25)

Internal Management Policy and Procedure 16-108D provides for the availability to inmates of medical, dental and behavioral health services. (Exhibit 26)

Internal Management Policy and Procedure 16-109D provides for healthcare screenings, assessments and evaluations. (Exhibit 27)

V.     **MEDICAL RECORDS**

Medical records from April 16, 2013, to September 13, 2024. (The records are on CD. Due to the substantial amount of records involved, Plaintiff will be provided with a CD of those records. He cannot possess the CD, but the records will be saved to a laptop computer with which plaintiff can review them. Records will be submitted under seal) (Exhibit 28)

## **CONCLUSION**

It is unclear whether plaintiff has timely exhausted his administrative remedies. Plaintiff was seen multiple times by the defendant healthcare providers and their evaluations, assessments and treatments for a condition that came on very suddenly seems appropriate. The defendant state employees appeared to have responded correctly to plaintiff's needs, when considered in light of the limitations on what these defendants could actually do regarding healthcare decisions by the healthcare provider.

Respectfully submitted,

_/s/ Jon D. Graves_____
Jon D. Graves #10554

## CERTIFICATE OF SERVICE

      I hereby certify that on December 12, 2024, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following: None.   I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

   Lewis George #81547
   El Dorado Correctional Facility
   P.O. Box 311
   El Dorado, Kansas 67042


                                                         __/s/ Jon D. Graves_____
                                                         Jon D. Graves

## EXHIBIT LIST

1. KASPER Inmate Data Summary sheet for Lewis George KDOC #81547
2. Letter from plaintiff undated, but received November 22, 2024, and Counsel's response
3. Letter from plaintiff's mother Gerrie George Dated November 1, 2024, received December 3, 2024
4. Affidavit of Dr. Gordon Harrod
5. Affidavit of Breanna Johnston
6. Affidavit of Vanessa Payne-Delano
7. Affidavit of Tommy Williams
8. Affidavit of Darcie Holthaus
9. Affidavit of Janie Powell
10. Affidavit of Jarris Perkins
11. Affidavit of Anthony Luna
12. Affidavit of Jennell Buchanan
13. Affidavit of Katherine Firman
14. Affidavit of Chelsea M. Paxton
15. Affidavit of Carrie Worth
16. Affidavit of Matthew Richert
17. Internal Management Policy and Procedure 01-114D
18. Internal Management Policy and Procedure 03-101D
19. Internal Management Policy and Procedure 03-104D
20. Internal Management Policy and Procedure 10-101D
21. Internal Management Policy and Procedure 10-107D
22. Internal Management Policy and Procedure 10-111D
23. Internal Management Policy and Procedure 10-117D
24. Internal Management Policy and Procedure 10-121D
25. Internal Management Policy and Procedure 16-107D
26. Internal Management Policy and Procedure 16-108D

  **27.** Internal Management Policy and Procedure 16-109D
  **28.** Medical record from April 16, 2013 to September 13, 2024
  **29.** Affidavit of Curtis Hutsell
  **30.** Affidavit of Matthew Dunagan

I, Jon D. Graves, certify that the attached are true and correct copies of records kept in the normal course of business by the Kansas Department of Corrections and Kansas Department of Corrections Internal Management Policy and Procedures.

/s/ Jon D. Graves            December 12, 2024
Jon D. Graves                Date

  Subscribed and sworn to before me this 12th day of December, 2024.

              /s/ Rhonda K. Severin
                Notary Public

My Commission Expires: 11-18-2026