

# **K**ansas
**Department of Corrections**

# **I**NTERNAL **M**ANAGEMENT **P**OLICY & **P**ROCEDURE

**Applicability:** ☐ **Adult Operation Only**    ☐ **JUVENILE Operations Only**    ☒ **DEPARTMENT-WIDE**

**IMPP #: 10-111D**                                                    **PAGE #: 1 of 7**

**PROGRAMS AND SERVICES: Resident Telephone Services**

  **Original Date Issued: 08-31-22    Replaces IMPP Issued: 8-31-22 CURRENT EFFECTIVE DATE: 03-09-23**

**Approved By:** _____, **Secretary    Next Scheduled Review: 10/2025**

## POLICY

A Resident Telephone Service (RTS) shall be available to all facilities for residents to place collect or prepaid telephone calls.

## DEFINITIONS

Facility Telephones:  Telecommunications equipment and services that are under the direct control of the Department of Corrections that are designated for staff use, for the purpose of conducting state business.

Programmatic Purpose:  Any purpose which assists the expeditious release of a resident who has been granted parole or who is eligible for parole consideration.

Registered Attorney: An attorney admitted to practice law in the State of Kansas (or other U.S. state), in good standing with an active bar license, who is currently representing the resident in a prospective or identified particular matter and has applied to register with the Department as attorney for that resident and has been approved and is current on his or her registration with the Department.

Resident Telephone Service [RTS]:  Telecommunications equipment and services, under the direct control of the Department of Corrections within the boundary of each facility which are designated to be available to residents to communicate with approved persons in the general public. This may also be referred to as the Inmate Telephone Service (ITS) among providers.

RTS Consultant:  A private entity under contract with the Department of Corrections designated to provide support services, including administrative services, regarding the RTS.

RTS Provider:  A private entity contracted by the Department of Corrections to supply RTS, as defined in this policy.

Site Contact:  A person employed by each correctional facility who is designated by the warden/superintendent to be the primary point of contact for RTS issues.

## PROCEDURES

I.    **Guidelines for Telephone Services**

    A.    Residents who wish to make use of the RTS shall be required to prepare and update a list of up to twenty (20) persons, including registered attorneys, with whom they wish to have telephone contact.

EXHIBIT 22

B.  The choice to purchase prepaid phone time is voluntary and up to the individual resident.

C.  The minimum purchase requirement is $5.00 with additional funding options in $5.00 increments.

D.  Remaining resident prepaid balances with DOC contract providers are non-refundable upon a resident's release.  Any prepaid balance shall revert to the appropriate DOC contract provider.

E.  Resident access to facility telephones, including facility paid long distance services, may be permitted for release planning purposes, and/or for court or administrative hearing attendance on a case-by-case basis when such use is deemed to be in the best interest of the resident's well-being and/or when placement of a collect call is imprudent.

   1.  In the event of a family or personal emergency, one of the warden/superintendent's specific set of designees may authorize the use of a facility telephone.

      a.  The rationale and basis for such authorization shall be documented in writing by the unit team or other staff member who assists the resident in placing the call.

   2.  Use of facility telephones by residents for other purposes shall require the authorization of the warden/superintendent, deputy warden/superintendent or designee, and shall be monitored by a unit team member or designee.

   3.  Resident access to facility telephones for programmatic purposes shall be considered a privilege and not a right.

F.  Residents shall not be granted access to facility telephones for purposes of calling the Department of Corrections Central Office or any parole/probation office.

G.  Possession or use of any telecommunications device by a resident other than as specifically authorized by this IMPP or by a facility general order is prohibited.

   1.  **ADULT:**    Residents violating this provision of this policy shall be subject to disciplinary action pursuant to KAR 44-12-211.

   2.  **JUVENILE:**    Residents violating this provision of this policy shall be subject to appropriate disciplinary action.

## II.  Procedures for Resident Access to Facility Telephones for Release Planning Purposes

A.  Release planning purposes shall include but not necessarily be limited to the following:

   1.  Contacts with parole sponsors and/or potential parole sponsors for purposes of developing and finalizing release plans.

   2.  Contacts with prospective employers as a part of the release planning process.

   3.  Contacts with community-based treatment programs as part of the release planning process.

   4.  Contacts with legitimate and recognized individuals or organizations which provide release planning assistance to residents and their families.

