IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**LEWIS MICHAEL GEORGE,**

    **Plaintiff,**

    v.                                                                                            **CASE NO. 24-3123-JWL**

**VANESSA PAYNE-DELANO,**
et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF"). The Court granted Plaintiff leave to proceed in forma pauperis. On August 14, 2024, the Court entered a Memorandum and Order (Doc. 12) ("M&O") finding that the proper processing of Plaintiff's Eighth Amendment claim could not be achieved without additional information, and directing Kansas Department of Corrections ("KDOC") officials to submit a *Martinez* Report. The Court also directed Plaintiff to show good cause why his claims in Count V should not be dismissed. Plaintiff's claims in Count V were subsequently dismissed. (Doc. 19.)

The M&O provides that "[o]nce the report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915A." (Doc. 12, at 9.) The *Martinez* Report (Doc. 32) (the "Report") has now been filed. The Court's screening standards and Plaintiff's factual allegations are set forth in detail in the Court's M&O.

Plaintiff's claims are based on medical care he received on July 7, 2023, at EDCF. Plaintiff alleges that there was an unreasonable delay in receiving pain medication and in determining that he had appendicitis.

1

The Report provides in relevant part that:

> Dr. Harrod notes that plaintiff had a history of kidney stones and that the complaints made by plaintiff were those associated with kidney stones. When Dr. Harrod evaluated plaintiff, plaintiff complained of pain localized to the right upper quadrant of his abdomen. Appendicitis is associated with pain in the lower right quadrant of the abdomen, which pain plaintiff did not develop until the evening of July 7, 2023, at which time plaintiff was transported to the emergency room for further evaluation and treatment. (Exhibit 4, para. 8-16)
> Defendants Harrod and Payne-Delano indicate that plaintiff's medical condition was frequently addressed, diligently monitored and treatment was promptly provided. (Exhibit 4, Para. 17, and Exhibit 6, Para. 11. )

(Doc. 32, at 7.)

The Eighth Amendment guarantees a prisoner the right to be free from cruel and unusual punishment. "[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation omitted).

The "deliberate indifference" standard includes both an objective and a subjective component. *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005) (citation omitted). In the objective analysis, the deprivation must be "sufficiently serious," and the inmate must show the presence of a "serious medical need," that is "a serious illness or injury." *Estelle*, 429 U.S. at 104, 105; *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), *Martinez*, 430 F.3d at 1304 (citation omitted). A serious medical need includes "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Martinez*, 430 F.3d at 1304 (quoting *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000)).

"The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety." *Id*. (quoting *Sealock*, 218 F.3d at 1209). In measuring a prison

official's state of mind, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 1305 (quoting *Riddle v. Mondragon*, 83 F.3d 1197, 1204 (10th Cir. 1996)).

A mere difference of opinion between the inmate and prison medical personnel regarding diagnosis or reasonable treatment does not constitute cruel and unusual punishment. *See Estelle*, 429 U.S. at 106–07; *see also Coppinger v. Townsend*, 398 F.2d 392, 394 (10th Cir. 1968) (prisoner's right is to medical care—not to type or scope of medical care he desires and difference of opinion between a physician and a patient does not give rise to a constitutional right or sustain a claim under § 1983).

Delay in providing medical care does not violate the Eighth Amendment, unless there has been deliberate indifference resulting in substantial harm. *Olson v. Stotts*, 9 F.3d 1475 (10th Cir. 1993). In situations where treatment was delayed rather than denied altogether, the Tenth Circuit requires a showing that the inmate suffered "substantial harm" as a result of the delay. *Sealock v. Colorado*, 218 F.3d 1205, 1210 (10th Cir. 2000) (citation omitted). "The substantial harm requirement 'may be satisfied by lifelong handicap, permanent loss, or considerable pain.'" *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (quoting *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001)).

"A plaintiff 'need not show that a prison official acted or failed to act believing that harm actually would befall an inmate,' but rather that the official 'merely refused to verify underlying facts that he strongly suspected to be true, or declined to confirm inferences of risk that he strongly suspected to exist.'" *Lucas v. Turn Key Health Clinics, LLC*, 58 F.4th 1127, 1137 (10th Cir. 2023) (quoting *Farmer*, 511 U.S. at 842, 843 n.8).

The Tenth Circuit recently clarified that "it is possible to have some medical care and still state a claim under the gatekeeper theory." *Id*. at 1139. "The inquiry under a gatekeeper theory is not whether the prison official provided *some* care but rather whether they fulfilled their sole obligation to refer or otherwise afford access to medical personnel capable of evaluating a patient's treatment needs when such an obligation arises." *Id*. (citations omitted). Under the deliberate indifference analysis, "merely doing *something* (with no reference to the underlying condition) does not necessarily insulate one from liability." *Id*. "Instead, a court may need to determine whether there was the functional equivalent of a complete denial of care in light of the specific circumstances." *Id*. (citations omitted).

Plaintiff has failed to show that any defendant was deliberately indifferent to his medical needs. Plaintiff has failed to show that Defendants disregarded an excessive risk to his health or safety or that they were both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and also drew the inference. Plaintiff's claims suggest, at most, medical malpractice. Medical malpractice against a prisoner is a state law claim and does not state a claim for relief under Section 1983. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.") Under 28 U.S.C. § 1367(c)(3), "district courts may decline to exercise supplemental jurisdiction over a claim if . . . the district court has dismissed all claims over which it has original jurisdiction." "When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) (quotations omitted); *see also Foxfield Villa Assocs., LLC v. Robben*, 967 F.3d 1082, 1103 (10th Cir. 2020) ("[A] district court should normally dismiss supplemental state law claims after all federal claims have been dismissed, particularly when the

federal claims are dismissed before trial.") (citation omitted).

Based on the Report, the Court is considering dismissal of Plaintiff's claims. However, the Court will grant Plaintiff an opportunity to respond to the Report and to show good cause why his claims should not be dismissed for failure to state a claim.

## IV. Response Required

The *Martinez* report developed as a means "to ascertain whether there is a factual as well as a legal basis for [a] prisoner's claims." *Gee v. Estes*, 829 F.2d 1005, 1007 (10th Cir. 1987). The report "is treated like an affidavit, and the court is not authorized to accept the factual findings of the prison investigation when the plaintiff has presented conflicting evidence." *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991) (citing *Sampley v. Ruettgers*, 704 F.2d 491, 493 n. 3 (10th Cir. 1983)). Thus, at this point in the proceedings the Court does not use the Report to resolve conflicts of fact. *See Swoboda v. Duback*, 992 F.2d 286, 290 (10th Cir. 1993) ("In determining whether a plaintiff has stated a claim, the district court may not look to the Martinez report, or any other pleading outside the complaint itself, to refute facts specifically pled by a plaintiff, or to resolve factual disputes."). In light of the Report, the Court is considering dismissal of this matter for failure to state a claim.

Plaintiff will be given an opportunity to respond to the Report and to show good cause why dismissal should not be entered. Failure to respond by the Court's deadline may result in dismissal of this action without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **February 3, 2025,** in which to respond to the Report at Doc. 32, and to show good cause, in writing to the undersigned, why Plaintiff's claims should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated January 3, 2025, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**
