IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**LEWIS MICHAEL GEORGE,**

    **Plaintiff,**

    v.                                                  **CASE NO. 24-3123-JWL**

**VANESSA PAYNE-DELANO,**
**et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF"). The Court granted Plaintiff leave to proceed in forma pauperis. On August 14, 2024, the Court entered a Memorandum and Order (Doc. 12) ("M&O") finding that the proper processing of Plaintiff's Eighth Amendment claim could not be achieved without additional information, and directing Kansas Department of Corrections ("KDOC") officials to submit a *Martinez* Report. The Court also directed Plaintiff to show good cause why his claims in Count V should not be dismissed. Plaintiff's claims in Count V were subsequently dismissed. (Doc. 19.)

The *Martinez* Report (Doc. 32) (the "Report") was filed, and on January 3, 2025, the Court entered a Memorandum and Order (Doc. 36) ("M&O II") granting Plaintiff an opportunity to respond to the Report and to show good cause why his claims should not be dismissed. This matter is before the Court on Plaintiff's response (Doc. 38).[1]

---

[1] The Court notes that Plaintiff filed a Notice (Doc. 37) on January 14, 2025, indicating that he may need additional time to submit his response to the M&O. Because Plaintiff submitted his response on January 31, 2025—prior to the deadline—the Court will not be taking any action on the Notice at Doc. 37.

1

Plaintiff's claims are set forth in detail in the Court's M&O.  In summary, Plaintiff's claims relate to the medical care he received on July 7, 2023, at EDCF.   Plaintiff alleges that there was an unreasonable delay in receiving pain medication and in determining that he had appendicitis.

The findings in the Report are set forth in detail in the M&O II.  In summary, the Report found that Plaintiff had a history of kidney stones and his complaints were originally consistent with those associated with kidney stones.  The Report provides that appendicitis is associated with pain in the lower right quadrant of the abdomen, which pain Plaintiff did not develop until the evening of July 7, 2023, at which time Plaintiff was transported to the emergency room for further evaluation and treatment.  The Report indicates that Plaintiff's medical condition was frequently addressed, diligently monitored, and treatment was promptly provided.

In his response, Plaintiff disputes the allegations in the Report.  Plaintiff disputes the declarations in Nurse Payne-Delano's affidavit at Doc. 32–6.  Nurse Payne-Delano declares in the affidavit that she responded to Plaintiff's cell at 9:54 am on July  7, 2023, and that Plaintiff was brought to the sick call room around 10:51 am where she injected Plaintiff with Toradol and Phenergan.  *Id*. at ¶¶ 8–10.  Plaintiff claims that Nurse Payne-Delano only came to Plaintiff's cell early in the morning between 8:30 am and 10:00 am.  (Doc. 38, at 1–2.)  Plaintiff claims that despite Payne-Delano's claim that she administered shots of Toradol and Phenergan at around 10:51 am, Plaintiff claims he did not receive any shots until around 3:45 pm to 4:30 pm, and they were not administered by Payne-Delano.  *Id*. at 2.  Plaintiff alleges that this is supported by CSI Firman's affidavit at Doc. 32–13.  *Id*.  Firman's affidavit states that she and Corporal Anthony Luna escorted Plaintiff to the clinic to receive pain medication "in the afternoon," but she did not recall whether it was before or after the 3:00 pm count.  (Doc. 32–16, at ¶ 6.)

Plaintiff also alleges that Nurse Payne-Delano did not take his vital signs, despite recording such in his medical file. (Doc. 38, at 3.) Plaintiff alleges that his only encounter with her that day was through his cell door. *Id*. at 5. Plaintiff alleges that this prevented her from forwarding accurate information on to the doctor. *Id*. at 8. Plaintiff also alleges that he told Nurse Payne-Delano that he was experiencing lower right abdominal pain—not pain in his right upper quadrant as stated in the Report. *Id*. at 9–10. Plaintiff alleges that he had to suffer for eight hours before receiving pain medication. *Id*. Plaintiff alleges that he suffered from moderate abdominal pain from June 10, 2023, to July 7, 2023, and he suffered excruciating pain for over 16 hours on July 7, 2023. *Id*. at 17. Plaintiff alleges that his condition existed for at least 22 days, and was not resolved until he had his appendectomy on July 8, 2023. *Id*. at 7.

The *Martinez* report developed as a means "to ascertain whether there is a factual as well as a legal basis for [a] prisoner's claims." *Gee v. Estes*, 829 F.2d 1005, 1007 (10th Cir. 1987). The report "is treated like an affidavit, and the court is not authorized to accept the factual findings of the prison investigation when the plaintiff has presented conflicting evidence." *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991) (citation omitted). The Court "cannot resolve material disputed factual issues by accepting the report's factual findings when they are in conflict with pleadings or affidavits." *Id*. at 1109. "Furthermore, '[a] bona fide factual dispute exists even when the plaintiff's factual allegations that are in conflict with the *Martinez* Report are less specific or well-documented than those contained in the report.'" *Bellamy v. Kansas*, 2024 WL 3718065, at n.5 (10th Cir. Aug. 8, 2024) (unpublished) (quoting *Hall*, 935 F.2d at 1109).

The Court is unable to resolve the factual disputes at this stage of the proceedings and finds that this case survives screening under 28 U.S.C. § 1915A.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's claims survive the Court's screening under 28 U.S.C. § 1915A.

**IT IS SO ORDERED**.

**Dated March 20, 2025, in Kansas City, Kansas.**

                                       <u>**S/ John W. Lungstrum**</u>
                                       **JOHN W. LUNGSTRUM**
                                       **UNITED STATES DISTRICT JUDGE**