UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LEWIS MICHAEL GEORGE )<br>)<br>Plaintiff, )<br>)<br>v.                                     )       Cause No. 5:24-cv-03123<br>)<br>VANESSA PAYNE-DELANO et al.,  )<br>)<br>Defendants.                   ) | |

## CENTURION DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

COME NOW Defendants Vanessa Payne-Delano, RN, Gordon Harrod, MD, and Breanna Johnston, NP (the "Centurion Defendants"), and respectfully request that this Court dismiss all claims against the Centurion Defendants pursuant to Fed. R. Civ. P. 12(b)(6).

### INTRODUCTION

The events of this lawsuit occurred while Plaintiff Lewis Michael George was incarcerated at the El Dorado Correctional Facility ("EDCF"), which is operated by the Kansas Department of Corrections ("KDOC"). The Centurion Defendants are employees affiliated with Centurion of Kansas, LLC, an entity contracted by the KDOC to provide medical services to inmates at EDCF.

On July 19, 2024, Mr. George filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging that he suffered from appendicitis on July 7, 2023. (Doc. 1). He alleges that despite receiving frequent care and medical surveillance, his symptoms were never properly addressed or diagnosed. (Doc. 1 at 9). Mr. George alleges that all three Centurion

Defendants were deliberately indifferent to his condition for failing to send him to the hospital earlier than they did. Mr. George is seeking monetary damages in the form of compensatory and punitive damages. (Doc. 1 at 8).

Defendants are entitled to dismissal because Mr. George failed to exhaust his administrative remedies.

## STANDARD OF REVIEW

*<u>Standard on Motion to Dismiss for<br>Failure to Exhaust Administrative Remedies</u>*

Pursuant to 42 U.S.C. § 1997e(a), a prisoner must exhaust his administrative remedies before bringing a civil action. The exhaustion requirement is satisfied when the inmate "uses all steps that the agency holds out." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). The exhaustion requirement is "***mandatory, and the district court [is] not authorized to dispense with it***." *Little v. Jones*, 607 F. 3d 1245, 1249 (10th Cir. 2010) (emphasis added); *Gray v. Sorrels*, 818 F. App'x 787, 789 (10th Cir. 2020). An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under 42 U.S.C. § 1997e(a) for failure to exhaust his administrative remedies. *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). The Prisoner Litigation Reform Act additionally requires strict compliance by prisoners seeking redress of their grievances as interpreted by *Woodford v. Ngo,* 548 U.S. 81, 126 S. Ct. 2378, 2386-87, 165 L. Ed. 2d 368 (2006). As § 1997e(a) imposes a "total exhaustion" requirement, meaning that, if a prisoner brings an action containing multiple challenges to prison conditions, the action must be dismissed for failure to exhaust administrative remedies if the prisoner has failed to exhaust

administrative remedies as to any one of the asserted claims. *Muhammad v. Calbone*, 156 F. App'x 87, 89 (10th Cir. 2005); *Ross v. County of Bernalillo*, 365 F.3d 1181, 1188-89 (10th Cir. 2004).

## ARGUMENTS AND AUTHORITIES

### I. Mr. George Failed to Exhaust Administrative Remedies Due to Submission of an Unfounded Emergency Grievance.

Mr. George's claim should be dismissed on the grounds that he failed to exhaust the administrative remedies available to him as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). *Williams v. Corr. Corp. of Am.*, 407 F. App'x 301 (10th Cir. 2011). Specifically, Mr. George submitted an unfounded emergency grievance that did not meet the standards of an emergency, and despite being notified that his grievance was deemed a non-emergency, he then attempted to resubmit his grievance with a non-emergency designation. Yet, due to Mr. George's deliberate attempt to bypass the normal grievance process to inappropriately obtain the personal benefits of convenience, he allowed the deadline to submit a proper grievance to lapse. Consequently, Mr. George did not properly exhaust his administrative remedies.

Under the PLRA, prisoners must exhaust all available administrative remedies before bringing a lawsuit regarding prison conditions. 42 U.S.C. § 1997e(a). The exhaustion requirement mandates that prisoners must complete the administrative review process in accordance with the applicable procedural rules defined by the prison grievance process itself. *Jones v. Bock*, 549 U.S. 199, 218 (2007). Proper exhaustion requires compliance with deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S.

81, 90 (2006). Additionally, Under Kansas Administrative Regulations, specifically K.A.R. 44-15-106, an emergency grievance is defined as one where disposition according to regular time limits would subject the inmate to a substantial risk of personal injury or cause other serious and irreparable harm. In such situations, the inmate may bypass the prerequisite of informal resolution if going to the unit team would not obtain a solution to the problem. The inmate must indicate the nature of the emergency on the grievance form and write "emergency" at the top of the form. Emergency grievances are forwarded immediately to the level at which corrective action can be taken and are expedited at every level. The submission of an improper emergency grievance that is determined not to warrant an "emergency" designation results in a failure of the inmate to exhaust administrative remedies. *Markovich v. Correct Care Sols.*, 406 F. App'x 264 (10th Cir. 2010).

