## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**LEWIS MICHAEL GEORGE,**

      **Plaintiff,**

      **v.**                                                   **Case No. 5:24-cv-03123-HLT-TJJ**

**VANESSA PAYNE-DELANO, et al.,**

      **Defendants.**

### <u>ORDER</u>

Plaintiff[1] has filed multiple requests for relief during the past two weeks. Docs. 47 (objection to extension of time), 48 (motion to "table" Defendants' motion to dismiss), 43 (motion for injunctive relief), 52 (motion to reconsider appointment of counsel), 53 (motion for production of evidence), and 54 (motion for subpoena duces tecum). The Court addresses these documents and the rising number of docket entries in the case.

**Objection to Extension of Time.** The Court first addresses Plaintiff's objection to an extension of time. The clerk granted Defendants Katherine Firman, Janelle Buchanan, and Tommy Williams an additional fourteen days to answer or otherwise respond to the complaint. Doc. 44. Plaintiff objects. Doc. 47.

D. Kan. R. 77.2 authorizes the clerk to extend the time to answer, reply, or otherwise plead to a complaint if the deadline to answer has not expired. The same rule provides that the court may review the clerk's action. The court may suspend, alter, or rescind the clerk's action for good cause.

---

[1]    The Court liberally construes Plaintiff's pro se filings and holds them to a less stringent standard than those drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of advocate. *Id.*

The clerk acted within her authority under Rule 77.2. She extended the time to answer by fourteen days. The original time had not expired. And this was the first request by these defendants. Plaintiff has not shown good cause for altering the clerk's order or identified any specific prejudice stemming from this short extension. The Court therefore overrules Plaintiff's objection.

**Motion to "Table" Defendants' Motion to Dismiss.** Defendants C. Gordon Harrod, Breanna Johnston, and Vanessa Payne-Delano filed a motion to dismiss on May 27, 2025. Doc. 45. Two days later, without reviewing Defendants' motion, Plaintiff filed a document titled "Motion to Table Defendants' Motion to Dismiss." Doc. 48. Plaintiff acknowledges that he had not read Defendants' motion before drafting his response. *Id.* at 3. Plaintiff states that he prepared his motion "in an effort to ensure the administration of justice without delay." *Id.*

Plaintiff's motion is premature and unnecessary. The response deadline to Defendants' motion to dismiss is 21 days after the motion is served. D. Kan. R. 6.1(d)(1). The Court will not rule Defendants' motion before that time passes. It is not in Plaintiff's best interest for the Court to construe Doc. 48 as Plaintiff's response to Defendants' motion, given that Plaintiff admits he had not reviewed Defendants' motion when he drafted Doc. 48. Plaintiff has not shown good cause for staying briefing of Defendants' motion or for any other relief at this time. The Court denies Plaintiff's request to "table" Defendants' motion. Plaintiff has until 21 days after service to substantively respond to the motion. But to avoid any confusion and to give Plaintiff ample response time after receiving Defendants' motion and this order, the Court sets Plaintiff's response deadline as June 30, 2025.

**Motion for Emergency Injunction.** Plaintiff has also requested an emergency injunction "from the repeated acts that have [occurred] and will inevitably [occur] in the future." Doc. 43. Plaintiff claims in his motion that he has been retaliated against through seizure of his legal papers,

failure to protect him from physical harm, and placement in segregation. These allegations are different from the allegations in his complaint, which center on an incident that happened July 7, 2023. Plaintiff's complaint alleges that Defendants unreasonably delayed giving him pain medication and diagnosing his appendicitis on July 7, 2023.

The relief Plaintiff seeks now is also different from the relief he seeks in his complaint. A party moving for injunctive relief "must establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010). This relationship is absent. Plaintiff seeks relief on matters "lying wholly outside the issues in his suit." *Hicks v. Jones*, 332 F. App'x 505, 508 (10th Cir. 2009) (citation omitted). And he also does not connect the actions of any particular defendant with his new alleged injuries. There is no basis on which to grant Plaintiff the injunctive relief he seeks.

