IN THE DISTRICT COURT OF THE UNITED STATES DISTRICT OF KANSAS

Lewis Micheal George  )  CASE NO. 24-3123-HLT-TJJ
Plaintiff            )
v.                   )
Vanessa Payne-Delano, et al  ) Response to ~~Centuion~~ Defendants
Defendants           ) Motion to Dismiss.

Response to ~~Centurion~~ K.D.O.C. Defendants Motion to Dismiss.

Pro se, Plaintiff Lewis Micheal George provides the following response to ~~Centurion~~ K.D.O.C. Defendants Motion to Dismiss.

Each of the named Defendants in this action were all made aware of Plaintiff's condition on multiple occasions on 7-7-23. Each Defendant made a knowing conscious decision to take what little actions were taken or to take absolutely no action at all.

Plaintiff has made multiple, exhaustive, thorough attempts to follow the available administrative procedures for remedy. These efforts have been stymied, thwarted from the outset. Still he has persisted to give notice of the allegations to all those necessary.

Plaintiff has stated a cognizible claim. It is actionable under

-1-

42 USC. 1983. Relief for the claims is available under the same group of statutes. Due to the violations being Civil Rights related this court has & may retain subject matter jurisdiction.

In Collins v. Goord, 438 F. Supp. 2d 399, the court thoroughly lays out not just the exhaustion requirements in detail. Specifically it breaks down that of Qualified Immunity. In essence this court has determined that violations of constitutionally protected conduct. It says in part "qualified immunity applies if either (1) the Plaintiff's right not to be subjected to such conduct was not 'clearly established' at the time of the conduct. (2) the defendant's challenged action was objectively reasonable in light of the legal rules that were clearly established at the time it was taken." It goes further saying, "A constitutional right is 'clearly established', when (1) the law was defined with reasonable clarity, (2) the Supreme Court... has recognized the right, (3) A reasonable defendant would have understood from the existing law that his conduct was unlawful."

Plaintiff has established on multiple occasions the existance of statutes (both Federal & State) that require the named defendants to not just provide a professional medical opinion, but also with the prescribed treatment. KSA. 75-5210 & 75-5201 both call

-2-

for those "persons committed to the custody of the Secretary of Corrections" is to be "treated humanely".

In Collins v. Goord, the court states "a court may extend qualified immunity on a motion to dismiss, but the defense faces a formidable hurdle when advanced on such a motion" as the plaintiff is entitled to all reasonable inferences from the facts alleged, not only those that support his claim, but also those that defeat the immunity defense."

By raising this defense these defendants hope that this court will presume that the defendants are immune. To overcome this Plaintiff wishes to point out the following:

1.) The conduct giving rise to the allegations in this complaint was in violation of clearly established statutory & constitutional rights.

2.) These rights were clearly established at the time the events in question occurred.

## Summery Judgment

It's this plaintiff's belief that he has raised genuine issues of material fact. Plaintiff has shown through documents & evidence provided through affidavits & other documents to defeat the motions for summery judgment.

-3-

"11th Amendment does not extend to state Actors who violate State or Federal Law".

Plaintiff has asserted from the outset that these defendants have acted in violation of State & Federal law. Review of the complaint & the referred to state/federal law all call for denial of Qualified Immunity until after an Evidentiary hearing can be conducted at minimum to determine if the actions/or lack thereof are covered in the scope of such immunity.

Plaintiff has requested declatatory & Injunctive relief from state officials in their individual capacities.

Plaintiff has not only shown a past injury but has alleged that the ongoing psycological, mental, emotional & physical injuries he continues to suffer has sufficiently met both prongs of the "injury in fact" requirements.

Being held at the whim & whimsey of these DOC actors I can be hurt or injured in many different ways with no recourse or ability to contact anyone to help me. These [KDOC] officers have shown through their recent actions that they will do what they want when they want whether or not the circumstances or situation justifies it. This places Plaintiff in consttant danger at the

-4-

caprice of the individuals + [their coworkers], to perpetrate further harm.

Defendants claim that even if Plaintiff can meet both the objective + subjective components of the "deliberate indifference" standard are met, "a constitutionally legitimate justification" may still be shown." They "justify" their acts (or lack thereof) by vaguely claiming the actions taken were with a "legitimate penological intrest of maintaining control + discipline in the prison facility."

The issues raised here arise from medical issues. Being as they do not arise from other circumstances the only way to analize these acts/or lack thereof is in the context of happenings/occourances. Upon review of all available K.A.R.'s, KSA's, statutes + IMPP's I have yet to find one which justifies putting an inmates health/safety, second to a "penological intrest"

### Defendant's jurisdictional Challenges

Defendants claim this court lacks jurisdiction due to no "clearly established law" within this circuit. Plaintiff has pointed out numerous "clearly established law(s), here in Kansas that call for the humane treatment of inmates. As described in his complaint the Plaintiff has outlined acts + actions (or lack thereof) that

-5-

ammount to conduct that could be censidered far from "humane". This alone grants this court subject matter jurisdiction.

