IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LEWIS MICHAEL GEORGE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )   Case No. 24-3123-HLT-TJJ |
| VANESSA PAYNE-DELANO, *et al.*, | ) ) ) |
| Defendants. | ) ) |

**DEFENDANTS' REPLY IN FUTHER SUPPORT OF
THEIR MOTION TO DISMISS OR, IN THE ALTERNATIVE,
FOR SUMMARY JUDGMENT**

Defendants Katherine Firman, Anthony Luna, Jennell Buchanan, and Tommy Williams (the "KDOC Defendants") submit this Reply in further support of their Motion to Dismiss or, in the Alternative, for Summary Judgment (Doc. 60). They assert that Plaintiff Lewis Michael George's Response (Doc. 69) fails to overcome the legal arguments in their Motion. Accordingly, the KDOC Defendants' Motion should be granted in its entirety. The KDOC Defendants incorporate herein, as if set forth in full, the arguments and authorities in their Motion (Doc. 60), which should be granted for the reasons previously stated.

**I.   George fails to properly controvert the KDOC Defendants' Statement of Material Facts, so they are admitted.**

As required by D. Kan. Rule 56.1(d), Defendants served upon George the Notice to Pro Se Litigant Who Opposes a Summary Judgment Motion, along with the required texts of D. Kan. Rule 56.1 and Fed. R. Civ. P. 56. (Doc. 61). Yet George fails to provide a response to the facts set forth in any of the numbered paragraphs of the KDOC Defendants' Statement of Material Facts as required by D. Kan. Rule 56.1(b)(1) or Fed. R. Civ. P. 56.

George merely states in a broad, sweeping, conclusory manner that: "It's this plaintiff's

beleif [sic] that he has raised genuine issues of material fact. Plaintiff has shown through documents & evidence provided through affidavits & other documents to defeat the motions [sic] for summary judgment." (Doc. 69 at 3.) But even if George is trying to broadly refer to the exhibits to his Complaint, it is George's own responsibility to "cit[e] to particular parts of materials in the record" (Fed. R. Civ. P. 56 (c)(1)(A)) and to present "[e]ach fact in dispute . . . numbered by paragraph, refer[ing] with particularity to those portions of the record upon which [he] relies, and, if applicable, stat[ing] the number of movant's fact that is disputed" (D. Kan. Rule 56.1(b)(1)). Courts do not assume the role of an advocate for a *pro se* litigant by constructing arguments or searching the record for potentially viable theories. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). A *pro se* litigant is expected to adhere to the same rules of procedure that govern any other litigant in this circuit. *Id.* Despite being served with the Notice to Pro Set Litigant Who Opposes a Summary Judgment Motion and the texts of D. Kan. Rule 56.1 and Fed. R. Civ. P. 56 (Doc. 61), George has not only failed to cite with particularity to any portion of the record but he has not even indicated which facts he may be attempting to dispute.

Therefore, the KDOC Defendants' Statement of Material Facts should be deemed admitted. *See* D. Kan. Rule 56.1(a) ("All material facts set forth in the statement of the movant will be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of the opposing party."); *Reed v. Bennett*, 312 F.3d 1190, 1194-95 (10th Cir. 2002). George fails to establish any genuine disputes of material fact and the KDOC Defendants' Statement of Facts should be treated as true for purposes of the summary judgment motion.

## II. Eleventh-Amendment Immunity

George cites no authority to support his assertion that the "11th Amendment does not extend to state Actors who violate State or Federal Law." (Doc. 69 at 4.) And George does not

address the binding legal authority already cited by the KDOC Defendants in their Motion regarding Eleventh-Amendment Immunity. (*See* Doc. 60 at 9.)

### III. Individual-Capacity Claims for Injunctive and Declaratory Relief

If there was previously any doubt that George is attempting to bring individual-capacity claims for injunctive and declaratory relief, George cleared that up by stating in his Response: "Plaintiff has requested declaratory & Injunctive relief from state officials in their individual capacities." (Doc. 69 at 4.) But George fails to address the KDOC Defendants' arguments that such claims are effectively official-capacity claims that are therefore barred by the Eleventh Amendment. (*See* Doc. 60 at 10.)

