## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

LEWIS MICHAEL GEORGE,           )
                                )
      Plaintiff,               )
                                )
v.                              )        Case No. 24-3123-HLT-TJJ
                                )
VANESSA PAYNE-DELANO, *et al.*, )
                                )
      Defendants.             )
_____ )

## KDOC DEFENDANTS' MOTION TO STAY DISCOVERY AND MEMORANDUM IN SUPPORT

Defendants Katherine Firman, Anthony Luna, Jennell Buchanan, and Tommy Williams (the "KDOC Defendants"), hereby request, through Assistant Attorney General Matthew L. Shoger, an order staying all discovery and any other related Rule 26 proceedings in this case, including any obligation to attend a scheduling conference, or to issue or respond to any discovery, until the District Court rules on their Motion to Dismiss or, in the Alternative, for Summary Judgment. In support of the Motion to Stay, the KDOC Defendants state as follows.

### NATURE OF THE MATTER BEFORE THE COURT

Plaintiff Lewis Michael George alleges that on July 7, 2023 – while incarcerated under the Kansas Department of Corrections (KDOC) at El Dorado Correctional Facility (EDCF) – the KDOC Defendants disregarded his pleas for medical assistance, which caused a delay in diagnosing his appendicitis. He alleges that in so doing the KDOC Defendants violated his constitutional rights through deliberate indifference to serious medical needs. Defendants have filed a Motion to Dismiss or, in the Alternative, for Summary Judgment seeking dismissal of George's § 1983 claims against them for lack of subject-matter jurisdiction (due to Eleventh Amendment immunity and lack of standing) and for failure to state a claim (in light of qualified

immunity) or, alternatively, seeking summary judgment on George's § 1983 claims due to failure to exhaust administrative remedies.

## QUESTION PRESENTED

Should discovery and any related Rule 26 proceedings be stayed, pending the resolution of the KDOC Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment, which raises the defenses of Eleventh Amendment immunity and qualified immunity?

## ARGUMENTS AND AUTHORITIES

The Court has great flexibility in determining the time, manner, and scope of discovery. *See Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010) ("Discovery and scheduling are matters within the district court's broad discretion."). "And it is well settled that the district court has the power to stay proceedings pending before it and to control its docket for the purpose of economy of time and effort for itself, for counsel, and for litigants." *Baca v. Berry*, 806 F.3d 1262, 1269-70 (10th Cir. 2015). While "[t]he general policy in this district is not to stay discovery even though dispositive motions are pending," there are several circumstances where it is appropriate, such as:

- when a decision on the pending motion is likely to end the case;

- "where the facts sought through uncompleted discovery would not affect the resolution of the motion"; or

- "where discovery on all issues of the broad complaint would be wasteful and burdensome."

*Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994).

Another appropriate circumstance is when the defendant's motion raises issues of immunity. *See Citizens for Objective Pub. Educ., Inc. v. Kan. State Bd. of Educ.*, No. 13-4119-

KHV-JPO, 2013 WL 6728323, at *1 (D. Kan. Dec. 19, 2013) (stay of discovery was warranted because defendants' motion to dismiss raised sovereign immunity); *Tennant v. Miller*, No. 13-2143-EFM-KMH, 2013 WL 4848836, at *1 (D. Kan. Sept. 11, 2013) (noting "the well-established exception" to the district's general policy when defendants raise qualified immunity in their dispositive motion). Staying discovery in such cases allows the Court to resolve the threshold question of whether a defendant is entitled to immunity before subjecting the defendant to the burdens of discovery, which immunity protects him from. *See Stonecipher v. Valles*, 759 F.3d 1134, 1148-49 (10th Cir. 2014) ("qualified immunity protects against the burdens of discovery"); *Jones v. Kansas*, No. 12-2486-KHV-DJW, 2012 WL 5362905, at *2 (D. Kan. Oct. 31, 2012) (citing *Liverman v. Comm. on the Judiciary*, 51 F. App'x 825, 827-28 (10th Cir. 2002)) ("Eleventh Amendment immunity . . . is a bar to discovery."); *see also Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (saying "qualified immunity . . . is meant to give government officials a right, not merely to avoid standing trial, but also to avoid the burdens of such *pretrial* matters as discovery, as inquiries of this kind can be peculiarly disruptive of effective government" (emphasis in original)).

