IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LEWIS MICHAEL GEORGE,

    Plaintiff,

v.

    Case No. 24-cv-3123-HLT-TJJ

VANESSA PAYNE-DELANO, et al.,

    Defendants.

### ORDER DENYING WITHOUT PREJUDICE
### PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff, who is incarcerated and proceeding *pro se* and *in forma pauperis*, filed this civil rights action under 42 U.S.C. § 1983, alleging Defendants were deliberately indifferent to his medical needs. Plaintiff's claims relate to the medical care he received on July 7, 2023, at El Dorado Correctional Facility. Plaintiff alleges that there was an unreasonable delay in receiving pain medication and in determining that he had appendicitis. The Court has found that this matter survives statutory screening under 28 U.S.C. § 1915A.[1] This matter is before the Court on Plaintiff's Motion for Appointment of Counsel/Standby Counsel (ECF No. 77).[2]

While a defendant in a *criminal* action has a constitutional right to be represented by an attorney, it is well settled that a party in a *civil* action has no absolute right to appointment of

---

[1] *See* Mar. 20, 2025 Mem. & Order (ECF No. 39).

[2] Plaintiff has previously filed a motion for appointment of counsel (ECF No. 4) and motion to reconsider appointment of counsel (ECF No. 52). Both were denied without prejudice to refiling. *See* Aug. 14, 2024 Mem. & Order (ECF No. 12) at 11–12 (denying without prejudice to refiling if complaint survives screening); June 3, 2025 Order (ECF No. 56) at 3–4 (denying without prejudice to being raised at a later point in the case).

counsel.[3] Courts considering requests for the appointment of counsel in civil actions generally look to the *in forma pauperis* statute, 28 U.S.C. § 1915.[4] Under 28 U.S.C. § 1915(e)(1), a court "may request an attorney to represent any person unable to afford counsel." The appointment of counsel under 28 U.S.C. § 1915(e)(1) is a matter within the discretion of the district court.[5] In determining whether to appoint counsel under § 1915(e)(1), the district court may consider a variety of factors, including: (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the litigant's ability to present his claims, and (4) the complexity of the legal issues raised by the claims.[6]

The appointment of counsel for a plaintiff in a civil case is rare because Congress has not provided any mechanism or funding to compensate counsel appointed in civil cases.[7] Therefore, the Court would have to find an attorney willing to be appointed and provide his or her legal services pro bono (without payment). The Court therefore must make thoughtful and prudent use of its appointment power.

---

[3] *See Nelson v. Boeing Co.*, 446 F.3d 1118, 1120-22 (10th Cir. 2006) (noting that "the only context in which courts have recognized a constitutional right to effective assistance of counsel in civil litigation is in immigration cases"); *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) ("There is no constitutional right to appointed counsel in a civil case.").

[4] *Lane v. Brewer*, No. 07-3225-JAR, 2008 WL 3271921, at *2 (D. Kan. Aug. 7, 2008); *Winston v. Simmons*, No. 01-3335-KHV, 2003 WL 21418359, at *8 n.7 (D. Kan. June 18, 2003).

[5] *See Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (a district court has discretion to request an attorney to represent a litigant who is proceeding *in forma pauperis* under 28 U.S.C. § 1915(e)(1)).

[6] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).

[7] *See Castner v. Colo. Springs Cablevision*, 979 F2d 1417, 1420 (10th Cir. 1992) ("Congress has not provided any mechanism for compensating [] appointed counsel. Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time.").

In support of his motion, Plaintiff states he recognizes he has no constitutional right to counsel in this civil action but believes the matters in this deliberate indifference case have become so complex that he cannot adequately represent himself going forward. This is due to his current placement in administrative segregation which makes it near impossible to research matters involving the upcoming proceedings and to investigate the facts. He also points out that he has no experience in these matters and is at a severe disadvantage. He argues conflicting evidence in Defendants' statements will necessitate cross-examination if the case proceeds to trial and appointed counsel would be better able to present evidence at trial and cross examine trial witnesses.

The Court has considered Plaintiff's motion for appointment of counsel under the above factors. Like the prior orders denying his motions for appointment of counsel, the Court finds the issues in this case are not complex. That has not changed since Plaintiff's complaint survived statutory screening. The Court has also previously found Plaintiff appears capable of presenting facts and argument. A review of Plaintiff's filings to date supports a finding that Plaintiff appears quite capable of adequately representing himself despite the challenges posed by his confinement. He should be able to continue to adequately represent himself during this post-screening stage of the proceedings. While "a court may well appoint counsel at the outset of a case, it might also decide to postpone the decision – for example, until after resolution of dispositive motions – in order to give itself both more time and more information to evaluate the plaintiff's capabilities and the merits of the case."[8] The Court therefore denies Plaintiff's motion, but again without prejudice to the refiling of the motion at a later stage of the proceedings, if warranted.

---

[8] *Cline v. Russo*, No. 22-cv-4010-TC-TJJ, 2022 WL 873418, at *2 (D. Kan. Mar. 24, 2022) (quoting *Ficken v. Alvarez*, 146 F.3d 978, 981 (D.C. Cir. 1998)).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel/Standby Counsel (ECF No. 77) is **denied without prejudice.**

A paper copy of this Order will be mailed to Plaintiff and the Notice of Electronic Filing (NEF) emailed to the El Dorado KDOC email account.

IT IS SO ORDERED.

Dated August 27, 2025, at Kansas City, Kansas.

*Teresa J. James*
Teresa J. James
U. S. Magistrate Judge