IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **LEWIS MICHAEL GEORGE,** | ) |
| | ) |
|       **Plaintiff,** | ) |
| | ) |
| v. | )  Case No. 24-3123-HLT-TJJ |
| | ) |
| **VANESSA PAYNE-DELANO,** *et al.*, | ) |
| | ) |
|       **Defendants.** | ) |
| | ) |

### REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY

Defendants Katherine Firman, Anthony Luna, Jennell Buchanan, and Tommy Williams (the "KDOC Defendants") submit this Reply in further support of their Motion to Stay Discovery (Doc. 72) (the "Motion"). They assert that Plaintiff Lewis Michael George's Response (Doc. 80) fails to overcome the legal arguments in their Motion. Accordingly, the Motion should be granted in its entirety. The KDOC Defendants incorporate herein, as if set forth in full, the arguments and authorities in their Motion. (Doc. 72.) The Motion should be granted for the reasons previously stated.

George insists that discovery is needed to answer the question: "What were the Defendants thinking at the time of their actions?" (Doc. 80 at 2.) George says this question is important to resolve the immunity issues. (Doc. 80 at 2.) But neither Eleventh-Amendment immunity or qualified immunity has a subjective component. *See Muscogee (Creek) Nation*, 669 F.3d at 1166 (listing the exceptions to Eleventh-Amendment immunity, none of which involve the subjective state of mind of the defendant); *Harlow v. Fitzgerald*, 457 U.S. 800, 815-19 (1982) ("defining the limits of qualified immunity essentially in objective terms" with "a test that focuses on the objective legal reasonableness of an official's acts"). So that question is actually irrelevant for the immunity determinations. Further, the only argument raised under the

summary-judgment portion of the KDOC Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment (the "dispositive motion") relates to failure to exhaust administrative remedies, not the alleged underlying events themselves. (*See* Doc. 60 at 3, 14-18.) That makes the defendants' subjective state of mind irrelevant for that reason as well.

George vaguely refers to "issues of material fact" (Doc. 80 at 2-4) but not only does he does not identify what those issues of material fact might be (aside from wanting to know the subjective state of mind of the defendants) but any such issues of material fact would only be relevant for ruling on the KDOC Defendants' dispositive motion (Doc. 60), not on their Motion to Stay Discovery. Genuine issues of material fact, if properly established in response to a motion for summary judgment, could prevent summary judgment from being granted. But any such issues, even if properly raised and established, would not undercut the KDOC Defendants' arguments that discovery should be stayed until the dispositive motion is resolved.

What is more, George has already filed a response to the dispositive motion, and not an affidavit under Rule 56(d), so George has waived any argument that summary judgment is improper due to insufficient discovery. *See Ezell v. Hininger*, No. 23-7007, 2024 WL 1109057, at *1 (10th Cir. Mar. 14, 2024) (holding that failing to file an affidavit under Rule 56(d) waives any argument, even by a pro se litigant, that summary judgment is improper due to insufficient discovery).

George refers to the "facts sought," the "information requested," and "the requested documents" (Doc. 80 at 3, 6), but he does not actually request any facts, information, or documents. And he does not identify any information that he could receive from discovery that might help him contest the KDOC Defendants' dispositive motion. George suggests allowing "partial discovery" or discovery in a "limited scope" or "limited nature." (Doc. 80 at 4, 6.) But

George has not shown why discovery should occur at all prior to resolution of the KDOC Defendants' fully briefed dispositive motion.

George suggests that the discovery process would speed the proceedings up (Doc. 80 at 3-4), but plainly a dismissal of the case prior to discovery would be a faster resolution. As the KDOC Defendants' Motion points out, this could help avoid burden and waste.

George cites several cases from outside this jurisdiction, which are not binding on this Court. (Doc. 80 at 5.) And their holdings do not apply. *Murphy* involves a need to identify defendants, but no unidentified defendants are present in this case. The remaining cases apply to discovery disputes during discovery. *Labounty* involves a failure to respond to discovery requests. *Castle* involves what materials are discoverable. And the *Beacon Hill* case (and Fed. R. Civ. P. 26(b)(5)(A), which George also cites) involves the adequacy of a privilege log. Discovery is not currently occurring here, so these cases about matters during discovery do not apply. None of the holdings cited by George involve a motion to stay discovery or immunity issues.

For these reasons and the reasons expressed in the KDOC Defendants' Motion to Stay Discovery (Doc. 72), the KDOC Defendants request that the Court grant their Motion in full.

    Respectfully submitted,

    KRIS W. KOBACH
    ATTORNEY GENERAL OF KANSAS

    */s/ Matthew L. Shoger*
    Matthew L. Shoger, KS No. 28151
    Assistant Attorney General
    Office of the Attorney General
    120 SW 10th Ave., 2nd Floor
    Topeka, Kansas 66612-1597
    matt.shoger@ag.ks.gov
    785-296-2215
    Fax: (785) 291-3767
    *Attorney for the KDOC Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of September, 2025, the foregoing document was filed with the clerk of the court by using the CM/ECF system, which will send notice of electronic filing to the following:

Katrina L. Smeltzer
Sandberg Phoenix & von Gontard, PC
4600 Madison Avenue, Suite 1000
Kansas City, MO 64112-3032
ksmeltzer@sandbergphoenix.com
*Attorney for Centurion Defendants*

Taylor John Jurgens
Sandberg Phoenix & von Gontard, PC
4600 Madison Avenue, Suite 1000
Kansas City, MO 64112-3032
tjurgens@sandbergphoenix.com
*Attorney for Centurion Defendants*

Jon D. Graves
Hutchinson Correctional Facility
P.O. Box 1568
Hutchinson, KS 67504-1568
jon.graves@ks.gov
*Attorney for Interested Party Kansas Department of Corrections*

Natasha M. Carter
Kansas Department of Corrections
714 SW Jackson Street, Suite 300
Topeka, KS 66603
natasha.carter@ks.gov
*Attorney for Interested Party Kansas Department of Corrections*

I also certify that a copy of the above will be served by means of first-class mail, postage prepaid, addressed to:

Lewis Michael George #81547
El Dorado Correctional Facility - Central
P.O. Box 311
El Dorado, KS 67042
*Plaintiff, pro se*

                                                    */s/ Matthew L. Shoger*
                                                    Matthew L. Shoger
                                                    Assistant Attorney General