IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LEWIS MICHAEL GEORGE,

      Plaintiff,

v.

VANESSA PAYNE-DELANO, et al.,

      Defendants.

Case No. 24-cv-3123-HLT-TJJ

**ORDER STAYING DISCOVERY AND PRETRIAL PROCEEDINGS**

This matter is before the Court on the Motion to Stay Discovery (ECF No. 72) filed by Defendants Firman, Luna, Buchanan, and Williams (the "KDOC Defendants") and Motion to Join KDOC Defendants' Motion to Stay Discovery (ECF No. 73) filed by Defendants Payne-Delano, Harrod, and Johnston (the "Centurion Defendants"). The KDOC Defendants request an order staying all discovery and any other related Rule 26 proceedings in this case, including any obligation to attend the scheduling conference or to issue or respond to any discovery, until the Court rules on their pending Motion to Dismiss or, in the Alternative, for Summary Judgment (ECF No. 60). The Centurion Defendants join the KDOC Defendants' motion and request the Court stay all discovery and other related Rule 26 proceedings until a ruling on both their own motion to dismiss (ECF No. 45) and the KDOC Defendants' dispositive motion. Plaintiff opposes the requested stay. As explained below, the Court grants the motions.

**I. Background**

Plaintiff, who is incarcerated and proceeding *pro se* and *in forma pauperis*, filed this civil rights action under 42 U.S.C. § 1983, alleging Defendants were deliberately indifferent to his medical needs. Plaintiff's claims relate to the medical care he received on July 7, 2023, at El

Dorado Correctional Facility. Plaintiff alleges that there was an unreasonable delay in receiving pain medication and in determining that he had appendicitis. The Court has found that this matter survives statutory screening under 28 U.S.C. § 1915A.[1] On August 13, 2025, the Court entered an initial order setting a scheduling/status conference on September 30, 2025, but did not require the parties to hold a planning conference pursuant to Fed. R. Civ. P. 26(f), submit a proposed Scheduling Order, or exchange Fed. R. Civ P. 26(a)(1) initial disclosures.[2]

## II.    Legal Standard for Motion to Stay Discovery

The decision to stay discovery and other pretrial proceedings is firmly vested in the sound discretion of the trial court.[3]  The Tenth Circuit, however, has held that "the right to proceed in court should not be denied except under the most extreme circumstances."[4] Thus, the longstanding "general policy in this district is not to stay discovery even though dispositive motions are pending."[5]

---

[1] *See* Mar. 20, 2025 Mem. & Order (ECF No. 39).

[2] *See* Initial Order Regarding Planning and Scheduling (ECF No. 71).

[3] *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963); *McCoy v. United States*, No. 07-2097-CM, 2007 WL 2071770, at *2 (D. Kan. July 16, 2007).  *See also Clinton v. Jones*, 520 U.S. 681, 706–07 (1997) (district court has broad discretion to stay proceedings as an incident to its power to control its own docket).

[4] *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983).

[5] *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994); *Kutilek v. Gannon*, 132 F.R.D. 296, 297 (D. Kan. 1990); *Kehler v. Ward*, No. 21-3251-HLT-ADM, 2022 WL 6993001, at *2 (D. Kan. Oct. 12, 2022).

Although the general policy of this district is to proceed with discovery despite pending dispositive motions, there are recognized exceptions to this general rule.[6] A stay may be appropriate, however, if "(1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity from suit."[7]

A stay of discovery may also be appropriate when the party requesting it has filed a dispositive motion asserting absolute or qualified immunity.[8] In that instance, a defendant is entitled to have the question of immunity resolved before being required to engage in discovery and other pretrial proceedings.[9] Immunity from suit is a "broad protection" that grants government officials "a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery.'"[10] A defendant is therefore generally entitled to have immunity questions

---

[6] *Hoedel v. Kirk*, No. 19-2443-HLT, 2020 WL 3892965, at *1 (D. Kan. July 10, 2020) (citations omitted).

[7] *Grissom v. Palm*, No. 19-3178-EFM-ADM, 2021 WL 147255, at *2 (D. Kan. Jan. 15, 2021).

[8] *Toney v. Harrod*, No. 15-CV-3209-EFM-TJJ, 2018 WL 5830398, at *2 (D. Kan. Nov. 7, 2018).

[9] *See Siegert v. Gilley*, 500 U.S. 226, 232–33 (1991) ("One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit."); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (when a defendant asserts qualified immunity, the court should grant the defendant's request for a stay of discovery until the immunity issue is resolved).

[10] *Medina v. Cram*, 252 F.3d 1124, 1127 (10th Cir. 2001) (quoting *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996)) (discussing qualified immunity).

resolved before being required to engage in discovery.[11] Otherwise, a defendant who is entitled to immunity would be effectively deprived of its benefit.[12]

### III.  A Stay During the Pendency of the Motions to Dismiss is Appropriate in this Case

In support of their motion to stay, the KDOC Defendants state they have filed a Motion to Dismiss or, in the Alternative, for Summary Judgment that seeks dismissal of Plaintiff's Section 1983 claims against them for lack of subject-matter jurisdiction (due to Eleventh Amendment immunity and lack of standing) and for failure to state a claim (in light of qualified immunity). The motion alternatively seeks summary judgment on Plaintiff's Section 1983 claims due to failure to exhaust administrative remedies. The KDOC Defendants ask the Court to stay discovery until issuance of a ruling on their motion because it raises threshold issues likely to dispose of the claims in the case and issues of Defendants' immunity.