B.  Prior to permitting a resident with access to facility telephones for release planning purposes, the unit team may require that the resident provide evidence that the resident has made a good faith effort to use other means of communication to resolve the issue, and that use of the facility telephone service is the only manner by which an issue can be resolved in a timely manner. Before a resident is given access to a facility telephone to make calls related to residence planning, unit team shall check who is being called to ensure it is a legitimate lead and assess if the person to be called is a known victim and ensure the resident is not victimizing the person.

C.  If a resident desires to use a facility telephone for a release planning purpose, he/she shall submit

a Form 9 request for use of the facility telephone to a unit team member.

    1.    The request shall include the following information:

        a.    The name of the person or agency to be contacted;

        b.    The telephone number(s) of the person or agency to be contacted;

        c.    Evidence that the resident has initiated contact with the agency or has otherwise established that the agency is a legitimate release planning resource; and,

        d.    The purpose of the contact.

D.    If the resident is granted access to a facility phone, the call(s) shall be placed by and monitored throughout by a member of the unit team or designee.

    1.    Under no circumstances shall a resident be given unsupervised access to a facility telephone.

    2.    Residents shall be prohibited from using a facility telephone to make third party calls and shall be counseled by staff not to use profanity or make threats during calls from a facility telephone.

## III.    Instructions Regarding Access to Resident Telephone Service [RTS]

A.    Violations of rules concerning resident telephone use shall be processed and punished by exclusive reference to the following:

    1.    **ADULT:**    K.A.R. 44-12-211, Telephones or other communication devices, a Class I offense, and no facility general orders upon the subject shall be permitted.

    2.    **JUVENILE:**    K.A.R. 123-12-208, Misuse of state property, as distinguished below, a Class II offense, or 123-12- 901 Dangerous Contraband for possession of an unauthorized telephone or other communication device.

    3.    Nonetheless, subject to the provisions of subsection (d) below, in addition to, in lieu of, or without regard to imposition of disciplinary sanctions, a resident's telephone privileges may be suspended, at the discretion of the warden/superintendent, upon presentation of evidence that is credible and reliable in the warden/superintendent's judgment, under the following circumstances:

        a.    If the resident commits a rule violation as set forth in K.A.R. 44-12-211 (adult) or 123-12-208 (juvenile) pertaining to the use of the telephones;

        b.    If the resident is found to be engaged in illegal activity using the telephones [whether or not a disciplinary or criminal conviction has occurred], or;

        c.    If there are substantial security concerns that require that the resident's telephone usage be limited.

    4.    When a resident's telephone privileges are to be suspended, the warden/superintendent shall set the initial period of suspension, not to exceed ninety (90) days, subject to the provisions of subsection (c) below.

        a.    Prior to the end of this initial period of suspension, the action shall be reviewed to determine if further limitations are necessary to protect the safety, security, and order of the correctional facility, or to prevent the resident from engaging in illegal

activity.

b.    At the review, the suspension may be renewed if the suspension is necessary to protect the safety, security, and order of the correctional facility, or to prevent the resident from engaging in illegal activity.

(1)    If the suspension is renewed, it shall continue to be renewed at intervals not to exceed thirty (30) days until withdrawn or a cumulative total of 180 days of suspension has been reached. The suspension of telephone privileges shall not exceed 180 consecutive days and not more than 240 days in a 12-month period.

c.    If the resident is charged with violation of KA.R. 44-12-211 (adult) or 123-12-208 / 123-12-901 (juvenile) stemming from the same factual circumstances upon which the suspension of telephone privileges was based, and the resident is subsequently acquitted of the charge, with the acquittal approved by the warden/superintendent upon administrative review pursuant to K.A.R. 44-13-701 (adult) / 123-13-701 (juvenile) , the warden/superintendent shall proceed to immediately reconsider the suspension, and shall take action in regard to the suspension as the warden/superintendent deems appropriate, though the period of suspension may not be increased due to fact of the acquittal.

(1)    If the conviction is revoked in a subsequent appeal upon review by the Secretary's designee for reason of lack of some evidence to support the conviction, the warden/superintendent shall then rescind the suspension upon receipt of the Secretary's decision.

d.    If the resident is charged with and convicted of a violation stemming from the same factual circumstance upon which the suspension of telephone privileges was based, any disciplinary sanction imposed therein involving restriction from privileges shall be deemed not to refer to or include telephone privileges, and the warden/superintendent's administrative suspension of telephone privileges shall instead be the sole measure of the period of suspension.

B.    Scheduling and duration of resident telephone calls is important to ensure adequate access for the resident population.

1.    Individual telephone calls shall not exceed sixty (60) minutes in duration.

2.    The frequency in which residents may make phone calls is limited only by their access and the number of residents desiring to initiate calls.

3.    Residents calling from RTS telephones shall make prepaid by resident, prepaid collect, or collect calls only.

4.    Each facility shall establish schedules for housing units and/or other functional areas designating blocks of time for the use of telephones by specific housing assignment or location of residents.

C.    Resident telephone calls, except for registered attorney calls, may be subject to monitoring and recording.

1.    Enforcement, Apprehensions, and Investigations (EAI) staff shall be responsible for control of all recording and monitoring functions which shall consist of, but not limited to, the following:

a.    Selection of resident telephone line(s) for monitoring;

b.    Monitoring of selected resident telephone line(s);

     c.     Storage and chain of custody of all audio recordings preserved as evidence.

    2.     Residents requiring privileged communications to persons other than registered attorneys shall submit such requests through their unit team. The unit team may make a recommendation to the warden/superintendent to exclude a proposed called party from the recording/monitoring requirement. The warden/superintendent may approve such a request, if the proposed called party has a statutory right to private consultation with the resident, and if the client/professional relationship between the resident and the proposed called party is documented.

D.    Each warden/superintendent shall cause a notice to be posted on all RTS telephones and in an area clearly visible to the users of resident RTS telephones advising that all calls, except those to registered attorneys, may be subject to monitoring and recording.

    1.     The notice may be as provided by the telephone service provider, or, the notice shall read as follows:

        **"NOTICE WARNING: All calls, except those to registered attorneys, originating from this telephone are subject to routine monitoring and recording in accordance with KAR 44-2-102 (c)."**

E.    The Allowed Calling List Requests Form (Attachment A) shall be completed by each resident initially during the orientation process, and at intervals of one hundred and twenty days in adult facilities, and one hundred and eighty days in juvenile facilities. Residents may add phone numbers using the kiosk or tablet in lieu of Attachment A, with the exception of adding Registered Attorney numbers (see section F. 3 below).

    1.     Residents requiring translations of the Allowed Calling List Requests Form shall be assisted by the respective unit team.

    2.     Each resident shall be given the opportunity to complete an Allowed Calling List Requests Form or use of a kiosk/tablet to add a phone number.

        a.     Information required on the Allowed Calling List Requests Form includes:

            (1)     The area code and telephone number;

            (2)     The complete name of the person to be called;

            (3)     The complete address of the person to be called; and,

            (4)     The relationship of the person to be called to the resident.

        b.     Numbers with any missing information will not be entered into the telephone calling service computer system.

    3.     Residents shall be allowed to maintain a list containing no more than twenty (20) numbers of their choosing.

        a.     Registered attorney(s) requests shall be made using the Allowed Calling List Request form and shall be listed first on the form.

            (1)     The resident may list as many registered attorneys as desired, but each individual attorney shall be included as one (1) of the permitted twenty (20) numbers.

                (a)     All numbers listed for attorneys shall be verified prior to being entered into the telephone calling service computer system.

                (b)     To be considered a registered attorney for purposes of confidential telephone call access, the attorney must submit and

have approved an application to register as an attorney and have the registration approved on a 90-day or annual basis depending on whether the representation is prospective or existing..

    (c)    Registered attorney calls shall be limited to 30 minute or less in duration, unless approved by the Warden/superintendent in advance.

    b.    No former employee, former volunteer, or former contract worker shall be added to a resident's phone list within two years of the severance of the individual's relationship with a correctional facility unless specifically exempted in writing by the warden/superintendent of the facility housing the resident desiring to add the individual to his or her phone list.

    4.    The Allowed Calling List Requests Form shall be filled out completely by the resident and then signed by both the resident and the unit team.

    a.    When adding numbers using the kiosk or tablet, unit team shall be responsible for reviewing and approving/denying these requests.

    5.    The unit team shall route the form to the site contact.

F.    The site contact shall be responsible for transmitting the Allowed Calling List Requests Form to the designated RTS provider for entry of the information into the RTS.

    1.    Incomplete Allowed Calling List Requests Forms or forms which do not have the requisite staff signature, per section III.E., will be returned to the resident without being processed.

G.    Either at a resident's 120-day review (adult facilities), 180-day review (juvenile facilities) or, for residents on an annual review cycle, at the annual review [or on a date 120 days (adult)/180 days (juvenile) before or a date 120/180 days after the review], the list may be amended with additions or deletions of numbers on the list.

    1.    If the list currently contains twenty (20) numbers, no additions can be made unless there are deletions of existing numbers.

    2.    Requests to change the phone number of a person on a resident's phone list outside of the 120-day review, 180 day review, or specified dates for annual review residents, may be considered by and at the discretion of the site contact if a written request is received by the site contact from the listed person.

H.    All concerns pertaining to the RTS shall be forwarded to the RTS Consultant.

I.    All correspondence regarding the RTS shall be monitored by the site contact.

**IV.    Calls for the Hearing or Speech Impaired**

A.    Residents who are hearing impaired, speech impaired, who otherwise require the use of a Telecommunication Device for the Deaf (TDD) or Video Relay Service (VRS), or who wish to make calls to a person requiring the use of such a device, shall make a request for accommodation of their need through the unit team.

B.    The unit team shall verify that either the resident or the recipient of the call requires the use of a TDD or VRS.

    1.    In general, all TDD calls shall be placed only by a resident using a TDD device, to a recipient who is also using a TDD device.

    2.    An exception may be made by the unit team for good cause shown where the recipient of the call does not require the use of a TDD.

However, the calling resident shall still use a TDD device.

C.    All approved TDD and VRS calls through the service provider shall be made by the unit team, if needed.  The unit team shall:

    1.    Initiate the call, and advise the operator that the call is to be collect, if applicable;

    2.    Assure that the resident uses the TDD/VRS;

    3.    Allow at least 25% additional time over  the standard KDOC call duration for use of the TDD/VRS;

    4.    Monitor the call; and,

    5.    Assure that the TDD printing device is operational.

**V.    Work unit leaders (wardens, superintendents, parole directors) shall develop a general order for this IMPP that address only the following:**

A.    Wardens of work release facilities shall promulgate a general order which outlines procedures for the possession and use of resident owned cell phones.

**NOTE:**  The policy and procedures set forth herein are intended to establish directives and guidelines for staff, residents, and offenders and those entities that are contractually bound to adhere to them. They are not intended to establish State created liberty interests for employees, residents, or offenders, or an independent duty owed by the Department of Corrections to employees, residents, offenders, or third parties. Similarly, those references to the standards of various accrediting entities as may be contained within this document are included solely to manifest the commonality of purpose and direction as shared by the content of the document and the content of the referenced standards.  Any such references within this document neither imply accredited status by a Departmental facility or organizational unit, nor indicate compliance with the standards so cited. The policy and procedures contained within this document are intended to be compliant with all applicable statutes and/or regulatory requirements of the Federal Government and the state of Kansas. This policy and procedure is not intended to establish or create new constitutional rights or to enlarge or expand upon existing constitutional rights or duties.

**REPORTS**

None.

**REFERENCES**

KAR 44-2-102, 44-13-701 123-12-208, 123-13-701

**HISTORY**

08-31-22 Original
03-09-23 Revision 1

**ATTACHMENTS**

| Attachment | Title of Attachment | Page Total |
|---|---|---|
| A | Allowed Calling List Requests form | 1 page |
| B | Application for Registration as Registered Attorney | 1 page |

Attachment A, IMPP 10-111D
Effective 03-09-23

## KANSAS DEPARTMENT OF CORRECTIONS
### Allowed Calling List Requests

**RESIDENT NAME:** *(Last Name)* _____    DATE: _____

*(First Name)* _____

KDOC/PIN_____

Facility: _____    Housing Unit/Cell House: _____    120 – Day Review Date: _____

### NEW /ADDITIONAL PHONE NUMBERS
**Residents are allowed a total of 20 active phone numbers.**

| PHONE NUMBER | CALLED PARTY'S NAME | RELATIONSHIP | ADDRESS | INTERNAL USE: Added (Yes or No) |
|---|---|---|---|---|
| 1. | | | | |
| 2. | | | | |
| 3. | | | | |
| 4. | | | | |
| 5. | | | | |
| 6. | | | | |
| 7. | | | | |
| 8. | | | | |
| 9. | | | | |
| 10. | | | | |
| 11. | | | | |
| 12. | | | | |
| 13. | | | | |
| 14. | | | | |
| 15. | | | | |
| 16. | | | | |
| 17. | | | | |
| 18. | | | | |
| 19. | | | | |
| 20. | | | | |

### DELETIONS

| PHONE NUMBER | CALLED PARTY'S NAME | RELATIONSHIP | ADDRESS | INTERNAL USE: Added (Yes or No) |
|---|---|---|---|---|
| 1. ( ) | | | | |
| 2. ( ) | | | | |
| 3. ( ) | | | | |
| 4. ( ) | | | | |
| 5. ( ) | | | | |

### ATTORNEY NUMBERS
**(Attorney phone numbers shall be included in the 20 total active phone numbers.)**

| PHONE NUMBER | ATTORNEY NAME | ADDRESS | INTERNAL USE: Added (Yes or No) |
|---|---|---|---|
| 1. ( ) | | | |
| 2. ( ) | | | |

**RESIDENT SIGNATURE:** _____

**Staff Comment:** _____

**Staff Signature:** _____    DATE: _____

_____

**Completed By:** _____    Date Entered: _____/_____/_____

Attachment B, IMPP 10-111D
Effective 03-09-23

**KANSAS DEPARTMENT OF CORRECTIONS**
**Application for Registration as Registered Attorney**

**ATTORNEY INSTRUCTIONS**

- Complete sections I and II, except for information fields marked with an asterisk (*).
- Email the completed form to KDOC_Legal@ks.gov. **NOTE: A legible copy of your current attorney bar card and driver's license must be included with your application.**
- Confirm the application approval and procedures with the resident's unit of assignment the business day prior to the requested phone call.

NOTE: Eligible residents shall be permitted to place calls to their registered attorney(s) using the Resident Telephone Service once the attorney has successfully registered. If you have any questions regarding the completion of this form, please contact KDOC Legal.

**I.    RESIDENT IDENTIFICATION**

Resident Name:_____ KDOC #:_____    *Facility:_____

*Custody Status:_____    *Job Assignment:_____    *Housing Location:_____

**II.    ATTORNEY INFORMATION AND AFFIRMATION**

Name:_____    Bar No./State:_____

Business Address:_____

Business Telephone No.:_____Fax No.:_____
(This number *must* be listed with the licensing authority and is subject to verification)

Personal relationship (friends, family, etc.) with the resident? No:_____ Yes:_____ (State specifically the nature of your relationship:_____.

*Attorney Affirmation: I hereby certify that [check one]: ☐ I have an existing attorney-client relationship with the resident identified in this application regarding _____ [matter name, case no., body where pending]. ☐ A confidential telephone call is requested for the purpose of discussing a prospective attorney-client relationship. I understand that I have other confidential means of communicating with my client, including visits and mail. I understand that the confidential telephone call for which I am applying shall not be used to accomplish any non-attorney-client communication. I understand that this application is subject to review and renewal on an at least annual basis for existing clients, and 90 days for prospective clients (subject to renewal). I agree that I will notify the KDOC Legal Department immediately if my representation of the resident ends. I understand that this confidential telephone call privilege may be revoked and/or my number blocked if the telephone calls are used for any non-attorney client communication or if any other KDOC rules, including but not limited to registration requirements, are violated. I also understand that any false certification or violation of KDOC rules may be referred to the appropriate authorities.*

Attorney signature:_____ Date:_____

**III.    OFFICIAL USE ONLY**

Date Application Received:_____Copy of Bar Card Attached?:_____Copy of DL Attached?:_____
Method used to verify attorney's identity:____State Bar: _____Other:_____

Attorney telephone number verified?_____

REGISTRATION APPROVED:____Yes:_____No:_____Date:_____

Signature:_____Printed Name:_____

Reason not approved, if applicable: _____