Mr. George first submitted an "Emergency Grievance" in relation to his abdominal pain, alleging that Centurion Defendants were deliberately indifferent to his medical needs by failing to provide him with adequate medical care. (Doc. 1-2 at 3 – 6). Mr. George was then advised of the purposes of an emergency grievance and alerted that his grievance was determined not to be an emergency and did not warrant the expedited processing of an emergency grievance. (Doc. 1-2 at 1). He did not immediately file another grievance, and therefore, missed the deadline to do so.

Under Kansas law, an inmate's failure to file a grievance within the required 10-day period is grounds for dismissal of their claim. According to K.A.R. 44-16-104a, an inmate must submit a personal injury claim to the facility and the Secretary of Corrections within

10 calendar days of the injury. K.A.R. 44-16-104a. Additionally, under by K.A.R. 44–15–101b, an inmate is required to file their grievance within 15 days of the date of discovering the event for which he filed the grievance. This requirement is reinforced by K.S.A. 75-52,138, which mandates that inmates exhaust all administrative remedies before filing a civil action and provide proof of such exhaustion with their petition. K.S.A. 75-52,138.

In the case of *Elliott v. Centurion of Kansas, LLC*, the defendants moved to dismiss the lawsuit because the plaintiff failed to exhaust his administrative remedies under K.A.R. 44-16-104a by not filing his claim within the 10-day period. *Elliott v. Centurion of Kansas, LLC,* No. 127,044, 2025 WL 496290 (Kan. Ct. App. Feb. 14, 2025). The court granted the motion to dismiss based on this failure, explaining that due to this deficiency the plaintiff had failed to exhaust his administrative remedies. *Id.* Additionally, the Kansas Court of Appeals in *Litzinger v. Bruce* affirmed KDOC's motion to dismiss, in part due to the fact that plaintiff "failed to file his grievance within 15 days of the date of discovering the event for which he filed the grievance, as required by K.A.R. 44–15–101b." *Litzinger v. Bruce*, 41 Kan. App. 2d 9, 201 P.3d 707, 709 (2008).

After Mr. George submitted an improper grievance and was advised of its impropriety, he eventually attempted to recover by submitting a grievance on March 6, 2024, almost 8 months after the events alleged in Mr. George's Complaint. (Doc. 1-3 at 3). In response to the grievance submitted 8 months after the events alleged in the Complaint, Mr. George was advised by the Secretary of Corrections that the response rendered by the staff at the facility was appropriate, and that the grievance was submitted past the time allowable for submitting grievances. (Doc. 1-3 at 1).

Mr. George did not submit the proper type of grievance until 8 months after the events alleged in the Complaint, which was well outside of the required deadline. Mr. George fails to provide any reason or explanation on why he failed comply with both K.A.R. 44-16-104a or K.A.R. 44–15–101b by not filing his grievance within 10 days or 15 days respectively. Therefore, Mr. George has failed to exhaust his administrative remedies.

For these reasons, Vanessa Payne-Delano, RN, Gordon Harrod, MD, and Breanna Johnston, NP, request that the Court dismiss Plaintiff's claims for failure exhaust his administrative remedies.

SANDBERG PHOENIX & von GONTARD P.C.

By: *Marcus A. Meyer*
Katrina L. Smeltzer, KS Bar #26623
Marcus A. Meyer, KS Bar #30511
4600 Madison Avenue, Suite 1000
Kansas City, MO 64112
816-627-5332
816-627-5532 (Fax)
ksmeltzer@sandbergphoenix.com
mmeeyer@sandbergphoenix.com
*Attorneys for Defendants Vanessa Payne-Delano, RN, Gordon Harrod, MD, and Breanna Johnston, NP*

## **Certificate of Service**

      I hereby certify that on 27th day of May 2025 the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Natasha M. Carter
Kansas Department of Corrections
714 SW Jackson Street, Suite 300
Topeka, KS 66603
785-506-7615
Natasha.Carter@ks.gov

Jon Graves
Kansas Department of Corrections
500 S. Reformatory Rd., 1568
Hutchinson, KS 67504
620-625-7253
Jon.Graves@ks.gov

      I hereby certify that on this 27th day of May 2025 the foregoing was mailed by United States Postal Service to the following non-participants in Electronic Case Filing:

Lewis Michael George #81547
E.D.C.F.
PO Box 311
El Dorado, KS  67042
*Pro Se Plaintiff*

                                        */s/ Marcus A. Meyer*