**Motion to Reconsider Appointment of Counsel.** Plaintiff recognizes that he does not have a right to appointment of counsel. But he asks for reconsideration of Judge Lungstrum's prior decision to deny appointment. Doc. 52. Plaintiff contends that the proceedings are complex, and that he does not have the abilities, skills, or knowledge required to prosecute this case.

Plaintiff meets neither the standard for reconsideration nor the standard for appointment of counsel at this juncture. Judge Lungstrum noted that it was not yet clear whether Plaintiff has asserted a colorable claim, that the issues were not complex, and that Plaintiff appeared capable of presenting facts and arguments. Doc. 12 at 12. All that has changed since that time is Plaintiff's case survived screening. The issues are not more complex, it is still not clear whether Plaintiff will be able to further pursue his remaining claims, and Plaintiff appears to remain capable of presenting facts and arguments. The Court denies Plaintiff's motion. This denial is again without prejudice to being raised at a later point in the case. The Court has extended Plaintiff's time to

respond to Defendants' motion to dismiss in part to compensate for the difficulties accessing legal materials that Plaintiff discusses in his motion.

**Motions to Produce Evidence.** Plaintiff seeks certain evidence from Defendants. Docs. 53, 54. Doc 54 appears to be a duplicate filing to a previous motion denied by Judge Lungstrum. Doc. 18. But all defendants have not yet answered Plaintiff's complaint. And the magistrate judge has not yet determined whether to proceed with a scheduling conference and discovery. Plaintiff's requests for evidence are premature. The Court denies them without prejudice, without considering the merits of his requests.

**Escalating Docket.** Finally, the Court addresses the rapidly multiplying docket entries. Plaintiff filed the six documents addressed above in the past two weeks. He also filed another document titled "Notice of Intent and Legitimate Concern." Doc. 42. This document appears to address Plaintiff's treatment while this case has been pending. He asks for transfer to a lower-security facility. This is not a valid request for the Court. And complaints about incidents that have happened since Plaintiff filed this case are not properly addressed in this case. The scope of this case is limited to the allegations surviving Judge Lungstrum's screening. Doc. 39.

The number of entries in the docket is disproportionate to the amount of time this case has been pending, particularly in light of the fact that Judge Lungstrum only recently completed screening. Continuing to pepper the docket with filings will only result in delay and confusion in the case. The Court cautions Plaintiff that the Court will consider imposing <u>filing limitations</u> or summarily striking documents if Plaintiff continues submitting documents not contemplated by the Federal Rules of Civil Procedure and non-responsive to a Court order or a motion filed by Defendants. Plaintiff should focus his energies on responding to the instant motion to dismiss, <u>which response is due on or before June 30, 2025.</u> The Court will fairly consider and address

Plaintiff's claims. But excessive filing practices will undermine this Court's ability to focus on the issues material to the events of July 7, 2023.

THE COURT THEREFORE ORDERS that Plaintiff's objection (Doc. 47) is OVERRULED. Defendants Firman, Buchanan, and Williams's time to answer or otherwise respond to the complaint remains June 10, 2025.

THE COURT FURTHER ORDERS that Plaintiff's motion to table Defendants' motion to dismiss (Doc. 48) is DENIED. Plaintiff's deadline to respond to Defendants' motion to dismiss is June 30, 2025.

THE COURT FURTHER ORDERS that Plaintiff's motion for an injunction (Doc. 43) is DENIED.

THE COURT FURTHER ORDERS that Plaintiff's motions for reconsideration (Doc. 52) and for production of evidence (Docs. 53 and 54) are DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: June 2, 2025                    /s/ *Holly L. Teeter*
                                       HOLLY L. TEETER
                                       UNITED STATES DISTRICT JUDGE