The Plaintiff has shown that the defendants were given orders to contact medical if the pain persisted &/or became worse. NONE of the named defendants besides Buchanan, ever contacted medical outside of the initial contact made early that day. The Plaintiff requested Medical be contacted multiple times from all the remaining defendants, on multiple occasions. He asked & had observed on multiple occasions the outwardly visible symptoms. At these points EACH of the Defendants made the decision to take NO ACTION, contrary to the Centurion Defendents' claims to have told Officers & Staff, (KDOC), to contact them should the pain persist or worsen.

EACH defendant at this time CHOSE to be deliberately indifferent to the Plaintiffs condition by NOT contacting Medical Personell when the pain persisted & became worse. This act or actions on each individual defendants account show their deliberate indifference. Of note to the Plaintiff, (& hopefully the court), is the glaring lack of any acts or actions not just in their own affidavits, but also in the staff/cellhouse logs. There is no listing of a cell door opening at or around 10^AM - 12^PM for me to

-6-

be taken to ~~the sick room~~ the sick call room to recieve the alleged shots at 11:58 AM. By this time,[11:58], Plaintiff (& his cellmate), had notified ALL the above named defendants of his condition. Most having visually observed him vomiting or exhibiting other outwardly visible symptoms.

The Defendants claim to have "relied on their medical opinion" of the medical staff. Were that the case, Medical Defendants Harrod & Delano both claim to have relayed orders that KDOC officers & staff "are to contact medical if the pain persists or becomes worse". Due to the Plaintiff's repeatedly asking for medical to be contacted on his behalf, & the lack of any documentation of the contact/ or claims, being made by KDOC Defendants outside of initually contacting medical. This proves that either Nothing was done by the Defendants. Or Medical defendants did NOT in fact relay any orders to the KDOC staff to contact them.

Plaintiff also wishes to bring to the Courts attention that because of Defendent Delano's false claim to have pulled me out of my cell that morning, & the "diagnosis" that resulted from this "fake" evaluation, this diagnosis couldn't begin to be concidered a "professional medical opinion"..

What these defendants are asking this court to believe is they acted "reasonably" to a diagnosis that was rendered from a

-7-

conversation + a few questions through a door! That despite the Plaintiff's pleas + cries of pain for the next 9-10 hours they "reasonably" did NOTHING to help him.

### Exhaustion under the PLRA.

Plaintiff has throughly detailed to this court each + every one of his numerous attempts to exhaust his administrative remedies. In Dole v. Chandler, 438 F. 3d 804, the courts quoting Booth, 532 U.S. at 741 state in part "Prison officials may not take unfair advantage of the exhaustion requirement, however, + a remedy becomes "unavailable" if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting.".

Plaintiff used the grievance procedure appropriately (to the best of his knowlege at the time), to notify officals of the issues. Not only did Defendant Williams refuse to file the unproperly deemed "Emergency Grievance" as a regular grievance per KAR. 44-15-106. He then refers the grievance to a fellow employee who appears to be involved in the matter to investgate it. in violation of KAR. 44-15-101a(B)(2)(f). These violative actions' rendered the grievance procedure unavailable to him. Plaintiff

-8-

does cede the fact that under the P.L.R.A. that Exhaustion is mandatory, <u>until</u> the remedy becomes "rendered unavailable" to him.

IN <u>McNeal v. Cook County Sheriff's Dep't, 282 F.Supp.2d 865</u> the 7th Circuit held that "prison officials' failure to respond to grievances can render [admin] remedies unavailable, quoting <u>Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002)</u> "We refuse to interpret the P.L.R.A. so narrowly as to permit prison officials to exploit the exhaustion requirement through indefinite delay in responding to grievances".

As he, [Plaintiff], has explained to this Court, on 8-18-23 he [plaintiff] was transfered to H.C.F. shortly after appealing the answer recieved from Defendant Buchanan to Defendant Williams. Along with having filed his second attempt at a personal injury claim. Having never recieved an answer to either he filed an appeal to the Secretary of Corrections by U.S. Mail, by handing an H.C.F. officer a properly postal, sealed & addressed envelope. Having never recieved <u>ANY</u> Response at <u>ANY</u> level past those already explained, further rendered the grievance/ admin remedies unavailable.

<u>Conclusion.</u>

Plaintiff has made all the necessary & appropriate claims,

-9-

allegations, & efforts to bring his claims to this Courts attention. To the best of his ability & knowlege he has exhausted every remedy available. He has brought this complaint in the propper jurisdictional venue & prays this Court will exercise their jurisdiction over it.

Respectfully Submitted

6-28-25
DATE

Lewis Michael George #81547