### IV. Standing

George suggests that he has "ongoing psychological, mental, emotional & physical injuries." (Doc. 69 at 4.) In other words, he suggests the *duration* of the injury is ongoing. But this is a misunderstanding of the meaning of "ongoing injury." Rather, the *infliction* of the injury must be ongoing to meet the ongoing-injury requirement. *Barney v. Pulsipher*, 143 F.3d 1299, 1306 n.3 (10th Cir. 1998) ("A plaintiff cannot maintain a declaratory or injunctive action unless he or she can demonstrate a good chance of being likewise injured in the future."); *City of L.A. v. Lyons*, 461 U.S. 95, 102, 105 (1983) (holding that "past exposure to illegal conduct" did not suffice without a "real and immediate threat of repeated injury" because the plaintiff's "standing to seek the injunction requested depended on whether he was likely to suffer future injury"); *see also Estate of Schultz v. Brown*, 846 F. App'x 689, 695 (10th Cir. 2021) (holding that prospective relief requires "an ongoing or impending injury . . . to support standing for that relief").

George also asserts that, going forward, the defendants "will do what they want when they want" even if George disagrees with their actions. (Doc. 69 at 4.) Besides this being merely

3

speculative and not plausibly alleged in the Complaint, a person simply doing what they want to do is not a violation of the Constitution (unless what the person wants to do is to violate the Constitution, which has not been plausibly alleged).

### V.     Qualified Immunity and Deliberate Indifference

George says, "Defendants claim this court lacks jurisdiction due to not 'clearly established law' [sic] within this circuit." (Doc. 69 at 5.) But Defendants raised their qualified immunity arguments under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, not under Rule 12(b)(1) for lack of jurisdiction. George appears to be confusing Eleventh-Amendment immunity with qualified immunity.

George points to Kansas statutes that he says pertain to the "humane treatment of inmates." (Doc. 69 at 5, 2-3.) And he says that this state-law statutory right is clearly established. (Doc. 69 at 3, 5.) But, first, "the clearly established right must be defined with specificity." *City of Escondido v. Emmons*, 586 U.S. 38, 42 (2019). The Supreme Court "has repeatedly told courts not to define clearly established law at a high level of generality." *Id*. The "humane treatment of inmates" is a very high level of generality, not specific to any conduct. Second, it is not enough for only state law to be clearly established. Eleventh-Amendment immunity prevents claims for violations of state law from being raised through § 1983. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984). George has not met his burden to show it was clearly established for purposes of § 1983 that the actions he alleges were clearly established to be a violation of the *U.S. Constitution*.

George says he "has established on multiple occasions the existence of statutes (both Federal & State) that require the named defendants to not just provide a professional medical opinion, but also with the prescribed treatment." (Doc. 69 at 2.) But he does not cite to anywhere he has already established this, and he fails to establish it in his Response. Further, even federal

4

*statutory* rights do not generally give rise to claims under § 1983. *See City of Rancho Palos Verdes v. Abrams*, 544 U.S. 113, 124-25 (2005) (saying that just "a few § 1983 claims are based on statutory rights"). George has failed to plausibly alleged a clearly established violation of his federal constitutional rights or of any federal statutory rights that are enforceable through § 1983.

George maintains that he has established the subjective prong of deliberate indifference. He says that "NONE of the named defendants besides Buchanan, ever contacted medical outside of the initial contact made early that day." (Doc. 69 at 6; *see also id.* at 6-8 (criticizing the supposed lack of action by defendants).) He makes two key admissions here. In admitting "the initial contact made early that day," he admits what was already implied in his Complaint that Firman contacted medical to get Payne-Delano to come to George's cell. (*See* Doc. 8-1 at 9.) He also directly admits that Buchanan contacted medical. His Complaint admits yet more. Firman relayed the news to George that Buchanan had contacted medical, showing that Firman was involved in that contact. (Doc. 8-1 at 10.) And Buchanan and Luna together took George to the medical clinic, an action that was about as direct in facilitating contact between George and the medical clinic's personnel as possible. (Doc. 8-1 at 10.) Therefore, George actually admits that all three of these defendants were actively involved in connecting George with medical.[1]

George attempts to disparage the diagnosis provided by medical personnel. (Doc. 69 at 7-8.) "But a prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation." *Johnson v. Sanders*, 121 F.4th 80, 89 (10th Cir. 2024). In *Estelle v. Gamble*, an inmate suggested that medical personnel should have ordered an x-ray

---

[1] George never alleges that the remaining defendant of the KDOC Defendants, Defendant Williams, was involved in the events at all (or was even aware of them until afterwards). George only brings a failure to train claim against Williams, which is addressed in the Motion. (*See* Doc. 60 at 13-14.)

or additional diagnostic techniques to better lead "to appropriate diagnosis and treatment for the daily pain and suffering he was experiencing." 429 U.S. 97, 107 (1976). But the Court said, "[a] medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice, and as such the proper forum is the state court." *Id.* Similarly, here, if the diagnosis of the medical personnel was wrong, that does not support a § 1983 action under federal law.

George says in a conclusory manner that "the staff/cellhouse logs" support his position. (Doc. 69 at 6-7.) But he did not allege this in the Complaint. (*See* Doc. 8; Doc. 8-1.) And he cannot amend his Complaint through a response. *Larson v. Safeguard Props., Inc.*, 379 F. Supp. 2d 1149, 1152 (D. Kan. 2005); *see also Fullen v. City of Salina*, No. 21-4010-JAR, 2021 WL 4476780, at *2 (D. Kan. Sept. 30, 2021) (citing *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1286 n.1 (10th Cir. 2019)). Further, the KDOC Defendants raised their arguments regarding deliberate indifference and qualified immunity under Rule 12(b)(6). Evidence outside the complaint generally cannot be considered under that rule, and George does not identify any applicable exceptions. *See Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) (listing exceptions). What is more, even if George could cite such additional evidence on a motion to dismiss, he has not established his new alleged facts regarding the staff and cellhouse logs by actually citing any part of the record or by presenting any admissible evidence into the record.

George takes issue with the KDOC Defendants' "vaguely claiming" that the constitutionally legitimate justification of maintaining control and discipline in the prison facility is relevant. (Doc. 69 at 5.) But it is unclear what may need elaboration. Being subject to control and discipline in the prison facility is a fundamental aspect of what it means to be incarcerated. Inmates are obviously not free to move about in society and to see medical personnel on their

6

own terms or to go to another doctor for a second opinion whenever they would like. Rather, access to medical personnel is controlled to some degree to maintain control and discipline in the prison facility. George complains that this prevented him from receiving effective treatment for his appendicitis as early as he thinks he should have, but it is undisputed that he received access to medical personnel early in the day and that he eventually did receive effective treatment for his appendicitis. Prisons in general have a constitutionally legitimate justification for controlling an inmate's movement and the inmate's access to staff or medical personnel.

George calls for the Court to deny qualified immunity until an evidentiary hearing (Doc. 69 at 4.) But a motion to dismiss for failure to state a claim involves the facts as alleged in the complaint, not additional evidence. Further, the defense of qualified immunity, which has been properly raised under Rule 12(b)(6) and is ready for ruling, protects officials "not only from liability, but also 'from the ordinary burdens of litigation, including far-ranging discovery,'" *Dyer v. Rabon*, 212 F. App'x 714, 716 (10th Cir. 2006) (quoting *Workman v. Jordan*, 958 F.2d 332, 335 (10th Cir. 1992)). Denying or postponing ruling on qualified immunity can support an immediate appeal. *Id.*

## VI.  Failure to Exhaust

George concedes that exhaustion is mandatory "until the remedy becomes 'rendered unavailable' to him." (Doc. 69 at 8-9.) He suggests that the grievance process became unavailable to him because it was "stymied & thwarted." (Doc. 69 at 1.) He says this happened in two ways. First, he says prison officials failed to respond to grievances. (*See* Doc. 69 at 8-10.) But when the regulation provides an appeal after a failure to respond (like in K.A.R. 44-15-102(a)(2), (b), and (c)(1)), remedies are still considered available. *Jernigan v. Stuchell*, 304 F.3d 1030, 1032-33 (10th Cir. 2002)); *see also Lindsey v. Cook*, No. 19-3094-HLT, 2021 WL 483855, at *3 (D. Kan. Feb. 4, 2021) (discussing the remedy available to inmates when prison officials do

not timely respond).

Second, he suggests that Defendant Williams violated K.A.R. 44-15-101a(f) by having "[a]n inmate or employee who appears to be involved in the matter . . . participate in any capacity in the resolution of the grievance." (Doc. 69 at 8 (citing subsection "(B)(2)(f)"[2])); K.A.R. 44-15-101a(f) (quotation). But the step of KDOC's grievance process that requires submitting a grievance to the unit team does not contain an exception for when the inmate is filing a grievance about his unit team. And George cites no law to establish that violating this state-law regulation would render any part of the grievance process unavailable.

George also makes what is effectively a "reasonable mistake" argument. He says he completed the grievance process to the best of his knowledge at the time. (Doc. 69 at 8.) And he suggests this was sufficient to give notice to the relevant parties. (Doc. 69 at 1, 8.) But "mandatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion." *Ross v. Blake*, 578 U.S. 632, 639 (2016). "Courts may not engraft an unwritten 'special circumstances' exception onto the PLRA's exhaustion requirement." *Id.* at 648. A "reasonable mistake" does not excuse a prisoner's failure to exhaust but rather the sole exception involves only whether administrative remedies were actually available to the inmate. *Id.* at 637, 639, 648-49. A plaintiff cannot "rely on his purported confusion about the grievance process" because "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *See Beals v. Jay*, 730 F. App'x 633, 637 (10th Cir. 2018).

George also now says he did appeal to the Secretary. (Doc. 69 at 9.) But he failed to controvert the KDOC Defendants' material facts and evidence, which has established otherwise.

---

[2] Subsection (f) is a first-level subsection.

**VII.     Supplemental Jurisdiction**

George has failed to address the KDOC Defendants' arguments that the Court should decline to exercise supplemental jurisdiction over any remaining state-law claims. (Doc. 60 at 18.)

## CONCLUSION

For these reasons and the reasons expressed in the KDOC Defendants' Motion (Doc. 60), the KDOC Defendants request that the Court grant their Motion in full.

Respectfully submitted,

KRIS W. KOBACH
ATTORNEY GENERAL OF KANSAS

*/s/ Matthew L. Shoger*
Matthew L. Shoger, KS No. 28151
Assistant Attorney General
Office of the Attorney General
120 SW 10th Ave., 2nd Floor
Topeka, Kansas 66612-1597
matt.shoger@ag.ks.gov
785-296-2215
Fax: (785) 291-3767
*Attorney for the KDOC Defendants*

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 14th day of July, 2025, the foregoing document was filed with the clerk of the court by using the CM/ECF system, which will send notice of electronic filing to the following:

  Katrina L. Smeltzer
  Sandberg Phoenix & von Gontard P.C.
  4600 Madison Avenue, Suite 1000
  Kansas City, MO 64112-3032
  ksmeltzer@sandbergphoenix.com
  *Attorney for Centurion Defendants*

  Marcus Meyer
  Sandberg Phoenix & von Gontard P.C.
  4600 Madison Avenue, Suite 1000
  Kansas City, MO 64112
  mmeyer@sandbergphoenix.com
  *Attorney for Centurion Defendants*

  Jon D. Graves
  Hutchinson Correctional Facility
  P.O. Box 1568
  Hutchinson, KS 67504-1568
  jon.graves@ks.gov
  *Attorney for Interested Party Kansas Department of Corrections*

  Natasha M. Carter
  Kansas Department of Corrections
  714 SW Jackson Street, Suite 300
  Topeka, KS 66603
  natasha.carter@ks.gov
  *Attorney for Interested Party Kansas Department of Corrections*

I also certify that a copy of the above will be served on July 15, 2025, by means of first-class mail, postage prepaid, addressed to:

  Lewis Michael George #81547
  El Dorado Correctional Facility
  P.O. Box 311
  El Dorado, KS 67042
  *Plaintiff, pro se*

            */s/ Matthew L. Shoger*
            Matthew L. Shoger
            Assistant Attorney General