Here, the Court should stay discovery until it rules on the KDOC Defendants' pending motion because that motion raises threshold issues likely to dispose of the claims in the case. The motion argues that the Court lacks subject-matter jurisdiction over the claims and that George fails to state a claim. Discovery will not aid the Court in deciding these matters, as they are questions of law, not fact.

Finally, the KDOC Defendants raise issues of immunity. Qualified immunity is meant "to free officials from the concerns of litigation, including 'avoidance of disruptive discovery,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) (quoting *Siegert v. Gilley*, 500 U.S. 226, 236 (1991)

3

(Kennedy, J., concurring in judgment)), and Eleventh Amendment immunity is a jurisdictional bar. *Edelman v. Jordan*, 415 U.S. 651, 678 (1974). Orders denying an official's claims of immunity are immediately appealable under the collateral order doctrine insofar as they turn on questions of law because "the value . . . is for the most part lost as litigation proceeds past motion practice." *See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 145, 147 (1993). the KDOC Defendants are entitled to resolution of the immunity issues as a threshold matter because immunity from suit includes protection from unwarranted discovery. *See Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (citing *Siegert*, 500 U.S. at 231-32) ("Discovery should not be allowed until the court resolves the threshold question whether the law was clearly established at the time the allegedly unlawful action occurred."); *Liverman v. Comm. on the Judiciary*, 51 F. App'x 825, 827-28 (10th Cir. 2002) (quoting *Siegert*, 500 U.S. at 231) (holding that "where the defendant raises the defense of sovereign immunity and the defense is primarily one of law" discovery should not be allowed "'until the threshold immunity question is resolved'").

## CONCLUSION

Until the Court decides the dispositive legal and jurisdictional issues raised in the KDOC Defendants' motion, discovery would be wasteful, burdensome, and non-productive, for both the Court and the parties. Therefore, Defendants request that the Court grant this motion and enter an order staying discovery and any other Rule 26 activities in this case, including any obligation to attend a scheduling conference, or to issue or respond to any discovery, until the Court rules on the KDOC Defendants' pending Motion to Dismiss or, in the Alternative, for Summary Judgment.

Respectfully submitted,

KRIS W. KOBACH
ATTORNEY GENERAL OF KANSAS

*/s/ Matthew L. Shoger*
Matthew L. Shoger, KS No. 28151
Assistant Attorney General
Office of the Attorney General
120 SW 10th Ave., 2nd Floor
Topeka, Kansas 66612-1597
matt.shoger@ag.ks.gov
785-296-2215
Fax: (785) 291-3767
*Attorney for the KDOC Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 14th day of August, 2025, the foregoing document was filed with the clerk of the court by using the CM/ECF system, which will send notice of electronic filing to the following:

Katrina L. Smeltzer
Sandberg Phoenix & von Gontard, PC
4600 Madison Avenue, Suite 1000
Kansas City, MO 64112-3032
ksmeltzer@sandbergphoenix.com
*Attorney for Centurion Defendants*

Taylor John Jurgens
Sandberg Phoenix & von Gontard, PC
4600 Madison Avenue, Suite 1000
Kansas City, MO 64112-3032
tjurgens@sandbergphoenix.com
*Attorney for Centurion Defendants*

Jon D. Graves
Hutchinson Correctional Facility
P.O. Box 1568
Hutchinson, KS 67504-1568
jon.graves@ks.gov
*Attorney for Interested Party Kansas Department of Corrections*

Natasha M. Carter
Kansas Department of Corrections
714 SW Jackson Street, Suite 300
Topeka, KS 66603
natasha.carter@ks.gov
*Attorney for Interested Party Kansas Department of Corrections*

I also certify that a copy of the above will be served by means of first-class mail, postage prepaid, addressed to:

Lewis Michael George #81547
El Dorado Correctional Facility - Central
P.O. Box 311
El Dorado, KS 67042
*Plaintiff, pro se*

*/s/ Matthew L. Shoger*
Matthew L. Shoger
Assistant Attorney General