Plaintiff filed a response (ECF No. 80) opposing the motions to stay discovery. He argues it is within the Court's power to allow discovery (even in limited scope) to clarify the issues raised and needed to rule on the pending motions to dismiss. He insists he should be allowed discovery on Defendants' conduct related to the issues/defenses of qualified immunity/sovereign immunity and specifically on the question "what were the defendants thinking at the time of their actions?"

---

[11] *Grissom*, 2021 WL 147255, at *2.

[12] *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed."); *Siegert*, 500 U.S. at 232 (treating immunity as a threshold issue allows a court "to weed out suits . . . without requiring a defendant who rightly claims qualified immunity to engage in expensive and time consuming preparation to defend the suit on its merits").

After reviewing the relevant pleadings, the Court concludes that a stay of discovery and pretrial proceedings—until the District Judge rules on the KDOC Defendants' pending motion to dismiss—is appropriate. In their pending dispositive motion, the KDOC Defendants have asserted Eleventh Amendment and qualified immunity as bases for dismissal or entry of summary judgment on Plaintiff's claims. Because the KDOC Defendants have raised Eleventh Amendment and qualified immunity in their motion to dismiss, they are entitled to have these immunity issues resolved before being required to engage in potentially expensive and time-consuming discovery and other pretrial proceedings.

Although Plaintiff opposes the motions to stay and argues he should be allowed discovery on Defendants' conduct related to the issues/defenses of qualified immunity/sovereign immunity, he does not explain how this discovery might help him contest the immunity issues raised in the KDOC Defendants' dispositive motion. While limited discovery may sometimes be necessary on the issue of qualified immunity at the summary judgment stage, it must be tailored to allow the court to determine any factual issue that is presented by the motion.[13] The Court has reviewed the KDOC Defendants' motion to dismiss and determines that the questions presented therein do not require discovery on what Defendants were "thinking at the time of their actions." The Court notes that a Martinez Report (ECF No. 32), with thirty exhibits, has been prepared and filed in this case and Plaintiff has already filed his response to the KDOC Defendants' motions to dismiss (ECF No. 69). Plaintiff has not shown a need for any limited discovery on the matters and issues raised

---

[13] *Matson v. Hrabe*, No. 11-3192-JAR, 2012 WL 5362957, at *3 (D. Kan. Oct. 31, 2012). *See also* Fed. R. Civ. P. 56(d) (providing that the court may "allow time to obtain affidavits or declarations or to take discovery" if the party opposing summary judgment "cannot present facts essential to justify its opposition").

in the KDOC's pending dispositive motion. Accordingly, the Court grants the KDOC Defendants' motion to stay discovery until the Court has decided the motion to dismiss or for summary judgment.

The Centurion Defendants also request a stay of all discovery and pretrial proceedings until the Court rules on both their and the KDOC Defendants' motions to dismiss. The Centurion Defendants' motion to dismiss seeks dismissal of Plaintiff's claims for failure exhaust his administrative remedies under the Prison Litigation Reform Act. Although the Centurion Defendants do not raise immunity defenses in their motion to dismiss but only seek dismissal of Plaintiff's claims for failure to exhaust administrative remedies, the Court finds this is a threshold issue—also raised in the KDOC Defendants' motion to dismiss—that should be resolved before requiring the parties to proceed with discovery and pretrial proceedings. It would be inefficient and impractical to allow pretrial proceedings and discovery to proceed against the Centurion Defendants it while stayed with respect to the KDOC Defendants. Therefore, in the interests of Fed. R. Civ. P. 1 to "secure the just, speedy, and inexpensive determination" of his action, the Centurion Defendants' motion to stay discovery is also granted and the stay extended to them as well.

**IT IS THEREFORE ORDERED** that the KDOC Defendants' Motion to Stay Discovery (ECF No. 72) and the Centurion Defendants' Motion to Join KDOC Defendants' Motion to Stay Discovery (ECF No. 73) are **GRANTED**. All discovery and other related Rule 26 proceedings, deadlines, and requirements in this case—including the <u>September 30, 2025 telephone scheduling/status conference</u>—are hereby stayed with respect to <u>all parties</u> until the District Judge rules on the KDOC Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment (ECF No. 60) and the Centurion Defendants' Motion to Dismiss (ECF No. 45).

**IT IS FURTHER ORDERED** that if either motion to dismiss is denied, or any claims or Defendants remain in the case after the District Judge's ruling, counsel for the remaining Defendant(s) shall email the chambers of the Magistrate Judge, **within seven (7) days of the ruling**, with suggested dates for resetting a scheduling conference.

A paper copy of this Order will be mailed to Plaintiff and the Notice of Electronic Filing (NEF) emailed to the El Dorado KDOC email account.

IT IS SO ORDERED.

Dated September 18, 2025, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge